Jason S. Hartley (CA Bar No. 192514)
STUEVE SIEGEL HANSON LLP
550 West C Street, Suite 1750
San Diego, CA 92101
Phone: (619) 400-5822
Fax: (619) 400-5832
*hartley@stuevesiegel.com*
Attorneys for Plaintiffs
*[See Additional Counsel on Signature Page]*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACHELLA SELF STORAGE, LLC; JAMES PILCHER; SUSAN PILCHER; MARTIN WELLS and SUSAN WELLS as trustees of the MARTIN & SUSAN WELLS REVOCABLE TRUST; and CHARLES SERRANO and BARBARA SLOAN as trustees of the CHARLES SERRANO AND BARBARA SLOAN 2012 REVOCABLE TRUST, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, successor to SOUTHERN PACIFIC TRANSPORTATION COMPANY; SFPP, L.P., previously known as SANTA FE PACIFIC PIPELINES, INC., previously known as SOUTHERN PACIFIC PIPELINES, INC.; KINDER MORGAN OPERATING L.P. "D"; and KINDER MORGAN G.P., INC.,<br>              Defendants. | CASE NO. SACV15-718 JVS (DFMx)<br><br>**PLAINTIFFS' CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**<br><br><br>Date:     September 1, 2015<br>Time:     9:00 a.m.<br>Courtroom: Courtroom 10C-Santa Ana<br>Judge:    Hon. James V. Selna |

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................1

II.  ARGUMENT AND AUTHORITIES ...................................................2

   A.  Legal Standard ...........................................................................2

   B.  Plaintiffs Own the Land Beneath Union Pacific's Right-of-Way .................3

     1.  Plaintiffs Sufficiently Assert an Ownership Interest in the Subsurface of Union Pacific's Right-of-Way .................3

     2.  Under the Center Line Rule, Plaintiffs Own the Subsurface Beneath Union Pacific's Tracks .................4

   C.  Plaintiffs Have Adequately Alleged Claims for Quiet Title, Slander of Title, and Ejectment .................5

     1.  Plaintiffs are Not Required to Separate Their Causes of Action .................5

     2.  Plaintiffs' Quiet Title, Slander of Title, and Ejectment Claims are Sufficiently Pled .................6

       i.  Plaintiffs Allege a Sufficient Description of the Property .................7

       ii.  Plaintiffs' Title Allegations are Satisfactory .................8

       iii. Plaintiffs Adequately Plead Adverse Claims to their Title .................8

       iv. The Date Determination of Title is Sought is the Court of Appeals' Decision or Date of the Complaint .................9

       v.  Plaintiffs Sufficiently Pray for Relief Against Defendants' Adverse Claims .................10

   D.  Defendants Misread Plaintiffs' UCL Claim .................12

   E.  Alternatively, Plaintiffs Request Leave to Amend .................17

III. CONCLUSION .................17

i

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................2

*Bautista v. L.A. Cnty.*, 216 F.3d 837 (9th Cir. 2000) .................................5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................2

*Buford v. United States*, 103 Fed. Cl. 522 (2012) ......................................4

*Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663 (2006) ...............13

*Conley v. Gibson*, 355 U.S. 41 (1957) .......................................................2

*Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163 (2000)..................14

*Couch v. Morgan Stanley & Co. Inc.*, No. 1:14-CV-0010,
2014 WL 1577463 (E.D. Cal. Apr. 18, 2014) ..........................................15

*Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226 (S.D. Cal. 2009) ...............6

*Deutsche Bank Nat. Trust Co. v. McGurk*, 206 Cal. App. 4th 201 (2012)...............9

*Faus v. Nelson*, 241 Cal. App. 2d 320 (Cal. Ct. App. 1966) ........................4

*Freeman v. Affiliated Prop. Craftsmen*, 72 Cal. Rptr. 357 (Cal. Ct. App. 1968)......4

*Gardner v. Am. Brokers Conduit*, No. 1:12-CV-00555 AWI,
2012 WL 2923495 (E.D. Cal. July 17, 2012).............................................8

*Hanna v. Plumer*, 380 U.S. 460 (1965) .......................................................6

*Hart v. Baca*, No. CV0101866DDP(SHX), 2002 WL 368529
(C.D. Cal. Feb. 26, 2002) ............................................................................5

*Jackson v. Sturkie*, 255 F. Supp. 2d 1096 (N.D. Cal. 2003)...................17

*Juarez v. Arcadia Fin., Ltd.*, 152 Cal. App. 4th 889 (2007)....................14

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003).......... passim

*Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)...........................2

*Lozano v. AT & T Wireless Services, Inc.*, 504 F.3d 718 (9th Cir. 2007) ...............14

*Luxpro Corp. v. Apple Inc.*, No. C 10–03058 JSW,
    2011 WL 3566616 (N.D. Cal. Aug. 12, 2011) ............................................... 13, 15

*Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440 (2005) .............................13

*New Orleans & Northeastern R.R. v. Morrison*,
    203 Miss. 791, 35 So.2d 68 (1948) ..........................................................4

*Pearson v. Green Tree Servicing, LLC*, No. 14-CV-04524-JSC,
    2015 WL 632457 (N.D. Cal. Feb. 13, 2015)...................................................17

*Quigley v. American Claims Services, Inc.*, No. 2:13–cv–01766–KJM–EFB,
    2015 WL 1258563 (E.D. Cal. Mar. 18, 2015).................................................13

*Rau v. Mission Ranch Primary Care*, No. 2:13–cv–00371–KJM–CMK,
    2013 WL 3199318 (E.D. Cal. June 21, 2013) ................................................15

*SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176 (S.D. Cal. 2012) ............15

*Vargas v. HSBC Bank USA, N.A.*, No. 11-CV-2729 BEN RBB,
    2012 WL 3957994 (S.D. Cal. Sept. 10, 2012) ...........................................6, 7

*Zambrano v. CarMax Auto Superstores, LLC*, No. 13CV2107-WQH-JLB,
    2014 WL 6751065 (S.D. Cal. Dec. 1, 2014) ................................................17

**Statutes**

Cal. Civ. Code § 831 ........................................................................4

Cal. Civ. Code § 1112 ......................................................................4

Cal. Civ. Proc. Code § 761.020 ...................................................... 6, 7, 8, 9

Cal. Bus. & Prof. Code § 17200 ...........................................................1

**Rules**

Fed. R. Civ. P. 8 ........................................................................6, 7

iii

1   Plaintiffs Coachella Self Storage, LLC, James Pilcher, Susan Pilcher, Martin
2   Wells and Susan Wells as trustees of the Martin & Susan Wells Revocable Trust,
3   and Charles Serrano and Barbara Sloan as trustees of the Charles Serrano and
4   Barbara Sloan 2012 Revocable Trust ("Plaintiffs"), file this Consolidated
5   Opposition to Defendant Union Pacific Railroad Company's ("Union Pacific" or
6   the "Railroad"), Motion to Dismiss (Doc. No. 38) and Defendants SFPP, L.P.,
7   Kinder Morgan Operating L.P. "D", and Kinder Morgan G.P., Inc.'s (collectively,
8   "SFPP" or the "Pipeline") (all defendants collectively, "Defendants") Motion to
9   Dismiss and Motion to Strike (Doc. No. 39) (collectively, Doc. Nos. 38 and 39,
10  "Motions").

11  **I.    <u>INTRODUCTION</u>**

12      Other than SFPP's mistaken belief that Plaintiffs did not adequately allege
13  an ownership interest in the subsurface beneath Union Pacific's right-of-way—
14  which is flat wrong factually and contrary to well-established law—both SFPP and
15  Union Pacific take issue only with: (1) California state court pleading technicalities
16  related to Plaintiffs' quiet title, slander of title, and ejectment causes of action and
17  (2) Plaintiffs' requested relief for Defendants' violations of California Business
18  and Professions Code § 17200 ("UCL").[1] Contrary to Defendants' Motions,
19  Plaintiffs have adequately alleged facts supporting their quiet title, slander of title,
20  and ejectment claims.  Further, the state court procedural requirements invoked by
21  Defendants do not apply in federal court. Defendants also attempt to twist
22  Plaintiffs' request for "restitution damages" under the UCL as seeking non-
23  restitutionary disgorgement, but Plaintiffs' Second Amended Class Action

24  _____

25  [1] Defendants do not move to dismiss Plaintiffs' claims for declaratory judgment,
26  trespass, or quasi contract (except as to SFPP's global argument that Plaintiffs have
    not adequately asserted an ownership interest in the property beneath Union
27  Pacific's surface easement). *See generally* Doc. Nos. 38-39.

28                                                1

PLAINTIFFS' CONSOLIDATED OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS

Complaint ("Complaint" or "Compl.") demonstrates that Plaintiffs are seeking permitted relief. Additionally, Plaintiffs' request for attorneys' fees relating to their UCL claim is entirely proper.

Alternatively, considering the vast majority of Defendants' complaints relate to pleading technicalities as opposed to the underlying facts that inform the merits of their claims, should this Court believe Plaintiffs' Complaint is deficient in any respect, Plaintiffs respectfully request the opportunity to amend.

## II.   ARGUMENT AND AUTHORITIES

### A.   Legal Standard

Rule 8(a)(2) requires a pleading to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court "clarified" this pleading standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), by holding that, to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, that when taken as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In reviewing a complaint, the court must accept the truth of all factual allegations. *Iqbal*, 556 U.S. at 678. Although mere legal conclusions and "a formulaic recitation of the elements of a cause of action" will not suffice, *Twombly*, 550 U.S. at 555, the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In short, and contrary to what Defendants' arguments suggest, neither the Supreme Court nor the Ninth Circuit read Rules 8 or 12(b)(6) to require heightened fact pleading of specifics. *Id.* at 569 & 585 (holding "we do not require heightened fact pleading of specifics"); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 924 (9th Cir. 2012) (noting *Iqbal* "does not require us to flyspeck complaints looking for any gap in the facts").

2

**B.      Plaintiffs Own the Land Beneath Union Pacific's Right-of-Way**

Grasping for a theory under which to request that the Court dismiss this entire case, SFPP takes the unsupportable position that Plaintiffs have not adequately alleged an ownership interest in the subsurface beneath Union Pacific's right-of-way. SFPP is incorrect for two reasons: (1) Plaintiffs have explicitly stated an ownership interest in the subsurface beneath Union Pacific's surface easement and (2) under the "center line rule," a land owner owning land adjacent to a railroad right-of-way is presumed to own the property to the center of the railroad tracks, including the subsurface.

**1.      Plaintiffs Sufficiently Assert an Ownership Interest in the Subsurface of Union Pacific's Right-of-Way**

In its Motion, SFPP argues "[a]t best, Plaintiffs allege that they own property **adjacent** to Union Pacific's right-of-way. But owning parcels of land adjacent to the right-of-way is not sufficient to maintain claims related to the presence of pipeline **underneath** the right-of-way." Doc. No. 39-1 at 2 (emphasis in original). Contrary to SFPP's arguments, several times throughout the Complaint Plaintiffs unambiguously state they own land beneath Union Pacific's right-of-way. For example, Plaintiffs specifically assert "they are the true owners of the property ***underneath the Railroad's right-of-way***." Compl. ¶ 13 & 58 (emphasis added). Moreover, Plaintiffs' proposed Class definition unequivocally alleges that Plaintiffs and the Class own the property beneath Union Pacific's right-of-way: "All landowners who own land in fee adjacent to and ***underlying the railroad easement*** under which the pipeline is located within the State of California." *Id.* at ¶ 59 (emphasis added).

Setting aside these clear statements of ownership of the subsurface, a plain reading of Plaintiffs' Complaint abundantly demonstrates that Plaintiffs are claiming an ownership interest in the subsurface of the right-of-way. Indeed, the

3

central focus of Plaintiffs' Complaint is that Defendants trespassed on and were unjustly enriched by the use of Plaintiffs' subsurface property due to Union Pacific's purported easements of the property beneath its tracks to SFPP to build and maintain a pipeline. Thus, SFPP's assertion that Plaintiffs' Complaint is devoid of allegations that they own the subsurface beneath Union Pacific's right-of-way is false. For this reason alone, the Court should deny SFPP's motion to dismiss the entire complaint.

### 2.    Under the Center Line Rule, Plaintiffs Own the Subsurface Beneath Union Pacific's Tracks

Nonetheless, had Plaintiffs only claimed an ownership interest of land adjacent to Union Pacific's easement—as SFPP contends—under the center line rule Plaintiffs are presumed to own property to the center of the railroad right-of-way, including the subsurface beneath the right-of-way. It is well-established that an owner of land bounded by a railway easement is presumed to own to the center of the easement. *See Faus v. Nelson*, 241 Cal. App. 2d 320, 324 (Cal. Ct. App. 1966) (citing Cal. Civ. Code §§ 831 & 1112); *see also Freeman v. Affiliated Prop. Craftsmen*, 72 Cal. Rptr. 357, 364 (Cal. Ct. App. 1968) (holding the center line rule applies to railroad corridors). Consequently, even under SFPP's mistaken belief that Plaintiffs are only alleging they own land *adjacent* to Union Pacific's right-of-way, under the center line rule, Plaintiffs are presumed to own the land to the center of Union Pacific's easement, including the subsurface. *See, e.g.*, *Buford v. United States*, 103 Fed. Cl. 522, 528 (2012) (citing *New Orleans & Northeastern R.R. v. Morrison*, 203 Miss. 791, 35 So.2d 68, 71 (1948) (conveyances carry title in fee to the center line of the easement as to subsurface minerals and reversionary rights to the surface)). Thus, SFPP's Motion regarding Plaintiffs' ownership interest should be denied.

PLAINTIFFS' CONSOLIDATED OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS

**C.     Plaintiffs Have Adequately Alleged Claims for Quiet Title, Slander of Title, and Ejectment**

Defendants complain that Plaintiffs' quiet title, slander of title, and ejectment claims are unclear because they are contained in a single count and do not satisfactorily state the specific elements of each claim. Also, Defendants contend that Plaintiffs' quiet title claim should be verified in accordance with California state procedural rules. Defendants' arguments are without merit.

**1.     Plaintiffs are Not Required to Separate Their Causes of Action**

Considering the extensive factual overlap regarding Plaintiffs' quiet title, slander of title, and ejectment claims, Plaintiffs opted for the simplistic approach to plead these three claims within a single count. A "plaintiff is not required to divide the complaint into separate counts as long as the pleadings put the opposing party on notice of the claims." *Hart v. Baca*, No. CV0101866DDP(SHX), 2002 WL 368529, at *1 (C.D. Cal. Feb. 26, 2002). Moreover, because the factual allegations in Plaintiffs' quiet title, slander of title, and ejectment claims arise out of the same transactions and occurrences, it is perfectly proper to plead these claims in a single count. *See Bautista v. L.A. Cnty.*, 216 F.3d 837, 840-41 (9th Cir. 2000) ("Courts have required separate counts where multiple claims are asserted, ***where they arise out of separate transactions or occurrences***, and where separate statements will facilitate a clear presentation.") (citing 5 Wright & Miller, Federal Practice And Procedure: Civil 2d § 1324). Essentially, Plaintiffs' quiet title, slander of title, and ejectment causes of action are based on Defendants' wrongful occupancy of, and invalid claims that they own, Plaintiffs' and the Class Members' land. Accordingly, due to the overlapping facts, Plaintiffs are entitled to plead their claims within a single count as opposed to needlessly repeating many of the same allegations.

1
2

>    **2.**     **Plaintiffs' Quiet Title, Slander of Title, and Ejectment Claims are**
>    **Sufficiently Pled**

3
4

Contrary to Defendants' arguments, Plaintiffs' claims for quiet title, slander of title, and ejectment are sufficiently pled.

5

(a) Quiet Title

6
7
8
9
10
11
12
13
14
15
16

Defendants allege "[t]o state a claim to quiet title, a *complaint must be verified* and include (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims." Doc. Nos. 38-1 at 3 & 39-1 at 6-7 (emphasis added by Defendants) (citing *Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1237 (S.D. Cal. 2009); Cal. Civ. Proc. Code § 761.020).  Defendants claim that Plaintiffs' quiet title claim should be dismissed because it is not verified and does not allege factual allegations satisfying every single one of the above elements.

17
18
19
20
21
22
23
24
25
26
27

Judge Roger Benitez of the Southern District of California called these exact same arguments "frivolous." *Vargas v. HSBC Bank USA, N.A.*, No. 11-CV-2729 BEN RBB, 2012 WL 3957994, at *10 (S.D. Cal. Sept. 10, 2012). Judge Benitez points out that pleadings in federal court are governed by Federal Rule of Civil Procedure Rule 8, which only requires a "short and plain statement of the claim." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). That a state court "requires something different by its rules of procedure is of no importance." *Id.*; *see also Hanna v. Plumer*, 380 U.S. 460, 473 (1965) ("*Erie* [*v. Tompkins*] and its offspring cast no doubt on the long-recognized power of Congress to prescribe housekeeping rules for federal courts even though some of those rules will inevitably differ from comparable state rules.").

28

6

In *Vargas*, the court determined that "[u]nder *Erie*, Plaintiffs' need not satisfy the pleading requirements of California's state courts. Plaintiffs have, on the other hand, met the Fed. R. Civ. P. Rule 8 required short and plain statement of their claim for quiet title relief." 2012 WL 3957994, at *10. Additionally, the *Vargas* court rejected the defendants' contention that the quiet title complaint must be verified, because the pleading requirements of California's state courts did not apply in federal court. *See id.*

Just as in *Vargas*, Plaintiffs are not bound by California state court pleading requirements. Defendants' attempt to force Plaintiffs to strictly comply with California state court procedural rules is erroneous and runs counter to the common-sense notice pleading standard applicable here. Because the action is in federal court and Plaintiffs' quiet title pleadings comply with Rule 8, Defendants' Motions regarding the quiet title claim should be denied.

Nevertheless, other than the verification requirement, Plaintiffs have satisfied all California state court pleading elements, even though Defendants, without any explanation whatever, simply conclude that Plaintiffs have not.

### i.    *Plaintiffs Allege a Sufficient Description of the Property*

Defendants argue that Plaintiffs "do not adequately describe the property in which they seek to quiet title." Doc. Nos. 38-1 at 3 & 39-1 at 7. But the Law Revision Commission Comments to California Civil Procedure Code § 761.020, which contains the elements of a quiet title claim according to Defendants, provide "[u]nder subdivision (a), the description of the property must be sufficiently precise to enable the defendants to identify the property." Cal. Civ. Proc. Code § 761.020 cmt. Each named Plaintiff specifically pleads the tax parcel number or numbers for their properties, which then can be inputted in publicly available databases to obtain the property's street address, legal description, or both. *See* Compl. at ¶¶ 14-17. Indeed, SFPP attaches to its Motion alleged property maps for

7

each Plaintiff obtained from the tax parcel number provided by Plaintiffs. *See* Doc. No. 39-1 at 4 & 39-3, 39-4, 39-5, 39-6, 39-7, 39-8 & 39-9. Moreover, Plaintiffs describe the location of the Class Members' property: "adjacent to and underlying the railroad easement under which the pipeline is located within the State of California." *See id.* at ¶ 59. Significantly, Defendants do not—and cannot— genuinely claim that they are unable to identify the location of Plaintiffs' property. *See generally* Doc. Nos. 38-1 & 39-1. The Complaint satisfies this first element.

### ii.    *Plaintiffs' Title Allegations are Satisfactory*

Defendants also argue that Plaintiffs have not set forth the "basis for their title in the property." Doc. Nos. 38-1 at 3 & 39-1 at 7. "Subdivision (b) does not require that the plaintiff claim a fee or other freehold interest in the property; any interest is sufficient." Cal. Civ. Proc. Code § 761.020 cmt.; *see also Gardner v. Am. Brokers Conduit*, No. 1:12-CV-00555 AWI, 2012 WL 2923495, at *2 (E.D. Cal. July 17, 2012) ("In order to properly plead element (b), the basis of title, Plaintiff must allege he is the rightful owner of the property"). Plaintiffs plead that they are the "fee owners" of the subsurface underneath Union Pacific's right-of-way, which means they are the rightful owners of the disputed property. Compl. at ¶¶ 14-17, 47, 59, & 99. Nothing more is required. The second element of a quiet title action is met in the Complaint.

### iii.    *Plaintiffs Adequately Plead Adverse Claims to their Title*

Defendants' cursory contention that Plaintiffs do not clearly state the adverse claims to title is disingenuousness. Doc. Nos. 38-1 at 3 & 39-1 at 7. "Subdivision (c) requires the naming of specific adverse claims as to which the plaintiff seeks to quiet title." Cal. Civ. Proc. Code § 761.020 cmt. The entire gist of the lawsuit is that Defendants, without authorization, granted alleged easements and entered into agreements regarding Plaintiffs' subsurface. *See generally* Compl. In fact, multiple times throughout the Complaint, including in the quiet title count,

8

Plaintiffs allege that Defendants entered into purported easements and agreements whereby SFPP would install and maintain pipeline underneath Union Pacific's right-of-way in contravention of Plaintiffs' and Class Members' fee ownership interests. *See, e.g.*, *id.* at ¶¶ 6, 46, 48, 53, 58, 99, & 100. Because the Complaint clearly sets forth the adverse claims in which Plaintiffs seek to quiet title, Defendants' arguments are totally baseless. The third element is adequately alleged in the Complaint.

### iv.    The Date Determination of Title is Sought is the Court of Appeals' Decision or Date of the Complaint

Next, Defendants state Plaintiffs do not state the date as of which "determination is sought." Doc. Nos. 38-1 at 3 & 39-1 at 7. "Subdivision (d) is intended to permit a title determination as of a date prior to the date of the action." Cal. Civ. Proc. Code § 761.020 cmt. "The date is to be the date of filing the complaint or, if the plaintiff so chooses, an earlier date." *Deutsche Bank Nat. Trust Co. v. McGurk*, 206 Cal. App. 4th 201, 213 (2012) (citing Cal. Law Revision Com. com., Deering's Ann. Code Civ. Proc. (1996 ed.) foll. § 761.020, p. 66.). "Thus, in a quiet title action, the trial court's judgment adjudicates title as of a date prior to the judgment; the court's determination establishes title as of the date of the complaint (or some earlier date)." *Id.* ("A quiet title judgment does not provide that a party 'was and is the owner' of a property 'from [a specific] date forward.' Instead, it adjudicates the state of title as of the date the quiet title complaint was filed, or a specified prior date."). "In other words, a quiet title action resolves the state of title, as of the date of the complaint (or an earlier date)." *Id.* at 206, n. 4. In the present action, Plaintiffs alleged that the earliest they could have learned of the adverse claims was November 5, 2014 when the 2nd District Court of Appeal of California issued its opinion. *See* Doc. No. 34 at ¶ 56. Alternatively, the default date the determination is sought is the date the lawsuit was filed, May 5, 2015. *See*

9

Doc. No. 1. Consequently, Plaintiffs have alleged a date of determination, but regardless do not need to allege a specific date of determination, because the date of the Complaint would control. The fourth element of a quiet title claim is satisfied.

### v.   Plaintiffs Sufficiently Pray for Relief Against Defendants' Adverse Claims

Finally, Defendants claim the Complaint lacks a prayer requesting the determination of title for Plaintiffs on the adverse claims. Doc. Nos. 38-1 at 3 & 39-1 at 7. But Plaintiffs and the Class specifically "request a judgment in their favor that their title to the property underneath Defendant Railroad's right-of-way is superior to the purported claims of Defendants." Compl. at ¶ 104. Consequently, because all five elements are alleged in Plaintiffs' Complaint, Plaintiffs have adequately pleaded a claim for quiet title under California law.

(b) Slander of Title

Defendants contend the elements of slander of title are "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." Doc. Nos. 38-1 at 4 & 39-1 at 7-8. Defendants only appear to claim that Plaintiffs did not satisfy the first element. *See* Doc. Nos. 38-1 at 4 & 39-1 at 8. (Defendants' other complaint—that Plaintiffs did not plead ownership of and the basis of their title of the subsurface of the right-of-way—is disproved in the above ownership and quiet title sections, which further demonstrates the overlapping elements of these claims. *See supra* §§ II(A) & II(B)(2)(a)).

Regarding the first element, Defendants argue that Plaintiffs give no information about the content of the agreements between Defendants and publicly-filed and published documents, such as the "how, when and where they were made." *See* Doc. Nos. 38-1 at 4 & 39-1 at 8. As for the agreements between the

10

Defendants, Plaintiffs plead sufficient factual allegations to put Defendants on notice regarding the agreements. *See* Compl. at ¶¶ 31-36. For example, Plaintiffs allege Union Pacific and SFPP "entered into master agreements in 1955 and 1956 wherein the Railroad rented portions of the subsurface under its right-of-way to the Pipeline" and that Union Pacific recognized its limited ownership in the subsurface, yet continued to grant purported easements to SFPP. *See id.* at ¶¶ 6, 32, & 35-36. Indeed, SFPP's apparent confusion as to the agreements Plaintiffs are referencing is belied by its own Motion where it specifically points to the "Amended and Restated Easement Agreement ("AREA")" that "puported to grant" SFPP "approximately 1,850 miles of subsurface pipeline easements in California and five other western states underneath Union Pacific's railroad right-of-way." Doc. No. 39-1 at 1.

Moreover, Plaintiffs' Complaint can reasonably be construed to allege that Union Pacific took the position (and apparently continues to take the position) before the California courts that it owns the property beneath its tracks—not Plaintiffs and the Class. *See id.* at ¶¶ 42-45. Because Plaintiffs' allegations sufficiently put Defendants on notice regarding their slander of title claim, Defendants' attack on Plaintiffs' slander of title claim should be denied.

(c) Ejectment

Defendants assert the elements for an ejectment claim are: "(1) the plaintiff's ownership of some interest in real property; (2) the defendant's possession and withholding of the property; and (3) damage to the plaintiff, if any." Doc. Nos. 38-1 at 5 & 39-1 at 8. Defendants argue Plaintiffs have not pleaded an ownership interest in the subsurface of Union Pacific right-of-way where SFPP's pipeline is located, "much less possession and the withholding of Plaintiffs' property and resulting damage." *See* Doc. Nos. 38-1 at 5 & 39-1 at 8-9. Defendants' arguments miss the mark.

11

Defendants' (mainly SFPP's) misunderstanding of Plaintiffs' allegations regarding ownership of the subsurface under Union Pacific's tracks appears to plague their arguments regarding ejectment. First, and yet again, Plaintiffs specifically claim an ownership interest in the property under Union Pacific's easement (as well as pursuant to the center line rule). *See supra* at § II(A). Second, a pipeline was installed on Plaintiffs' property—in the subsurface beneath Union Pacific's right-of-way—by SFPP based on unauthorized permission from Union Pacific. *See* Compl. at ¶¶ 14-17, 47-48, 53-54, & 100. Third, Plaintiffs specifically allege damages for loss of use of their property and loss in marketable value of their property and further request possession of the land and rents and profits associated with Defendants' unlawful use of Plaintiffs' property and the reasonable cost of repair or restoration of the property to its original condition. *See id.* at ¶¶ 103-04. Consequently, because Plaintiffs have stated factual allegations supporting each element of an ejectment claim, Defendants' Motions should be denied.

**D. Defendants Misread Plaintiffs' UCL Claim**

Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). SFPP appears to claim Plaintiffs are improperly seeking damages under their UCL claim because they seek "the benefits and profits that were unfairly or unlawfully obtained by Defendants." Doc. No. 39-1 at 9. But SFPP's quote is incomplete and misleading. Plaintiffs are requesting an award of "**restitution** damages for the benefits and profits that were unfairly or unlawfully obtained by Defendants." Compl. at ¶ 110 (emphasis added). To the extent SFPP argues Plaintiffs are seeking remedies, such as damages, based on their UCL claim that are not permitted by the UCL, SFPP is wrong.

As an initial matter, "in the context of the UCL, 'restitution' is limited to the return of property or funds in which the plaintiff has an ownership interest (or is

12

claiming through someone with an ownership interest).” *Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440, 453 (2005). Cases cited by Defendants recognize that restitution damages for profits and benefits are recoverable under the UCL: “under the UCL, ‘an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest.’” *Quigley v. American Claims Services, Inc.*, No. 2:13–cv–01766–KJM–EFB, 2015 WL 1258563, at *6 (E.D. Cal. Mar. 18, 2015) (quoting *Korea Supply*, 29 Cal. 4th at 1148); *see also Luxpro Corp. v. Apple Inc.*, No. C 10–03058 JSW, 2011 WL 3566616, at *7 (N.D. Cal. Aug. 12, 2011) (“disgorgement of profits is allowed in Section 17200 claims only to the extent it constitutes restitution, i.e., profits unfairly obtained to the extent they represent money in which the plaintiff has an ownership interest”) (citing *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 699 (2006) (a plaintiff can seek money or property as restitution where such “money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant’s possession”) (citation omitted)); Doc. Nos. 38-1 at 6-7 & 39-1 at 10.

Simply put, Plaintiffs can recover restitution damages for benefits and profits under the UCL as long as Plaintiffs can prove an ownership interest in the benefits or profits. Such tracing proof, of course, is not required at the pleading stage, despite Defendants’ citation to *Quigley*, where the Eastern District of California granted summary judgment finding that the plaintiff was not entitled to restitution under the UCL because she “presented no evidence of an ownership interest” in any of the funds she was seeking to recover from the defendants. 2015 WL 1258563, at *6; *see also* Doc. Nos. 38-1 at 6 & 39-1 at 10. At this stage, Plaintiffs have properly pled a claim for restitution damages and are required to do no more.

13

Stepping outside Plaintiffs' pleading, both Defendants argue that Plaintiffs' restitution request amounts to nonrestitutionary disgorgement. *See* Doc. Nos. 38-1 at 5-6 & 39-1 at 9-10. SFPP contends it did not collect rent, but rather paid rent, which supposedly means Plaintiffs' request for "benefits and profits" must be nonrestitutionary disgorgement as Plaintiffs' focus could only be on SFPP's gain not the replacement of money or property. *See* Doc. No. 39-1 at 10. Of course, for example, SFPP ignores the obvious fact that its wrongful conduct is depriving Plaintiffs of their land, which under Plaintiffs' UCL claim, Plaintiffs are entitled to recover. *See Korea Supply*, 29 Cal. 4th at 1149 ("restitution is broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest."); *see also Juarez v. Arcadia Fin., Ltd.*, 152 Cal. App. 4th 889 (2007). Because Plaintiffs are entitled to recover the benefits of their real property from SFPP, SFPP's Motion regarding Plaintiffs' UCL claim should be denied.

As for Union Pacific, it argues Plaintiffs are seeking non-restitutionary disgorgement because "Plaintiffs are not seeking return of money they allegedly paid for the subsurface rights of land at issue." Doc. No. 38-1 at 6. If this Court adopts Union Pacific's rationale, it would be striking half the test set forth by the California Supreme Court. In *Korea Supply*, the California Supreme Court explained that "[t]he concept of restoration or restitution, as used in the UCL, is ***not limited only*** to the return of money or property that was once in the possession of that person." 29 Cal. 4th at 1149 (citing *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 176 (2000)). "Instead, restitution is broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest." *Id.* In fact, both the Ninth Circuit and California Supreme Court hold that "[r]estitution in the UCL context, however, includes restoring money or property that was *not necessarily in the plaintiff's possession*." *Lozano v. AT & T Wireless Services, Inc.*, 504 F.3d 718, 733 (9th Cir. 2007) (emphasis added) (citing *Juarez*,

14

152 Cal. App. 4th 889 (citing *Korea Supply*, 29 Cal. 4th at 1149)). Union Pacific's contention that Plaintiffs are not seeking the return of money paid for the subsurface, which supposedly means Union Pacific has nothing to return to Plaintiffs, severely limits the holding in *Korea Supply*. Union Pacific took Plaintiffs' property and leased it to SFPP. Under *Korea Supply*, Plaintiffs have a vested property ownership interest in rent payments collected for the use of their land.

Further, as far as a "vested interest" is concerned, Union Pacific argues Plaintiffs do not allege "that they expected to secure similar lease agreements or to profit from the transport of petroleum products." *See* Doc. No. 38-1 at 6. But Union Pacific relies upon cases involving lost expectancy interests, such as lost business opportunities.[2] Doc. No. 38-1 at 6-7 (citing *Korea Supply*, 29 Cal. 4th 1134 (plaintiff's UCL action related to a lost business opportunity); *Luxpro Corp.*, 2011 WL 3566616 (same); *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176 (S.D. Cal. 2012) (counter-plaintiff claimed lost business value, including lost profits, due to lost business opportunities); *Couch v. Morgan Stanley & Co. Inc.*, No. 1:14-CV-0010, 2014 WL 1577463 (E.D. Cal. Apr. 18, 2014) (plaintiff was seeking to recover future bonuses)). Union Pacific's authority is distinguishable considering Plaintiffs are fee owners of the land Union Pacific rented.

For example, in *Korea Supply*, a plaintiff who alleged a lost business opportunity due to the unfair practices of a competitor sought to obtain disgorgement of the competitor's profits. 29 Cal. 4th at 1140. The plaintiff alleged that the defendant's unfair business practices caused a company the plaintiff

---

[2] Except Union Pacific cites to one case which was dismissed because the plaintiff did not respond to the motion to dismiss. *See Rau v. Mission Ranch Primary Care*, No. 2:13–cv–00371–KJM–CMK, 2013 WL 3199318 (E.D. Cal. June 21, 2013) ("[p]laintiff's only response is that defendants' motion to dismiss this claim should be denied because defendants simply do not want to answer the complaint").

15

represented to lose a contract with the Republic of Korea. *Id.* When the Republic of Korea awarded the contract to the defendant, the plaintiff lost the opportunity to obtain a commission it would have earned if the Republic of Korea had awarded the contract to the plaintiff's client. *Id.* The plaintiff then sought to obtain the profits the defendant gained from the contract with the Republic of Korea. *Id.* The California Supreme Court held that the plaintiff was not entitled to disgorgement of the defendant's profits under the UCL because the profits were neither money taken from the plaintiff nor funds in which the plaintiff had an ownership interest. *Id.* at 1149-50. Thus, the plaintiff's requested remedy was nonrestitutionary. *Id.* at 1140, 1149. The Court noted that "it [was] clear that plaintiff [was] not seeking the return of money or property that was once in its possession. [The plaintiff had] not given any money to [the defendant]; instead it was from the Republic of Korea that [the defendant] received its profits." *Id.* In light of these facts, the Court found that "[a]ny award that plaintiff would recover from defendants would not be restitutionary as it would not replace any money or property that defendants took directly from plaintiff." *Id.*

Unlike the facts in *Korea Supply*, where one business lost the opportunity to conduct business due to a different business's misconduct, Union Pacific sold Plaintiffs' land rights to SFPP in exchange for rent payments. Plaintiffs' UCL claim is not seeking disgorgement of Union Pacific's profits relating to other agreements Union Pacific may have with SFPP or other pipeline companies. Rather, Plaintiffs' UCL claim is seeking restitutionary profits traceable from Union Pacific's unauthorized collection of rent from the use of Plaintiffs' property. Because restitutionary profits and benefits tied to Defendants' unlawful conduct are recoverable under the UCL, Defendants' Motions regarding the UCL claim should be denied.

16

Furthermore, in conclusory fashion, Defendants state attorneys' fees are not recoverable in for a claim under the UCL. *See* Doc. Nos. 38-1 at 5 & 7 & 39-1 at 9-10. Contrary to Defendants' belief, attorneys' fees are properly awarded under UCL claims, among other things, when the action results in a significant benefit, whether pecuniary or nonpecuniary, to a large class of persons. *See Zambrano v. CarMax Auto Superstores, LLC*, No. 13CV2107-WQH-JLB, 2014 WL 6751065, at *9-10 (S.D. Cal. Dec. 1, 2014) (denying defendants' motion to dismiss plaintiff's request for attorneys' fees under the UCL); *Pearson v. Green Tree Servicing, LLC*, No. 14-CV-04524-JSC, 2015 WL 632457, at *4 (N.D. Cal. Feb. 13, 2015) (stating a plaintiff asserting a claim under the UCL can recover attorneys' fees); *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1107-08 (N.D. Cal. 2003) (noting that the court "may award attorney fees to a successful litigant in a UCL action"). If successful, Plaintiffs and the proposed Class will confer a significant benefit on a large class of landowners in California. Thus, Plaintiffs' request for attorney fees should not be dismissed.

## E.   *Alternatively, Plaintiffs Request Leave to Amend*

For all the reasons described above, Plaintiffs' Complaint is supported with the requisite factual allegations showing that they have a plausible chance of success on their claims. Nonetheless, should the Court believe that Plaintiffs' Complaint is somehow deficient, the appropriate remedy is to afford Plaintiffs time to file a Motion for Leave to Amend their Complaint to cure any deficiencies identified by the Court.

## III.   <u>CONCLUSION</u>

As explained herein, Defendants' Motions (Doc. Nos. 38 & 39) are without merit, accordingly, Plaintiffs respectfully request that this Court deny Defendants' Motions. Alternatively, Plaintiffs request leave to amend their Complaint.

17

Plaintiffs further respectfully request all other relief that the Court deems just and proper.

DATED:  August 17, 2015                    Respectfully submitted,

                                           /s/ Jason S. Hartley
                                           Jason S. Hartley
                                           STUEVE SIEGEL HANSON LLP
                                           550 West C Street, Suite 1750
                                           San Diego, CA 92101
                                           Phone: (619) 400-5822
                                           Fax: (619) 400-5832
                                           *hartley@stuevesiegel.com*

                                           Norman E. Siegel
                                           Barrett J. Vahle
                                           Ethan M. Lange
                                           (*pro hac vice forthcoming*)
                                           STUEVE SIEGEL HANSON LLP
                                           460 Nichols Road, Suite 200
                                           Kansas City, Missouri 64112
                                           Phone: (816) 714-7100
                                           Fax: (816) 714-7101
                                           *siegel@stuevesiegel.com*
                                           *vahle@stuevesiegel.com*
                                           *lange@stuevesiegel.com*

                                           Thomas S. Stewart
                                           Elizabeth G. McCulley
                                           (*pro hac vice forthcoming*)
                                           STEWART, WALD & McCULLEY, LLC
                                           9200 Ward Parkway, Suite 550
                                           Kansas City, Missouri 64114
                                           Phone: (816) 303-1500
                                           Fax: (816) 527-8068
                                           *stewart@swm.legal*
                                           *mcculley@swm.legal*

18

PLAINTIFFS' CONSOLIDATED OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS

Steven M. Wald
(*pro hac vice forthcoming*)
STEWART, WALD & MCCULLEY, LLC
100 North Broadway, Suite 1580
St. Louis, Missouri 63102
Phone: (314) 720-6190
Fax: (314) 899-2925
*wald@swm.legal*

*Attorneys for Plaintiffs*

19