Joseph Rebein, Admitted *Pro Hac Vice*
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
jrebein@shb.com

Tammy B. Webb, SBN 227593
John K. Sherk III, SBN 295838
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104
Telephone:  415-544-1900
Facsimile:   415-391-0281
tbwebb@shb.com
jsherk@shb.com

*Attorneys for Defendant*
Union Pacific Railroad Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACHELLA SELF STORAGE, LLC, JAMES PILCHER; SUSAN PILCHER; MARTIN WELLS and SUSAN WELLS as trustees of the MARTIN & SUSAN WELLS REVOCABLE TRUST; and CHARLES SERRANO and BARBARA SLOAN as trustees of the CHARLES SERRANO AND BARBARA SLOAN 2012 REVOCABLE TRUST, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNION PACIFIC RAILROAD COMPANY, successor to SOUTHERN PACIFIC TRANSPORTATION COMPANY; SFPP, L.P., previously known as SANTA FE PACIFIC PIPELINES, INC., previously known as SOUTHERN PACIFIC PIPELINES, INC.; KINDER MORGAN OPERATING L.P. "D": and KINDER MORGAN G.P., INC.,<br><br>          Defendants. | CASE NO. 8:15-cv-00718-JVS-DFM<br><br>**UNION PACIFIC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:          September 1, 2015<br>Time:         9:00 a.m.<br>Dept.:         Courtroom 10C – Santa Ana<br>Judge:        Hon. James V. Selna |

319161 v2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

Union Pacific Railroad Company submits this reply to respond to Plaintiffs' opposition brief ("Pls.' Opp'n.") and to further support its arguments for dismissal. Rather than agree to amend their operative complaint and attempt to address the deficiencies Union Pacific identifies in its motion to dismiss, Plaintiffs have opted to oppose the motion entirely. But as described below, the motion is well founded and should be granted.[1]

## ARGUMENT

**I.     Plaintiffs should not be allowed to complicate their claims by combining the allegations they rely on.**

Plaintiffs argue that they are entitled to plead their "Quiet Title / Slander of Title / Ejectment" claims in a single count in order to simplify their complaint and because all three claims arise out of the same transactions or occurrences, Pls.' Opp'n at 5, but neither of these arguments is supported.

On the contrary, "federal courts consistently have required separate statements when separate claims are pleaded, notwithstanding the fact that the claims arose from a single transaction." 5A Fed. Prac. & Proc. Civ. § 1324 (3d ed). The approach Plaintiffs propose might be simpler for the drafter, but it is certainly not for the party tasked with responding to claims and determining which allegations are being relied on for each claim. Central District rulings have observed as much. *See e.g., Prevedello v. Fitter*, No. 15-0776, 2015 WL 3751820, at *3 (C.D. Cal. June 16, 2015) ("separate counts permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings"); *Brown v. Los Angeles Sheriff Dep't*, No. 15-0483, 2015 WL 3532904, at *6 (C.D. Cal. June 4, 2015) (separate counts "allow the Court and Defendants to understand the scope and nature of Plaintiff's

---

[1] Should the Court transfer this action to the Northern District of California, Union Pacific asks that its motion to dismiss be stayed. Judge Phyllis Hamilton is presiding over the cases involving this dispute in that venue and has issued a scheduling order consolidating hearings on pending dismissal motions for September 30, 2015. Staying the instant motion would thus facilitate uniform resolution of identical disputes.

allegations"). For example, it is difficult to see how a slander-of-title claim would arise out of the same transactions or occurrences as a claim for ejectment; Plaintiffs do not explain how, other than to refer generally to "overlapping facts," a rationale that would presumably justify combining all claims asserted.

In short, California recognizes these claims as separate because they are just that. The combined claim should be dismissed and Plaintiffs, if they are able, should be required to plead each separately and set forth the specific allegations each relies upon. Both cases cited above as well as others issued by California federal courts endorse this result. *Prevedello*, 2015 WL 3751820, at *3 (complaint subject to dismissal because it "improperly mixes allegations related to different claims"); *Brown*, 2015 WL 3532904, at *6 (same); *Epperson v. Global Am., Inc.,* No. 15-935, 2015 WL 4078143, at *2 (E.D. Cal. July 6, 2015) (directing plaintiff to comply with Rule 10(b)); *Dulaney v. Dyer*, No. 14-1051, 2015 WL 269244, at *2 (E.D. Cal. Jan. 21, 2015) (directing plaintiff to "separate his claims, so that it is clear what are his claims and who are the Defendants involved"); *Woodrow v. Cnty. of Merced*, No. 13-01505, 2015 WL 164427, at *11 (E.D. Cal. Jan. 13, 2015) (same).

### A.   Plaintiffs' quiet-title claim should be dismissed because it does not comply with pleading requirements applicable in federal courts.

In defending their quiet-title claim, Plaintiffs rely solely on *Vargas v. HSBC Bank USA, NA.*, a Southern District ruling that admittedly declined to apply California's requirements for setting forth a quiet-title action. 2012 WL 3957994, at *10 (S.D. Cal. Sept. 10, 2012). But Plaintiffs point to no other case concluding the same, and they appear to treat all three federal-court rulings cited by Union Pacific as though they were overruled, including *Velasco v. Homewide Lending Corp.*, a Central District ruling post-dating the sole case Plaintiffs rely on. 2013 WL 3188854, at *3 (C.D. Cal. June 21, 2013).

Plaintiffs' resistance to amending their quiet-title claim to comply with the pleading requirements is perplexing. If the claims adverse to Plaintiffs' purported

property interests consist solely of the instant dispute—which Plaintiffs' opposition brief, but not their complaint, implies—then they should plead so. Both Defendants and the Court should know if any other disputes over the claimed property exist before proceeding to resolve the instant one. This is not only prudent, it is required: A plaintiff seeking to quiet title "*must* name those persons 'having adverse claims that are of record or known to the plaintiff or reasonably apparent from an inspection of the property.'" *Mortgage Elec. Registration Sys. v. Robinson*, 45 F. Supp. 3d 1207, 1210-1212 (C.D. Cal. 2014) (emphasis in original; quoting CCP 762.060(b); setting aside quiet-title judgment that was secured without naming additional party with adverse interest). The requirement for verification by each plaintiff landowner also has value, and should be enforced. *See, e.g., Briosos v. Wells Fargo Bank,* 737 F. Supp. 2d 1018, 1020, 1031-32 (N.D. Cal. 2010) (dismissing quiet-title claim for failure to satisfy statutory requirement that complaint be verified); *Ritchie v. Cmty. Lending Corp.*, No. 09-02484, 2009 WL 2581414, at *7 (C.D. Cal. Aug. 12, 2009) (same); *Reynoso v. Paul Fin., LLC*, No. 09-3225, 2009 WL 3833298, at *5 (N.D. Cal. Nov. 16, 2009) (same); *Santos v. Countrywide Home Loans*, No. 09-00912, 2009 WL 2500710, at *7 (E.D. Cal. Aug. 14, 2009) (same).

### B. Plaintiffs' slander-of-title claim fails for lack of any factual content supporting a false publication.

Plaintiffs' slander-of-title allegations fail to set forth the content of any allegedly slanderous or false factual statements forming the basis of their claim. Plaintiffs do not dispute that failure, but instead defend the claim's viability on the basis that Defendants should be found to be placed on notice of the claim. Pls.' Opp'n at 10-11. Specifically, they argue that their complaint "can reasonably be construed to allege" that false statements were made before California courts. *Id.* These arguments fail.

The problem with Plaintiffs' allegations, as pointed out in Union Pacific's brief, is that they rely on vague generalizations rather than specific alleged false statements.

It is not enough to allege that Defendants made "false and unfounded statements indicating or suggesting" a right of "occupancy or use" of Plaintiffs' alleged property. *See* 2nd Am. Compl. ¶ 101. Plaintiffs must instead set forth the actual statements they rely upon to justify their assertions and to clarify their claim. *See, e.g., Carrasco v. HSBC Bank USA Nat. Ass'n*, No. 11-2711, 2011 WL 6012944, at *4 (N.D. Cal. Dec. 1, 2011) (dismissing slander-of-title claim that failed to specify the alleged false statements relied upon). None of the paragraphs Plaintiffs cite in their opposition fill this gap; indeed, the allegations they stress recount the entering into of agreements by Defendants rather than the publication of any false statements. *See* Pls.' Opp'n at 11:1-12.

Plaintiffs are also not helped by their argument that the false statements they rely on were made before California courts. Even had Plaintiffs identified *which* court statements they refer to (and they do not), the argument would fail because publications made in judicial proceedings are privileged and cannot form the basis of a slander-of-title claim. *See* CCP § 47(b); *La Jolla Grp. II v. Bruce*, 211 Cal. App. 4th 461, 472, 477 (2012) (affirming trial court's striking of slander-of-title complaint pursuant to § 47; noting that the privilege is applied broadly) *see also Biederman v. Nw. Tr. Servs., Inc.*, No. 15-02283, 2015 WL 3889371, at *5 (C.D. Cal. June 24, 2015) (slander-of-title claim failed under § 47 privilege, despite conclusory allegation that statements made in notices of default, trustee's sale, and deed of trust were published "with malicious intent").

## C. Plaintiffs' ejectment claim should be dismissed because it does not allege that Union Pacific is on Plaintiffs' claimed property.

Rather than dispute the vulnerability in their ejectment claim against Union Pacific, Plaintiffs' opposition brief appears to confirm it. Specifically, Union Pacific argued that the claim failed because an ejectment claim "requires a viable allegation that Union Pacific is *on* Plaintiffs' property." Doc. 38-1 at 5 (citing *Baugh v. Consumers Assocs., Ltd.*, 241 Cal. App. 2d 672, 675 (1966)). In the *Baugh* case there

1  was no allegation that the defendant (rather than the defendant's tenant) was on the
2  property at issue, which precluded relief under an ejectment theory. *See id.* Plaintiffs
3  never address this argument, nor do they cite or challenge *Baugh*, but they do confirm
4  that they are not alleging that Union Pacific is on any of the parcels they claim
5  interests in, which are merely adjacent to Union Pacific's right of way. *See* Pls.'
6  Opp'n at 12:5-8. Therefore, Union Pacific's request for dismissal of the ejectment
7  claim should be granted.

8  **II.    Plaintiffs' UCL claim should be dismissed because it improperly seeks non-**
9  **restitutionary disgorgement.**

10      Plaintiffs' devote five full pages to defending their UCL claim. The thrust of
11  their argument is that they are not seeking non-restitutionary disgorgement because
12  they allegedly hold a vested interest in the "benefits and profits" procured by Union
13  Pacific's alleged conduct. *See* Pls.' Opp'n at 12-17. They also argue that their claim
14  should not be compared to cases analyzing lost business opportunities because
15  Plaintiffs are alleged fee owners of the land they say Union Pacific rented. Pls.' Opp'n
16  at 15. These arguments also fail.

17      The case law does not support Plaintiffs' argument that they hold a vested
18  interest in the profits they seek. As the cases cited in Union Pacific's motion show, a
19  "vested interest is one that is unconditional, absolute, and not contingent." *Luxpro*
20  *Corp. v. Apple Inc.*, No. 10-03058, 2011 WL 3566616, at *8 (N.D. Cal. Aug. 12,
21  2011) (dismissing UCL claim; quoting *Pegasus Satellite Television, Inc. v. DirectTV,*
22  *Inc.*, 318 F. Supp. 2d 968, 979 (C.D. Cal. 2004)). Accepting Plaintiffs' argument that
23  their interest is "vested" would require the Court to conclude that the money Plaintiffs
24  seek, resulting from business dealings taking place between Defendants, did not arise
25  from those same business dealings taking place between the Defendants alone. They,
26  of course, did. Plaintiffs' interest in the money they seek through this claim is thus
27  *contingent*, not unconditional or absolute, and it is unavailable through a UCL cause
28  of action.

1    Plaintiffs also dispute Union Pacific's showing that Plaintiffs are not seeking
2  the return of money Plaintiffs allegedly paid for the subsurface rights to the lands at
3  issue but rather disgorgement of Defendants' alleged gains. Pls.' Opp'n at 14. But this
4  point cannot be easily brushed aside. Restitutionary disgorgement focuses on a
5  victim's loss; nonrestitutionary disgorgement focuses on a defendant's gain. *See*
6  *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1184-85 (S.D. Cal. 2012)
7  (citing *Korea Supply*, 29 Cal. 4th at 1152). Only the former is recoverable through the
8  UCL. *Id.* Plaintiffs' focus on recovery of Defendants' alleged *gain* rather than any *loss*
9  on Plaintiffs' part is fatal to their claim.

10    As explained in *Korea Supply* "[t]he object of restitution is to restore the status
11  quo by returning to the plaintiff funds in which he or she has an ownership interest."
12  29 Cal. 4th at 1149. Thus, in the context of a worker who holds a vested interest by
13  labor code to work that he or she performed, the UCL allows restitution in the form of
14  the amount of earned wages withheld. *See id.* But it *does not* allow disgorgement of
15  profits or other monetary benefits procured as a result of that worker's labor. *See id.*
16  The former is restitution; the latter is not, and is not a proper request through the UCL.
17  *See also Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 453-55 (2005) (similarly
18  rejecting argument that "restitution" may be measured by alleged monetary gains
19  defendants procured from electricity overcharges, rather than by the amounts plaintiffs
20  paid in alleged overcharges; dismissing UCL claim); *Lee Myles Assocs. Corp. v. Paul*
21  *Rubke Enters., Inc.*, 557 F. Supp. 2d 1134, 1144 (S.D. Cal. 2008) (rejecting and
22  striking Plaintiffs UCL demand for "restitution of profits" allegedly obtained through
23  unauthorized use of Plaintiffs' trademarks).

24    Moreover, Plaintiffs' argument that their allegations are sufficient "at the
25  pleading stage" ignores that the California Supreme Court's *Korea Supply* decision
26  (cited heavily by both sides) re-instated *dismissal* under more lenient state-court
27  pleading standards. 29 Cal. 4th 1134, 1149 (2003). In any event, even in instances
28  where courts entertain a potential ownership interest in profits that may constitute

restitution, they have required that the facts forming the basis for the interest be alleged. *See e.g., L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, No. 15-01257, 2015 WL 4397706, at *10 (N.D. Cal. July 17, 2015) (dismissing UCL claim seeking profits obtained from customers that plaintiffs pled no contractual relationship with); *BizCloud, Inc. v. Computer Scis. Corp.*, No. 13-05999, 2014 WL 1724762, at *5 (N.D. Cal. Apr. 29, 2014) (fact that plaintiff pled ownership in a trademark that defendant allegedly unfairly used was insufficient for seeking profits gained through the UCL); *see also Casault v. Fed. Nat. Mortgage Ass'n*, 915 F. Supp. 2d 1113, 1128-29 (C.D. Cal. 2012) (dismissing UCL claim that did no more than state the applicable tests and simply re-allege and incorporate all preceding allegations).

Union Pacific is not arguing that Plaintiffs must prove their UCL claim at this stage, but they must allege a viable theory, and no matter what proof they intend to put forth, the relief they request is simply unavailable through this cause of action, particularly as currently pleaded. The claim should therefore be dismissed.

Finally, Plaintiffs incorrectly argue that the UCL provides for attorney-fee recovery. This is not the law. *See, e.g. Hadjavi v. CVS Pharmacy, Inc.*, No. 10-04886, 2010 WL 7695383, at *4 (C.D. Cal. Sept. 22, 2010) ("Plaintiffs' request for 'costs and reasonable attorneys' fees pursuant to statute' is not permissible under the UCL."). All the cases Plaintiffs cite in opposition in fact acknowledge this, and merely recognize that parties may seek attorney fees under a separate statute. *See Zambrano v. CarMax Auto Superstores, LLC*, No. 13-2107, 2014 WL 6751065, at *10 (S.D. Cal. Dec. 1, 2014) (allowing plaintiff to seek attorney fees as a private attorney general under CCP § 1021.5); *Pearson v. Green Tree Servicing, LLC*, No. 14-04524, 2015 WL 632457, at *4-5 (N.D. Cal. Feb. 13, 2015) (recognizing but denying request for attorney fees under § 1021.5); *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1107-08 (N.D. Cal. 2003) (same). Plaintiffs do not even cite § 1021.5 in their opposition, nor do they cite it in their operative complaint. The request for attorney fees should be dismissed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CONCLUSION

Plaintiffs' opposition to Union Pacific's motion fails to adequately address the arguments for dismissal. For the reasons in the moving brief, as well as those set forth above, Union Pacific's motion should be granted.


Dated: Aug. 24, 2015            Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


By:    /s/ Tammy B. Webb
       TAMMY B. WEBB
Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY