1  COOLEY LLP
   STEVEN M. STRAUSS (99153)
2  (SMS@COOLEY.COM)
   M. RAY HARTMAN III (211205)
3  (RHARTMAN@COOLEY.COM)
   SUMMER J. WYNN (240005)
4  (SWYNN@COOLEY.COM)
   CATHERINE J. O'CONNOR (275817)
5  (COCONNOR@COOLEY.COM)
   4401 Eastgate Mall
6  San Diego, CA  92121
   Telephone:   (858) 550-6000
7  Facsimile:   (858) 550-6420

8  Attorneys for Defendants
   SFPP, L.P., KINDER MORGAN OPERATING L.P. "D,"
9  and KINDER MORGAN G.P., INC.

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12

13  COACHELLA SELF STORAGE,          Case No.  8:15-CV-00718-JVS-DFM
    LLC; JAMES PILCHER; SUSAN
14  PILCHER; MARTIN WELLS and         **REPLY MEMORANDUM IN SUPPORT
    SUSAN WELLS as trustees of the    OF KINDER MORGAN'S MOTION TO
15  MARTIN & SUSAN WELLS              DISMISS AND MOTION TO STRIKE**
    REVOCABLE TRUST; and
16  CHARLES SERRANO and               **ORAL ARGUMENT REQUESTED**
    BARBARA SLOAN as trustees of the
17  CHARLES SERRANO AND               Judge:      Hon. James V. Selna
    BARBARA SLOAN 2012                Date:       September 1, 2015
18  REVOCABLE TRUST, on behalf of     Time:       9:00 a.m.
    themselves and all others similarly Courtroom: 10C – Santa Ana
19  situated,
                                      Complaint Filed: May 5, 2015
20                    Plaintiffs,     Trial Date:      None Set

21         v.

22  UNION PACIFIC RAILROAD
    COMPANY, successor to SOUTHERN
23  PACIFIC TRANSPORTATION
    COMPANY; SFPP, L.P., previously
24  known as SANTA FE PACIFIC
    PIPELINES, INC., previously known
25  as SOUTHERN PACIFIC PIPELINES,
    INC.; KINDER MORGAN
26  OPERATING L.P. "D"; and KINDER
    MORGAN G.P., INC.,
27
                      Defendants.
28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................ 1

II.    ARGUMENT ...................................................................................... 2

    A.    Plaintiffs' Conclusory Legal Assertions Regarding Ownership Are Not Factual Allegations ....................................................... 2

        1.    Plaintiffs Misrepresent Their Own Pleading ............................. 2

        2.    Plaintiffs Do Not Allege Facts To Support Claims Based On The "Center Line Presumption." ............................................ 4

    B.    Plaintiffs' Omnibus "Quiet Title / Slander Of Title / Ejectment" Claim Is Uncertain And Fails To Plead Essential Elements.................. 6

        1.    Plaintiffs Do Not Plead The Elements Of Quiet Title ............... 7

            a.    California's Verification Requirement Is Substantive And Applies Regardless Of Plaintiffs' Choice To Sue In Federal Court ........................................ 7

            b.    Plaintiffs' Cursory Allegations Do Not Satisfy the Remaining Elements of Quiet Title .................................. 9

        2.    Plaintiffs Do Not Plead The Elements Of Slander Of Title ..... 11

        3.    Plaintiffs Do Not Plead The Elements Of Ejectment ............... 12

    C.    The Section 17200 Claim Seeks Relief That Is Not Available .......... 12

III.    CONCLUSION .................................................................................. 14

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

i

REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Adesokan v. U.S. Bank, N.A.*,
No. 1:11-CV-01236-LJO, 2012 WL 395969 (E.D. Cal. Feb. 7,
2012), *aff'd*, 582 Fed. App'x 672 (9th Cir. 2014) ................................................. 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................... 3

*Baugh v. Consumers Assoc. Ltd.*,
241 Cal. App. 2d 672 (1966) .......................................................................... 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................... 3

*BizCloud, Inc. v. Computer Sci. Corp.*,
No. C-13-05999 JCS, 2014 WL 1724762 (N.D. Cal. Apr. 29, 2014) ................ 13

*Briosos v. Wells Fargo Bank*,
737 F. Supp. 2d 1018 (N.D. Cal. 2010) ............................................................. 8

*Brockway v. JP Morgan Chase Bank*,
No. 11CV2982 JM BGS, 2012 WL 2726758 (S.D. Cal. July 9,
2012) ............................................................................................................... 10

*Brown v. L.A. Sheriff Dep't*,
No. CV 15-0483-FMO JEM, 2015 WL 3532904 (C.D. Cal. June 4,
2015) ................................................................................................................. 6

*Casault v. Fed. Nat. Mortgage Ass'n*,
915 F. Supp. 2d 1113 (C.D. Cal. 2012) ........................................................... 13

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) ..................................................................................... 14

*Chan Tang v. Bank of Am., N.A.*,
No. SACV 11-2048 DOC, 2012 WL 960373 (C.D. Cal. Mar. 19,
2012) ............................................................................................................... 11

*People ex rel. City of Santa Monica v. Gabriel*,
186 Cal. App. 4th 882 (2010) .......................................................................... 14

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii

REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

1

2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3

4

*Computer Econ., Inc. v. Gartner Grp., Inc.*,
   50 F. Supp. 2d 980 (S.D. Cal. 1999) ..................................................... 8

5

6

*Cyr v. McGovran*,
   206 Cal. App. 4th 645 (2012) ............................................................. 11

7

8

*Delino v. Platinum Cmty. Bank*,
   628 F. Supp. 2d 1226 (S.D. Cal. 2009) ................................................ 9

9

10

*Dulaney v. Dyer*,
   No. 1:14-CV-1051-LJO-BAM, 2015 WL 269244 (E.D. Cal. Jan.
   21, 2015) ............................................................................................... 7

11

12

13

*eCash Techs., Inc. v. Guagliardo*,
   127 F. Supp. 2d 1069 (C.D. Cal. 2000), *aff'd*, 35 Fed. App'x 498
   (9th Cir. 2002) ................................................................................... 12

14

15

*Epperson v. Global Am., Inc.*,
   No. 1:15-CV-935--BAM, 2015 WL 4078143 (E.D. Cal. July 6,
   2015) ..................................................................................................... 7

16

17

*Erie R. Co. v. Tompkins*,
   304 U.S. 64 (1938) ............................................................................... 7

18

19

20

*Evans v. BAC Home Loans Servicing LP*,
   No. C10-0656 RSM, 2010 WL 5138394 (W.D. Wash. Dec. 10,
   2010) ................................................................................................... 10

21

*Frio v. Superior Court*,
   203 Cal. App. 3d 1480 (Ct. App. 1988) ............................................... 8

22

23

24

*Gammad v. Citimortgage, Inc.*,
   No. C 11-3531 MMC, 2011 WL 6728951 (N.D. Cal. Dec. 21,
   2011) ..................................................................................................... 9

25

26

27

*Gibson v. Chrysler Corp.*,
   No. C-99-1047 MHP, 1999 WL 1049572 (N.D. Cal. May 28, 1999)
   *aff'd in part, rev'd in part on other grounds*, 261 F.3d 927 (9th Cir.
   2001) ................................................................................................... 14

28

Cooley LLP
Attorneys At Law
San Diego

iii

**REPLY ISO KINDER MORGAN'S**
**MOTION TO DISMISS / MOTION TO STRIKE**
**CASE NO. 8:15-CV-00718-JVS-DFM**

**TABLE OF AUTHORITIES**
(continued)

Page

*Green v. Alliance Title*,
No. CIV S-10-0242MCEEFBP, 2010 WL 3505072 (E.D. Cal. Sept. 2, 2010) .................................................................................................. 10

*Ines v. Countrywide Home Loans, Inc.*,
No. 08CV1267WQHNLS, 2009 WL 690108 (S.D. Cal. Mar. 12, 2009) ........................................................................................................... 10

*Jackson v. Baca*,
No. CV 12-10393, 2014 WL 4093425 (C.D. Cal. Aug. 18, 2014) ...................... 6

*Johnson v. United States*,
2010 WL 4366262, 402 Fed. App'x 298 (9th Cir. Nov. 2, 2010)........................ 5

*Kennedy v. Sonoma Cnty. Superior Court*,
No. 15-CV-01642-KAW, 2015 WL 4692464 (N.D. Cal. Aug. 6, 2015) ............................................................................................................ 6

*Korea Supply v. Lockheed Martin*,
29 Cal. 4th 1134 (2003) ............................................................................. 12, 14

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*,
No. 15-CV-01257-JST, 2015 WL 4397706 (N.D. Cal. July 17, 2015) ............................................................................................................ 13

*Madrid v. Perot Sys. Corp.*,
130 Cal. App. 4th 440 (2005) ........................................................................... 12

*Millyard v. Faus*,
268 Cal. App. 2d 76 (1968) ........................................................................ 4, 5, 9

*Moses v. GMAC Mortgage, LLC*,
No. 09-CV-1961W (BLM), 2010 WL 2775634 (S.D. Cal. July 14, 2010) ............................................................................................................ 10

*N. California River Watch v. Fluor Corp.*,
No. 10-CV-05105-WHO, 2014 WL 4954638 (N.D. Cal. Oct. 2, 2014) ............................................................................................................ 14

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

iv

REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

**TABLE OF AUTHORITIES**
(continued)

Page

*U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*,
190 F.3d 963 (9th Cir. 1999) ................................................................. 8

*Olszewski v. Scripps Health*,
30 Cal.4th 798 (2003) .......................................................................... 12

*Prevedello v. Fitter*,
No. CV 15-0776-GHK JEM, 2015 WL 3751820 (C.D. Cal. June
16, 2015) .............................................................................................. 6

*Regan v. Qwest Commc'ns Int'l, Inc.*,
No. CIV. 2:01-766 WBS KJM, 2010 WL 3941471 (E.D. Cal. Oct.
5, 2010) ................................................................................................ 5

*Reynoso v. Paul Fin., LLC*,
No. 09-3225 SC, 2009 WL 3833298 (N.D. Cal. Nov. 16, 2009) ........................ 9

*Ritchie v. Cmty. Lending Corp.*,
No. CV 09-02484DDPJWJX, 2009 WL 2581414 (C.D. Cal. Aug.
12, 2009) .............................................................................................. 8

*Roeder v. Burlington Northern, Inc.*,
105 Wash. 2d 567 (1986) ...................................................................... 4

*Rupisan v. JP Morgan Chase Bank, NA*,
No. 1:12-CV-0327 AWI GSA, 2012 WL 3764022 (E.D. Cal. Aug.
29, 2012) .............................................................................................. 7

*Salazar v. Accredited Home Lenders, Inc.*,
No. 10-CV-0319W (AJB), 2010 WL 2674405 (S.D. Cal. July 2,
2010) .................................................................................................. 12

*Sammamish Homeowners v. Cnty. of King*,
No. C15-284 MJP, 2015 WL 3561533 (W.D. Wash. June 5, 2015) ................. 5, 6

*Santos v. Countrywide Home Loans*,
No. 1:09-CV-00912-AWI-SM, 2009 WL 2500710 (E.D. Cal. Aug.
14, 2009) .............................................................................................. 9

Cooley LLP
Attorneys At Law
San Diego

v

Reply ISO Kinder Morgan's
Motion To Dismiss / Motion To Strike
Case No. 8:15-CV-00718-JVS-DFM

1

**TABLE OF AUTHORITIES**

2

**(continued)**

**Page**

3

*Silberg v. Anderson*,

4

   50 Cal. 3d 205 (1990) ........................................................................ 11

5

*Simmons First Nat'l Bank v. Lehman*,

6

   No. 13-CV-02876-DMR, 2015 WL 1503437 (N.D. Cal. Apr. 1,

   2015) ................................................................................................ 7, 11

7

*Soc. Apps, LLC v. Zynga, Inc.*,

8

   No. 4:11-CV-04910 YGR, 2012 WL 2203063 (N.D. Cal. June 14,

9

   2012) ...................................................................................................... 7

10

*Stamas v. Cnty. of Madera*,

11

   795 F. Supp. 2d 1047 (E.D. Cal. 2011) ............................................... 11

12

*Tamayo v. World Sav. Bank, FSB*,

   No. 08CV2287 JLS CAB, 2009 WL 8652543 (S.D. Cal. July 23,

13

   2009) .................................................................................................... 10

14

*Vargas v. HSBC Bank*,

15

   No. 11-CV-2729 BEN RBB, 2012 WL 3957994 (S.D. Cal. Sept.

16

   10, 2012) ................................................................................................ 8

17

*Warden v. S. Pasadena Realty & Imp. Co.*,

   178 Cal. 440 (1918) ............................................................................... 5

18

19

*Woodrow v. Cnty. of Merced*,

   No. 1:13-CV-01505-AWI, 2015 WL 164427 (E.D. Cal. Jan. 13,

20

   2015) ...................................................................................................... 7

21

**Statutes**

22

CAL. CIV. CODE

23

   § 47(b) .............................................................................................. 11, 12

24

California Code of Civil Procedure

25

   § 761.020 ........................................................................................ 7, 8, 9

   § 1021.5 ................................................................................................ 14

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

vi

**REPLY ISO KINDER MORGAN'S**
**MOTION TO DISMISS / MOTION TO STRIKE**
**CASE NO. 8:15-CV-00718-JVS-DFM**

1

2

## TABLE OF AUTHORITIES
### (continued)

**Page**

3

**Other Authorities**

4

5

5A Fed. Prac. & Proc. Civ.
   § 1324 (3d ed).......................................................................................... 6

6

Judicial Council of California Civil Jury Instructions (CACI) 1730 ...................... 11

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

vii

**REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM**

# I.     INTRODUCTION[1]

Plaintiffs' opposition confirms the fatal flaw in their Second Amended Complaint ("SAC"):  Plaintiffs do not plead any factual allegations to support their claim to ownership of the subsurface under Union Pacific's right-of-way, which is a fundamental element underlying each and all of their claims.  Contrary to Plaintiffs' contention, their conclusory statements in the SAC that they are the "true owners" of the subsurface do not suffice.  On a motion to dismiss, the court must disregard labels and legal conclusions, and consider only whether plaintiffs have alleged a plausible claim to relief.  Plaintiffs have not plausibly alleged how claiming to own property **adjacent to** a right-of-way is sufficient to state a claim to ownership in the subsurface of the right-of-way.

Plaintiffs' appeal to the so-called "center line presumption" in an effort to resuscitate their claims is unavailing.  The center line presumption arises only where the conveying deed uses a "monument" to describe the property boundary. Plaintiffs have not alleged that their properties were conveyed by deeds using Union Pacific's right-of-way as a boundary.  Nor have Plaintiffs alleged facts regarding their chain of title, or submitted their property deeds.  As such, Plaintiffs have not pled a basis to rely on the center line presumption.  Because Plaintiffs have not alleged any facts supporting their claims of ownership, each and every one of their claims – which assume Plaintiffs' ownership – must be dismissed.

In addition to this basic deficiency, Plaintiffs also have not pled the necessary elements of their fourth cause of action.  Plaintiffs' decision to plead their claims for quiet title, slander of title, and ejectment as a single, omnibus claim is improper because it makes it impossible to understand the scope and nature of their

---

[1] Kinder Morgan filed a similar motion to dismiss in *Rivera, et al. v. Union Pacific Railroad Co., et al.*, Case No. 4:15-cv-01842-PJH, which is set for hearing on September 30, 2015.  If the Court grants the motions to transfer, it need not rule on the motions to dismiss, and may transfer this case to the Northern District with the motions to dismiss pending to be heard at the same time as those filed in *Rivera*.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1

REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

allegations, and it does not give Kinder Morgan fair notice of Plaintiffs' claims. And despite Plaintiffs' protestations to the contrary, the California statute requiring a quiet title claim to be verified is a substantive rule of law routinely applied in federal court.  Plaintiffs also fail to plead publication of a false statement to support the slander of title claim.  The mere existence of documents between the parties – without any allegation that the documents were recorded or made public – and statements made by parties in litigation (which are protected by litigation privilege), are insufficient.

Finally, Plaintiffs' fifth cause of action for violation of California Business & Professions Code section 17200 ("Section 17200") fails because Plaintiffs have not alleged entitlement to any relief available under that statue.  Plaintiffs admit that restitution is available under Section 17200 only if the defendant has wrongfully acquired benefits or profits in which a plaintiff has an ownership interest.  Plaintiffs have not, however, pled any ownership interest in Kinder Morgan's profits.  Additionally, it is black letter law that attorney's fees are not an available remedy under Section 17200.  Plaintiffs' citation to cases awarding fees under an entirely different statute is unavailing.

In sum, Kinder Morgan respectfully requests that its motion be granted and Plaintiffs' SAC dismissed.

## II.   ARGUMENT

### A.   Plaintiffs' Conclusory Legal Assertions Regarding Ownership Are Not Factual Allegations.

#### 1.   Plaintiffs Misrepresent Their Own Pleading.

Citing only excerpts from SAC Paragraphs 13 and 58, Plaintiffs argue that they "explicitly stated an ownership interest in the subsurface," and that "several times throughout the Complaint [they] unambiguously state they own land beneath Union Pacific's right-of-way."  (Opp. at 3:5-6, 3:16-20.)  Plaintiffs are wrong.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2

MEMO. ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

A review of the complete statements in Plaintiffs' SAC proves the point. Paragraph 13 states:

> Due to Defendants' unlawful conduct, Plaintiffs, on behalf of themselves and others, bring this lawsuit to recover damages, punitive damages, restitution, attorney fees, and pre- and post-judgment interest, and **request declarations that they are the true owners of the property underneath the Railroad's right-of-way** and that Defendants are not entitled to profit or collect rent from Plaintiffs' and Class Members' land.

(SAC ¶ 13 [emphasis added].)  Similarly, Paragraph 58 states:

> Because the Railroad and Pipeline are not the owners of the property where the pipeline was laid, they have trespassed and been unjustly enriched for over 50 years, and they continue to do so today. Due to the Railroad's and Pipeline's actions, **Plaintiffs, on behalf of themselves and others similarly situated, are seeking** to recover damages, punitive damages, restitution, and pre- and post-judgment interest and **a declaration that they are the true owners of the property underneath the Railroad's right-of-way** and that the Railroad and Pipeline cannot profit or collect rent from the land owned by Plaintiffs and the Class Members.

(SAC ¶58 [emphasis added].)  Asking the Court to ultimately declare that Plaintiffs "are the true owners of the property underneath the Railroad's right-of-way" is not a factual allegation.

Likewise, Plaintiffs' citation to the proposed class definition is not a factual allegation.  (*See* Opp. at 3:20-24 [citing SAC ¶59 (defining proposed class as: "All landowners who own land in fee adjacent to and underlying the railroad easement under which the pipeline is located within the State of California.")].)

The Court cannot regard such legal conclusions as facts sufficient to plead a viable claim to ownership in the subsurface of Union Pacific's right-of-way.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (court must disregard legal conclusions and complaint must allege "plausible" claim to relief; must be more than "unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (court must not accept "labels and

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

MEMO. ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

1    conclusions" and "[f]actual allegations must be enough to raise a right to relief
2    above the speculative level").

3        At most, Plaintiffs make the legal assertion that Union Pacific does not own
4    the subsurface under its right-of-way.  However, even if this is true, it does not
5    mean that Plaintiffs do.  As shown in Kinder Morgan's Opening Memorandum,
6    Plaintiffs have not alleged any **facts** to support a claim that ***they*** could own the
7    subsurface under Union Pacific's right-of-way.

8        Further, this is not a mere pleading deficiency.  Contrary to Plaintiffs'
9    assertions, merely claiming to own property adjacent to a right-of-way is not
10   sufficient to state a claim to ownership in the subsurface of the right-of-way.  *See*
11   Section II(A)(2), *infra*; *see also Millyard v. Faus*, 268 Cal. App. 2d 76, 83 (1968).

12            **2.    Plaintiffs Do Not Allege Facts To Support Claims Based On**
13            **The "Center Line Presumption."**

14       Plaintiffs overstate the potential application of the "center line presumption,"
15   and their reliance on it in an attempt to save their pleading is misplaced.  Although
16   Plaintiffs claim they are "presumed to own the land to the center of Union Pacific's
17   easement, including the subsurface" (Opp. at 4:20-21), Plaintiffs fail to recognize
18   that the SAC does not contain **any** allegations to invoke the presumption.

19       Indeed, Plaintiffs here "seek to extend the *Faus v. Nelson* rule beyond the
20   holding of that case."  *Millyard*, 268 Cal. App. 2d at 83.  As explained by the Court
21   in *Millyard*, "[m]erely because a property abuts any railway easement does not, as
22   [Plaintiffs] claim, give rise to the presumption that they own to the center of the
23   easement."  *See id.*; *see also Roeder v. Burlington Northern, Inc.*, 105 Wash. 2d
24   567, 578 (1986) (citing, *inter alia*, California law regarding the center line
25   presumption and stating: "A property owner receives no interest in a railroad right
26   of way simply through ownership of abutting land.").

27       It is true that the so-called center line presumption, or "monument doctrine,"
28   "presumes an intent to grant to the middle of the monument (road, railway

Cooley LLP
Attorneys At Law
San Diego

4

Memo. ISO Kinder Morgan's
Motion To Dismiss / Motion To Strike
Case No. 8:15-CV-00718-JVS-DFM

easement or stream) [where] the conveyance designates the object as a monument or boundary." *Millyard*, 268 Cal. App. 2d at 83.  But this presumption only arises where the conveying deed uses the monument to describe the property boundary.[2]

In any event, Plaintiffs' SAC does not allege that Plaintiffs' properties were conveyed by deeds using the right-of-way as a boundary.  Nor does the SAC contain any allegations regarding Plaintiffs' chain of title or claiming that Plaintiffs received their property from the fee owner of the right-of-way property.  Indeed, **Plaintiffs do not even submit their own property deeds or any verification as to their title**.  Accordingly, Plaintiffs cannot rely on the center line presumption to dodge dismissal of the SAC.[3]

Moreover, Plaintiffs cannot avoid that pleading a valid claim to ownership of the right-of-way subsurface is required for them to establish standing.  *See, e.g.*, *Regan v. Qwest Commc'ns Int'l, Inc.*, No. CIV. 2:01-766 WBS KJM, 2010 WL 3941471, at *2, *7-8 (E.D. Cal. Oct. 5, 2010); *Sammamish*, 2015 WL 3561533, at *2 (W.D. Wash. June 5, 2015); *see also Johnson v. United States*, 2010 WL 4366262, 402 Fed. App'x 298, 299-300 (9th Cir. Nov. 2, 2010) ("[a] plaintiff bringing a quiet title action involving real property must have a legal interest in the property"; affirming finding of no standing).   "[S]tanding is a[] fundamental requirement for bringing suit," and thus Plaintiffs' SAC should be dismissed for failure to even allege a basis for them to prove standing.  *See Regan*, 2010 WL

---

[2] For example, where the conveying deed uses metes and bounds to describe the property, or where the deed contains express intent to carry title only to the line of the right-of-way, the grantee does not have title to the center of the right-of-way. *See, e.g.*, *Millyard*, 268 Cal. App. 2d at 83; *Warden v. S. Pasadena Realty & Imp. Co.*, 178 Cal. 440, 442 (1918).

[3] Plaintiffs' counsel is aware of this shortcoming. *See Sammamish Homeowners v. Cnty. of King*, No. C15-284 MJP, 2015 WL 3561533, at *2-4 (W.D. Wash. June 5, 2015) (granting motion to dismiss based on, *inter alia*, plaintiffs' inability to rely on the center line presumption where the plaintiffs are represented by the same attorneys from Stewart Wald & McCulley LLC that represent Plaintiffs here).

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5

MEMO. ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

3941471, at *2, *7-8; *Sammamish*, 2015 WL 3561533, at *2-4 (finding that plaintiffs lacked standing and thus the court lacked subject matter jurisdiction).

### B.    Plaintiffs' Omnibus "Quiet Title / Slander Of Title / Ejectment" Claim Is Uncertain And Fails To Plead Essential Elements.

Plaintiffs contend that they may plead their claims for quiet title, slander of title, and ejectment as one single, omnibus count because the counts allegedly "arise out of same transactions or occurrences." (Opp. at 5:14-16.) But "the federal courts consistently have required separate statements when separate claims are pleaded, notwithstanding the fact that the claims arose from a single transaction." 5A Fed. Prac. & Proc. Civ. § 1324 (3d ed) (citing cases).

By mixing allegations related to different claims, Plaintiffs render it difficult (if not impossible) for Kinder Morgan to discern the bases for Plaintiffs' claims, including the factual allegations applicable to each claim.  On the other hand, requiring them to plead separate counts "permit[s] pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings." *Prevedello v. Fitter*, No. CV 15-0776-GHK JEM, 2015 WL 3751820, at *3 (C.D. Cal. June 16, 2015); *see also Kennedy v. Sonoma Cnty. Superior Court*, No. 15-CV-01642-KAW, 2015 WL 4692464, at *2 (N.D. Cal. Aug. 6, 2015) ("For the sake of clarity and so that each defendant has fair notice of the claim, or claims, asserted against him or her, Plaintiff should separately plead each cause of action, along with the specific facts that support each one and specific facts pertaining to each defendant."); *Brown v. L.A. Sheriff Dep't*, No. CV 15-0483-FMO JEM, 2015 WL 3532904, at *6 (C.D. Cal. June 4, 2015) (separate counts "allow the Court and Defendants to understand the scope and nature of Plaintiff's allegations").

For this reason alone, Plaintiffs' omnibus claim should be dismissed.  *See*, *e.g.*, *Prevedello*, 2015 WL 3751820, at *3 (complaint subject to dismissal because it "improperly mixes allegations related to different claims"); *Brown*, 2015 WL 3532904, at *6 (same); *Jackson v. Baca*, No. CV 12-10393, 2014 WL 4093425, at

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6

MEMO. ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

1   *5 (C.D. Cal. Aug. 18, 2014) (same); *Epperson v. Global Am., Inc.*, No. 1:15-CV-
2   935--BAM, 2015 WL 4078143, at *2 (E.D. Cal. July 6, 2015) (directing plaintiff to
3   comply with Rule 10(b)); *Dulaney v. Dyer*, No. 1:14-CV-1051-LJO-BAM, 2015
4   WL 269244, at *2 (E.D. Cal. Jan. 21, 2015) (directing plaintiff to "separate his
5   claims, so that it is clear what are his claims and who are the Defendants
6   involved"); *Woodrow v. Cnty. of Merced*, No. 1:13-CV-01505-AWI, 2015 WL
7   164427, at *11 (E.D. Cal. Jan. 13, 2015) (same).

8       Additionally, Plaintiffs fail to show that they have pled the basic elements of
9   their claims for quiet title, slander of title, and ejectment.

10          **1.    Plaintiffs Do Not Plead The Elements Of Quiet Title.**

11              **a.    California's Verification Requirement Is Substantive
12              And Applies Regardless Of Plaintiffs' Choice To Sue
                In Federal Court.**

13      California Code of Civil Procedure section 761.020 ("Section 761.020") sets
14   forth the elements of a quiet title claim in California, including requiring that a
15   complaint seeking to quiet title be verified.  *See, e.g.*, *Simmons First Nat'l Bank v.*
16   *Lehman*, No. 13-CV-02876-DMR, 2015 WL 1503437, at *5 (N.D. Cal. Apr. 1,
17   2015) ("Quiet title claims are governed by [S]ection 761.020."); *Rupisan v. JP*
18   *Morgan Chase Bank, NA*, No. 1:12-CV-0327 AWI GSA, 2012 WL 3764022, at *21
19   (E.D. Cal. Aug. 29, 2012) ("California's quiet title statute, [Section] 761.020,
20   requires certain pleading formalities, including a verified complaint….").

21      Plaintiffs contend they do not have to verify their complaint because this is a
22   "California state court pleading requirement." (Opp. at 7:8-9).  This argument
23   misses the mark.  "When questions of state law are raised in federal court, the
24   federal court generally applies the state's substantive law but federal procedural
25   law."  *Soc. Apps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910 YGR, 2012 WL
26   2203063, at *1 (N.D. Cal. June 14, 2012) (citing *Erie R. Co. v. Tompkins*, 304 U.S.
27   64, 78 (1938)).  State rules that are "clearly substantive," and thus must be applied
28   by federal courts, include those that "**define the elements of a cause of action**."

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7

MEMO. ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

*Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 990 (S.D. Cal. 1999) (emphasis added).

Even if Section 761.020 were not clearly substantive, it should still be applied here. "[C]ourts may apply ostensibly procedural rules when their non-application would create an incentive for plaintiffs to file actions in federal court." *Id.* at 991. Failing to apply Section 761.020 would influence a plaintiff's choice of forum: a plaintiff with a weak quiet title claim would choose federal court if offered a chance to circumvent the heightened pleading requirements of Section 761.020. *See id.* at 992 (applying California Code of Civil Procedure provision limiting discovery in trade secret actions until plaintiff adequately identified misappropriated trade secrets; statute "enacted to deter" unsupported lawsuits).

Further, even where a state law appears procedural, it may be applied in federal court if its *objective* is substantive. *See id.* (considering California's interest in "curb[ing] unsupported…lawsuits"); *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (applying California anti-SLAPP statute because "California has articulated the important, substantive state interests furthered by the Anti–SLAPP statute"). Here, requiring Plaintiffs to verify their claim to title at the onset of a lawsuit serves an important state interest of curbing baseless quiet title actions. *See Frio v. Superior Court*, 203 Cal. App. 3d 1480, 1498 (Ct. App. 1988) ("The object of a verification is to assure good faith in the averments or statements of a party.").

The court in *Vargas*, cited by Plaintiffs, did not analyze any of the above factors, as is required. *See Vargas v. HSBC Bank*, No. 11-CV-2729 BEN RBB, 2012 WL 3957994, at *10 (S.D. Cal. Sept. 10, 2012). Far from being "frivolous," Kinder Morgan's argument is in accord with numerous other federal courts that have dismissed quiet title claims for failure to meet the verification requirement. *See, e.g.*, *Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1020, 1031-32 (N.D. Cal. 2010); *Ritchie v. Cmty. Lending Corp.*, No. CV 09-02484DDPJWJX, 2009 WL

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

MEMO. ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

2581414, at *7 (C.D. Cal. Aug. 12, 2009); *Reynoso v. Paul Fin., LLC*, No. 09-3225 SC, 2009 WL 3833298, at *5 (N.D. Cal. Nov. 16, 2009); *Santos v. Countrywide Home Loans*, No. 1:09-CV-00912-AWI-SM, 2009 WL 2500710, at *7 (E.D. Cal. Aug. 14, 2009); *Gammad v. Citimortgage, Inc*., No. C 11-3531 MMC, 2011 WL 6728951, at *4 n.8 (N.D. Cal. Dec. 21, 2011).

### b.      Plaintiffs' Cursory Allegations Do Not Satisfy the Remaining Elements of Quiet Title.

Plaintiffs also have not satisfied the other elements of their quiet title claim. To plead quiet title, the verified complaint must include: "(1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claim." *Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1237 (S.D. Cal. 2009) (citing Section 761.020). Here, Plaintiffs contend that the references to tax parcel numbers for their properties satisfy the requirement that they describe the property. (Opp. at 7:18-27.) Presumably, however, Plaintiffs are seeking to quiet title in the **subsurface** of Union Pacific's right-of-way. Allegations of tax parcel numbers for properties **adjacent to** the right-of-way cannot support Plaintiffs' quiet title claim.

Plaintiffs also contend that all they need do is offer the bare assertion that they are the "fee owners" of the subsurface to satisfy the requirement that they set forth the "basis for their title in the property." (*See* Opp. at 8:9-19.) Not so. "**In a quiet title action, the plaintiff must prevail on the strength of his own title, and not on the weakness of defendant's title**." *Millyard*, 268 Cal. App. 2d at 82 (emphasis added). **Mere legal conclusions of ownership, unsupported by factual aversions, are insufficient to support a quiet title claim**. *See Adesokan v. U.S. Bank, N.A.*, No. 1:11-CV-01236-LJO, 2012 WL 395969, at *4 (E.D. Cal. Feb. 7, 2012) (dismissing quiet title claim because complaint "lack[ed] sufficient facts as

Cooley LLP
Attorneys At Law
San Diego

9

Memo. ISO Kinder Morgan's
Motion To Dismiss / Motion To Strike
Case No. 8:15-CV-00718-JVS-DFM

it relates to the basis of Plaintiff's purported title"), *aff'd*, 582 Fed. App'x 672 (9th Cir. 2014); *Evans v. BAC Home Loans Servicing LP*, No. C10-0656 RSM, 2010 WL 5138394, at *3 (W.D. Wash. Dec. 10, 2010) (dismissing claim where "Plaintiffs fail to make any factual allegations in their complaint to support the legal conclusion that they are the owners of the disputed property"); *Brockway v. JP Morgan Chase Bank*, No. 11CV2982 JM BGS, 2012 WL 2726758, at *4 (S.D. Cal. July 9, 2012) (dismissing claim where complaint "fail[ed] to allege any basis to infer that Plaintiff's interest in the property is superior to the…interest held by Defendants"); *see also Green v. Alliance Title*, No. CIV S-10-0242MCEEFBP, 2010 WL 3505072, at *14 (E.D. Cal. Sept. 2, 2010) (dismissing claim based only on "conclusory allegations").

Plaintiffs also failed to affirmatively allege the "date as of which the determination is sought." *See Tamayo v. World Sav. Bank, FSB*, No. 08CV2287 JLS CAB, 2009 WL 8652543, at *10 (S.D. Cal. July 23, 2009) (dismissing quiet title claim in part because plaintiff failed "to identify the date as of which the determination" was sought); *Moses v. GMAC Mortgage, LLC*, No. 09-CV-1961W (BLM), 2010 WL 2775634, at *5 (S.D. Cal. July 14, 2010) (same); *Ines v. Countrywide Home Loans, Inc.*, No. 08CV1267WQHNLS, 2009 WL 690108, at *5 (S.D. Cal. Mar. 12, 2009) (same). Plaintiffs offer no support for their contention that they can simply point to the date of the COA Opinion, or resort to a "default date," to satisfy this statutory requirement.

Finally, Plaintiffs' attempt to cobble together the remaining elements of this claim by pointing to various scattered paragraphs of their Complaint (*see* Opp. at 9:1-7, 10:7-13), only serves to highlight the uncertainty of their pleading.  Because Plaintiffs have impermissibly pled three causes of action in one count, it is unclear what prayer for relief relates to which claim, or what specifically is the adverse claim to title underlying their quiet title claim.  Plaintiffs have failed to clearly set out their claim for quiet title.  The claim should be dismissed.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10

MEMO. ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

### 2.    Plaintiffs Do Not Plead The Elements Of Slander Of Title.

Nor have Plaintiffs adequately pled slander of title.  Plaintiffs contend that they have pled sufficient factual allegations to show publication of a false statement, pointing to their allegations that Defendants "entered into master agreements in 1955 and 1956 wherein the Railroad rented portions of the subsurface under its right-of-way to the Pipeline."  (Opp. at 11:3-6 (citing SAC ¶¶ 6, 32, 35-36).)  But general allegations of the existence of agreements between the parties do not give any information about the *contents* of the alleged false statements.  *See Chan Tang v. Bank of Am., N.A.*, No. SACV 11-2048 DOC, 2012 WL 960373, at *15 (C.D. Cal. Mar. 19, 2012) (dismissing slander of title claim where plaintiffs had "not alleged which publications caused the alleged slander").

Moreover, Plaintiffs do not allege that the master agreements were recorded or otherwise publically disclosed, and thus Plaintiffs have not pled the publication element.  *See* Judicial Council of California Civil Jury Instructions (CACI) 1730 Slander of Title – Essential Factual Elements ("To establish this claim, [plaintiff] must prove…[t]hat the statement was made to a person other than [plaintiff] ..[or] specify other publication, [such as] became a public record"); *Simmons*, 2015 WL 1503437, at *4 ("a slander of title claim requires an affirmative act of publication"); *Cyr v. McGovran*, 206 Cal. App. 4th 645, 651 (2012) (holding that "[s]lander of title occurs when a person…publishes a false statement that disparages title to property and causes pecuniary loss" and dismissing claim for lack of a publication).

Plaintiffs also point to their allegations that Union Pacific "took the position…before the California courts that it owns the property beneath its tracks – not Plaintiffs and the Class."  (Opp. at 11:13-16 (citing SAC ¶¶ 42-45).)  However, "[t]here is no liability for a slander of title if the defendant was privileged in making the disparaging statement." *Stamas v. Cnty. of Madera*, 795 F. Supp. 2d 1047, 1070 (E.D. Cal. 2011).  Privileged publications include those made in a "judicial proceeding."  CAL. CIV. CODE § 47(b); *see also Silberg v. Anderson*, 50 Cal. 3d

Cooley LLP
Attorneys At Law
San Diego

11

Memo. ISO Kinder Morgan's
Motion To Dismiss / Motion To Strike
Case No. 8:15-CV-00718-JVS-DFM

205, 212 (1990) ("The privilege [in Civil Code Section 47(b)] applies to any publication required or permitted by law in the course of a judicial proceeding…."); *Olszewski v. Scripps Health,* 30 Cal.4th 798, 830 (2003) (same). Statements made by Union Pacific in litigation therefore cannot form the basis of a slander of title claim. *See*, *e.g.*, *eCash Techs., Inc. v. Guagliardo*, 127 F. Supp. 2d 1069, 1082 (C.D. Cal. 2000) (dismissing slander of title claim premised on privileged communication), *aff'd*, 35 Fed. App'x 498 (9th Cir. 2002); *Salazar v. Accredited Home Lenders, Inc.*, No. 10-CV-0319W (AJB), 2010 WL 2674405, at *4 (S.D. Cal. July 2, 2010) (same).

### 3.     Plaintiffs Do Not Plead The Elements Of Ejectment.

As discussed above, Plaintiffs have not pled an ownership interest in the subsurface of Union Pacific's right-of-way, and have not pled that they are entitled to the center line presumption. *See supra* § II(A); *Baugh v. Consumers Assoc. Ltd.*, 241 Cal. App. 2d 672, 675 (1966) (no cause of action for ejectment stated where plaintiff did not plead "ownership disclosing a right to possession). Even if Plaintiffs had pled a sufficient interest in the property, they have not alleged how this would entitle them to eject a longstanding public utility from the right-of-way. Plaintiffs' claim for ejectment is wholly unsupported, and should be dismissed.

### C.     The Section 17200 Claim Seeks Relief That Is Not Available.

Plaintiffs' request under Section 17200 for "benefits and profits" from Defendants "closely resembles a claim for damages, something that is not permitted under the UCL." *Korea Supply v. Lockheed Martin*, 29 Cal. 4th 1134, 1150-51 (2003); *see also Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 465 (2005) (nonrestitutionary disgorgement not recoverable under Section 17200; "plaintiff's assertion that defendants received ill-gotten gain does not make a viable UCL claim unless the gain was money in which plaintiff had a vested interest").

Plaintiffs acknowledge that they can obtain "restitution" of Defendants' profits under Section 17200 only if they have an "ownership interest" in such

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12

MEMO. ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

profits. (Opp. at 12:26-27, 13:18-19).   However, without citing any authority, Plaintiffs argue that they need not allege such ownership interest at the pleading stage. (*Id.* at 13:18-21.)  Plaintiffs are wrong.  *See L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, No. 15-CV-01257-JST, 2015 WL 4397706, at *10 (N.D. Cal. July 17, 2015) (dismissing Section 17200 claim where Plaintiff failed to "allege an ownership interest" in defendant's profits; *BizCloud, Inc. v. Computer Sci. Corp.*, No. C-13-05999 JCS, 2014 WL 1724762, at *4 (N.D. Cal. Apr. 29, 2014) (dismissing Section 17200 claim that did not plead facts showing vested interest in defendant's profits); *Lee Myles Assocs. Corp. v. Paul Rubke Enter., Inc.*, 557 F. Supp. 2d 1134, 1144 (S.D. Cal. 2008) (granting motion to strike demand for "restitutionary damages" under Section 17200 because "[t]he Complaint does not allege that Plaintiff seeks the return of any money or other property Defendants obtained from Plaintiff or in which Plaintiff had a vested interest"); *see also Casault v. Fed. Nat. Mortgage Ass'n*, 915 F. Supp. 2d 1113, 1128-29 (C.D. Cal. 2012) ("plaintiffs…must state with reasonable particularity the facts supporting the statutory elements of the violation" of Section 17200).

Trying to salvage the claim, Plaintiffs contend they are not impermissibly seeking nonrestitutionary disgorgement, but rather are seeking to recover "their land" and "the benefits of their real property from [Kinder Morgan]."  (Opp. at 14:1-13.)  In the SAC, however, Plaintiffs do not request "recovery of their land" under Section 17200.   Instead, Plaintiffs demand "restitution damages for the benefits and profits that unfairly or unlawfully obtained by Defendants, and reasonable attorneys' fees."  (SAC ¶ 110).  Plaintiffs do not specify what those "benefits and profits" are, and under what theory they are entitled to them.  Because Plaintiffs have not alleged a proper claim for relief under Section 17200, the claim should be dismissed, and the improper requests for relief stricken from the SAC.

Cooley LLP
Attorneys At Law
San Diego

13

Memo. ISO Kinder Morgan's
Motion To Dismiss / Motion To Strike
Case No. 8:15-CV-00718-JVS-DFM

Additionally, it is well-settled that Plaintiffs are not entitled to collect attorney's fees under Section 17200. *See*, *e.g.*, *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999); *People ex rel. City of Santa Monica v. Gabriel*, 186 Cal. App. 4th 882, 889 (2010); *Korea Supply*, 29 Cal. 4th at 1148. Nevertheless, Plaintiffs contend that "attorneys' fees are properly awarded under UCL claims…when the action results in a significant benefit, whether pecuniary or nonpecuniary, to a large class of persons." (Opp. at 17:3-15.) In support, Plaintiffs cite cases discussing the ability to recover attorney's fees under an **entirely different statute**: California's "private attorney general" statute, California Code of Civil Procedure section 1021.5 ("Section 1021.5"). (*Id.* at 7:3-12.)

Plaintiffs have not pled a basis for recovery of attorney's fees under Section 1021.5. "[T]he simple fact that a class action involves a sizable number of putative class members does not by itself allow for the recovery of attorneys' fees under section 1021.5." *Gibson v. Chrysler Corp.*, No. C-99-1047 MHP, 1999 WL 1049572, at *11 (N.D. Cal. May 28, 1999), *aff'd in part, rev'd in part on other grounds*, 261 F.3d 927 (9th Cir. 2001)

In any event, Section 1021.5 fees "are not part of the underlying cause of action, but are incidents to the cause and are properly awarded after entry of a judgment." *N. California River Watch v. Fluor Corp.*, No. 10-CV-05105-WHO, 2014 WL 4954638, at *3 (N.D. Cal. Oct. 2, 2014). Accordingly, whether Plaintiffs will ultimately be able to recover fees under Section 1021.5 is irrelevant. As such, Plaintiffs' improper request for attorney's fees should be stricken from the SAC. *See id.* (striking request for attorney's fees which was not supported by any cause of action, notwithstanding potential availability of fees under Section 1021.5).

## III. CONCLUSION

For the reasons stated above and in the Opening Memorandum, Kinder Morgan respectfully requests that the Court grant its Motions, and dismiss Plaintiffs' SAC for failing to adequately plead an ownership interest in the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

14

MEMO. ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

1   subsurface of the right-of-way, which is an essential element of all of Plaintiffs'

2   claims.   Additionally, Kinder Morgan respectfully requests that the Court dismiss

3   Plaintiffs' fourth and fifth causes of action, and strike Plaintiffs' improper requests

4   for relief under Section 17200.

5   Dated: August 24, 2015                    COOLEY LLP
                                              STEVEN M. STRAUSS (99153)
6                                             M. RAY HARTMAN III (211205)
                                              SUMMER J. WYNN (240005)
7                                             CATHERINE J. O'CONNOR (275817)

8

9                                             /s/ Steven M. Strauss
                                              _____
10                                            Steven M. Strauss (99153)

11                                            Attorneys for Defendants
                                              SFPP, L.P., KINDER MORGAN
12                                            OPERATING L.P. "D," and KINDER
                                              MORGAN G.P., INC.

13   120458279

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

15

MEMO. ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM