Norman E. Siegel
Barrett J. Vahle
Ethan M. Lange
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Phone: (816) 714-7100
Fax: (816) 714-7101
*siegel@stuevesiegel.com*
*vahle@stuevesiegel.com*
*lange@stuevesiegel.com*

Attorneys for Plaintiffs Coachella Self Storage, LLC, James Pilcher, Susan Pilcher, Martin Wells and Susan Wells as trustees of the Martin & Susan Wells Revocable Trust, and Charles Serrano and Barbara Sloan as trustees of the Charles Serrano and Barbara Sloan 2012 Revocable Trust

*[See Additional Counsel on Signature Page]*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SFPP Right-of-Way Claims | CASE NO. SACV 15-00718 JVS (DFMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF PLAINTIFFS' LEADERSHIP STRUCTURE**<br><br>**Hearing Date: November 2, 2015**<br>**Time: 1:30 p.m.**<br>**Courtroom: 10C**<br>**Judge: Hon. James V. Selna** |

# <u>TABLE OF CONTENTS</u>

I.     STRUCTURE OF THE PROPOSED APPOINTMENT ...............................2

II.    LEGAL STANDARD FOR THE APPOINTMENT OF PRE-
       CERTIFICATION INTERIM CLASS COUNSEL UNDER FED. R.
       CIV. P. 23(g)...............................................................................................2

III.   NATURE OF THE LITIGATION ...................................................................4

IV.    PROPOSED INTERIM CLASS COUNSEL'S QUALIFICATIONS ............5

A.     Work Performed in Investigating Potential Claims in the Action ..................5

B.     Experience in Handling Class Actions, Other Complex Litigation,
       and the Types of Claims Asserted in the Action, and Knowledge of
       the Applicable Law...........................................................................................8

C.     Counsel Have Committed and Will Continue to Commit Substantial
       Resources to Representing the Class...............................................................13

V.     CONCLUSION.............................................................................................16

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Bernal v. Netflix, Inc.*, No. 5:11-cv-00820 EJD,
    2011 U.S. Dist. LEXIS 89903 (N.D. Cal. Aug. 12, 2011) ...................................3

*Chacanaca v. Quaker Oats Co.*,
    No. C 10-0502 RS, 2011 U.S. Dist. LEXIS 65023 (N.D. Cal. June 14, 2011) ....2

*Douglas v. Haier Am. Trading, LLC*, No. 5:11-cv-02911 EJD (PSG),
    2011 U.S. Dist. LEXIS 91695 (N.D. Cal. Aug. 17, 2011) ...................................3

*White v. Experian Info. Solutions*,
    993 F. Supp. 2d 1154 (C.D. Cal. 2014)................................................................4

*White v. TransUnion, LLC*,
    239 F.R.D. 681 (C.D. Cal. 2006)..........................................................................3

<u>Statutes</u>

29 U.S.C. § 216(b) ......................................................................................................14

<u>Rules</u>

Fed R. Civ. P. 23 ................................................................................... 1, 2, 3, 4, 9

<u>Other Authorities</u>

Manual for Complex Litigation Fourth § 10.22 (2004)............................................3

Manual for Complex Litigation Fourth § 10.221 (2004)..........................................2

Manual for Complex Litigation Fourth § 10.222 (2004)..........................................2

Manual for Complex Litigation Fourth § 21.11 (2004)............................................3

Pursuant to Federal Rule of Civil Procedure 23(g), Plaintiffs in the consolidated lawsuits, *Coachella Self Storage, LLC, et al. v. Union Pacific Railroad Co., et al.*, Case No. SACV 15-00718 JVS (DFMx), *Lidia Rivera, et al. v. Union Pacific Railroad Co., et al.*, Case No. 8:15-cv-01362-JVS-DFM, and *Richard Bagdasarian Inc. v. SFPP, L.P., et al.*, Case No. 8:15-cv-00986, (collectively, "Plaintiffs"), respectfully request the appointment of Norman E. Siegel of Stueve Siegel Hanson LLP ("SSH") and John W. Cowden of Baker Sterchi Cowden & Rice, LLC ("BSCR") as Interim Co-Lead Class Counsel, Thomas S. Stewart of Stewart, Wald & McCulley, LLC ("SWM") as Chairman of the Plaintiffs' Executive Committee, John T. Cu of Hanson Bridgett LLP ("HB") as a member of the Plaintiffs' Executive Committee, and Robert Ahdoot of Ahdoot & Wolfson, PC ("AW") as Liaison Counsel.[1]

The appointment of Interim Class Counsel at a relatively early stage in this proposed class action litigation is in the best interest of the parties, the proposed class and the Court. *See* Fed. R. Civ. P. 23(g). Although Proposed Interim Class Counsel have informally organized in an effort to coordinate the litigation before this Court, a formal appointment will provide efficiencies to the parties and the Court and will avoid uncertainty and confusion regarding who may speak for the proposed class. This is of particular importance as the Plaintiffs begin to engage in pretrial matters including the preparation of a Consolidated Amended Complaint, and meeting and conferring with Defendants on scheduling, discovery and other case management issues. In addition, appointment of interim class counsel will formally empower Plaintiffs' attorneys to make decisions on behalf of the proposed class.

---

[1] Mr. Siegel, Mr. Cowden, Mr. Stewart, Mr. Cu, and Mr. Ahdoot are collectively referred to herein as "Proposed Interim Class Counsel."

1

# I.   STRUCTURE OF THE PROPOSED APPOINTMENT

Consistent with the guidance provided by the Manual for Complex Litigation Fourth §§ 10.221 and 10.222, Plaintiffs jointly propose the following structure for the appointment of Proposed Interim Class Counsel:

**Interim Co-Lead Class Counsel:**

- Norman Siegel of Stueve Siegel Hanson LLP
- John Cowden of Baker Sterchi Cowden & Rice, LLC

**Plaintiffs' Executive Committee:**

- Chairman, Thomas Stewart of Stewart Wald & McCulley, LLC
- John T. Cu of Hanson Bridgett LLP

**Plaintiffs' Liaison Counsel:**

- Robert Ahdoot of Ahdoot & Wolfson, PC

# II.   LEGAL STANDARD FOR THE APPOINTMENT OF PRE-CERTIFICATION INTERIM CLASS COUNSEL UNDER FED. R. CIV. P. 23(g)

Federal Rule of Civil Procedure 23(g)(3) grants federal district courts authority to appoint pre-certification "interim" class counsel. *See* Fed. R. Civ. P. 23(g)(3). The 2003 Advisory Committee Notes explain that interim counsel should be appointed "if necessary to protect the interests of the putative class," and may be appropriate in cases of "rivalry or uncertainty." *Id.*; 2003 Advisory Committee Notes. "Appointment of interim class counsel during the pre-certification period may be appropriate, as 'it will usually be important for an attorney to take action to prepare for the certification decision.'" *Chacanaca v. Quaker Oats Co.*, No. C 10-0502 RS, 2011 U.S. Dist. LEXIS 65023, at *5-6 (N.D. Cal. June 14, 2011) (quoting Advisory Committee Note to Rule 23(g)(2)(A) (2003 amendments)).

MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
PLAINTIFFS' LEADERSHIP STRUCTURE
CASE NO. SACV 15-00718 JVS (DFMx)

"This is particularly true in a situation where there are a 'number of overlapping duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, [and] a number of lawyers may compete for class counsel appointment.'" *Id.* at *6 (quoting Manual for Complex Litigation Fourth § 21.11 (2004)). "'In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities.'" *Id.*; *see also White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006); *Bernal v. Netflix, Inc.*, No. 5:11-cv-00820 EJD, 2011 U.S. Dist. LEXIS 89903, at *7-11 (N.D. Cal. Aug. 12, 2011); *Douglas v. Haier Am. Trading, LLC*, No. 5:11-cv-02911 EJD (PSG), 2011 U.S. Dist. LEXIS 91695, at *3-5 (N.D. Cal. Aug. 17, 2011). Moreover, the Manual for Complex Litigation encourages self-ordering as counsel have done here. *See* Manual for Complex Litigation Fourth § 10.22.[2]

Fed R. Civ. P. 23(g)(2) provides that interim counsel can be appointed if that counsel is adequate under the Rule 23(g)(1) factors, and will "fairly and adequately represent the interests of the class" under Rule 23(g)(4). The Court must determine whether the applicants are "able to provide the representation called for by paragraph (1)(B) in light of the factors identified in paragraph (1)(C)." *Id.*

---

[2] On July 1, 2015, 8 weeks after Proposed Interim Class Counsel began filing the actions now consolidated here, attorney Frank Bottini filed *Monica Rodriguez Elpidio, et al. v. Union Pacific Railroad Company, et al.*, No. 3:15-cv-03071-PJH (N.D. Cal.) ("*Elpidio* Action"). On September 18, 2015, the *Elpidio* Action was transferred to the Central District. *See Elpidio* Action, Doc. No. 32. Despite the comparatively late filing of *Elpidio*, and as part of their efforts to organize the litigation, Proposed Interim Class Counsel sought to include Mr. Bottini as a member of the proposed Executive Committee. Mr. Bottini declined. *See* Declaration of Norman E. Siegel (hereinafter "Siegel Dec.") at ¶ 16. Nevertheless, should this Court grant this Motion, Proposed Interim Class Counsel intend to call on Mr. Bottini to assist in the litigation on an as needed basis at the direction of Interim Co-Lead Class Counsel.

3

MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
PLAINTIFFS' LEADERSHIP STRUCTURE
CASE NO. SACV 15-00718 JVS (DFMx)

In evaluating adequacy under Rule 23(g)(1)(B), the Court looks to the factors identified in paragraph (1)(A):

(1) the work counsel has done in identifying or investigating potential claims in the action;

(2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(3) counsel's knowledge of the applicable law; and

(4) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

Beyond the four considerations set forth in Rule 23(g)(1)(A), the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see White v. Experian Info. Solutions*, 993 F. Supp. 2d 1154, 1170 (C.D. Cal. 2014).

This case satisfies all of the criteria for the appointment of pre-certification interim class counsel. There are presently "overlapping, duplicative, or competing suits" filed by different sets of counsel which involve the rights of the very same California property owners.

## III.   NATURE OF THE LITIGATION

Defendants SFPP, L.P., Kinder Morgan Operating L.P. "D," and Kinder Morgan G.P., Inc. operate a subterranean petroleum pipeline that runs beneath the rights-of-way of Defendant Union Pacific Railroad Company through six Western States, including California, Arizona, New Mexico, Nevada, Oregon, and Texas. Several Plaintiffs separately filed initial complaints, now consolidated before this Court, on behalf of a putative class of persons who own real property that abuts the railroad right-of-way and the below-ground pipeline, and which includes the subsurface of the railroad right-of-way. Plaintiffs allege that for nearly five

MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF PLAINTIFFS' LEADERSHIP STRUCTURE
CASE NO. SACV 15-00718 JVS (DFMx)

1   decades, Union Pacific has purported to lease an easement in the subsurface to the
2   operators of the pipeline (various affiliates of Kinder Morgan), and has collected
3   and attempted to collect more than $200 million in rents for the pipeline's use of
4   the subsurface of the railroad's right-of-way.

5          Several federal and state court decisions have held that railroads like Union
6   Pacific do not own the subsurface beneath their rights-of-way and have no legal
7   right to commercially profit from the use of the subsurface for non-railroad
8   purposes. These significant legal rulings include a 2014 ruling from the United
9   States Supreme Court regarding railroad rights-of-way, and a November 5, 2014
10  appellate decision of the California Court of Appeals for the Second Appellate
11  District that held, specifically with respect to the pipeline at issue in this action,
12  that Union Pacific did not hold fee title to the majority of its right-of-way and has
13  no legal right to "lease" the subsurface to the pipeline or to collect rents for such
14  use. Instead, the fee owners of the adjacent real property own the subsurface below
15  the railroad's right-of-way. This action is an attempt to recover for the putative
16  class unpaid rents, damages, and equitable relief associated with the Defendants'
17  trespass upon the Plaintiffs' real property and wrongful occupation of the same
18  without due compensation.

19  **IV.    PROPOSED INTERIM CLASS COUNSEL'S QUALIFICATIONS**

20          **A.    Work Performed in Investigating Potential Claims in the Action**

21          Proposed Interim Class Counsel have comprehensively investigated the
22  potential claims in these actions. In March, an attorney with the BSCR firm
23  traveled to California for the first review of the appellate and trial records
24  associated with the Rent Action,[3] and reviewed more than 3,000 pages of records.

25  
26  [3] The "Rent Action" refers to the lawsuit filed by Union Pacific to collect rents
    from the Kinder Morgan defendants for the operation of the subsurface pipeline,
27  captioned *Union Pacific Railroad Co. v. Santa Fe Pacific Pipelines, Inc., et al.*,

28  
MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
PLAINTIFFS' LEADERSHIP STRUCTURE
CASE NO. SACV 15-00718 JVS (DFMx)

*See* Declaration of John W. Cowden (hereinafter "Cowden Dec.") at ¶ 8. Since then SWM has analyzed between 25,000 and 30,000 pages of appellate records and trial transcript. *See* Siegel Dec. at ¶ 12. The BSCR, SSH, and SWM firms commenced legal research and historical investigation regarding the various 19th Century railroads to whose rights Union Pacific has succeeded, the history of railroad development in the West, land patents and various other historical land title investigations, and research into the corporate histories of the defendants. *See* Cowden Dec. at ¶ 8; Siegel Dec. at ¶ 12. Proposed Interim Class Counsel include the firms who were first to file suit on behalf of California landowners.

Over the course of two months, the BSCR, SWM, SSH, and HB firms conducted "town hall" meetings in California and in every state implicated by these claims. *See* Cowden Dec. at ¶ 9; Siegel Dec. at ¶ 12. Proposed Interim Class Counsel have also researched and reviewed real property data and interacted with local county assessors in 24 California counties to identify potential class members. *See* Cowden Dec. at ¶ 9; Siegel Dec. at ¶ 12. Proposed Interim Class Counsel's investigation has been thorough, meticulous, and original.

As of the date of this filing, Proposed Interim Class Counsel collectively represent over 150 putative class members. *See* Cowden Dec. at ¶ 10; Siegel Dec. at ¶ 12. Proposed Interim Class Counsel have already invested well in excess of 3,000 hours of attorney and paralegal time prosecuting claims against Defendants. *See* Cowden Dec. at ¶ 10; Siegel Dec. at ¶ 12.

Additionally, Proposed Interim Class Counsel have already established case management protocols, including dividing labor to avoid duplication of tasks and implementing uniform time-keeping standards. *See* Siegel Dec. at ¶ 17. By

case no. BC 319170, Los Angeles Superior Court, *aff'd in part and rev'd in part*, 231 Cal. App. 4th 134 (Cal. App. 2d Dist. 2014).

MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
PLAINTIFFS' LEADERSHIP STRUCTURE
CASE NO. SACV 15-00718 JVS (DFMx)

agreeing to case management protocols, Proposed Interim Class Counsel are efficiently and comprehensively litigating the important issues in this lawsuit.

A particularly challenging aspect of the investigation of these claims has been identifying the locations of the pipeline. *See* Cowden Dec. at ¶ 11. Publicly-available records of the location of the pipeline buried within Union Pacific's right-of-way are limited, and reconstructing the path of the pipeline within the right-of-way poses particular challenges. *See id.* Proposed Interim Class Counsel recognized, however, that identifying the location of the pipeline within Union Pacific's right-of-way was critical to developing and analyzing the putative class members' claims, and identifying these class members, including representative named plaintiffs for the class. *See id.* A significant barrier to accurately identifying the location of the pipeline is that the pipeline does not run continuously within Union Pacific's right-of-way. *See id.* at ¶ 12. The pipeline occupies 496 fragmented segments which are located intermittently throughout the Union Pacific corridor. *See id.* These fragmented segments range in size from a simple track crossing to a 71.8 mile segment. *See id.*

As part of their investigation, Proposed Interim Class Counsel have investigated and continue to investigate the extent and origins of Union Pacific's right-of-way, including historical records, records developed in prior litigation between and among the defendants (including maps and not-to-scale line drawings), federal pipeline mapping data, GPS coordinates of railroad mileposts, and other relevant documentation and testimony. *See id.* at ¶ 13. The depth and breadth of Proposed Interim Class Counsel's investigation fully satisfies the criteria for appointment of Proposed Interim Class Counsel as interim class counsel.

MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
PLAINTIFFS' LEADERSHIP STRUCTURE
CASE NO. SACV 15-00718 JVS (DFMx)

**B.      Experience in Handling Class Actions, Other Complex Litigation, and the Types of Claims Asserted in the Action, and Knowledge of the Applicable Law**

Proposed Interim Class Counsel have broad and extensive experience in handling class actions, federal court MDL proceedings, federal court collective actions, and other complex actions, as well as the types of claims asserted in this action. Proposed Interim Class Counsel also have thorough and unparalleled knowledge of the applicable law. Proposed Interim Class Counsel bring to bear experience that is unique and critical to this case.

Attorneys Norman Siegel, Jason Hartley, Barrett Vahle, and Ethan Lange of SSH have worked on this litigation since its inception, and have extensive, nationwide experience in class actions and other complex litigation. SSH is an AV® rated law firm with 31 lawyers in offices in California, Missouri, and New York. *See* Siegel Dec. at ¶¶ 1 & 3. All of SSH's lawyers are dedicated to the practice of litigation full time. *See id.* at ¶ 3. The firm is made up of trial lawyers that have practiced at large law firms or served as government lawyers or state or federal law clerks. *See id.* The firm is able to call upon a deep bench of experienced partners and associates, many of whom are former state or federal law clerks, including four former United States Circuit Court of Appeals clerks, six former United States District Court clerks, one former state Supreme Court clerk, and two former state Court of Appeals clerks. *See id.* The firm has a nationwide practice that focuses on complex commercial and class litigation and trials. *See id.* at ¶ 4. The firm has been recognized by courts throughout the country for its ability and experience in handling major complex litigation, including class actions and MDLs. *See id.* at ¶ 6.

MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
PLAINTIFFS' LEADERSHIP STRUCTURE
CASE NO. SACV 15-00718 JVS (DFMx)

Proposed Interim Co-Lead Counsel Norman E. Siegel is a founding partner of SSH with expansive experience in multi-district and complex litigation. *See id.* at ¶ 1. Mr. Siegel and SSH have been appointed to the leadership of multi-district proceedings or as lead counsel pursuant to Rule 23(g) in federal actions from coast-to-coast.[4] *See id.* at ¶ 7. Mr. Siegel has also served as lead counsel in class actions litigated in this Court, including *Parkinson v. Hyundai Motor America*, 796 F. Supp. 2d 1160 (C.D. Cal. 2010) (serving as co-lead counsel in case alleging Hyundai sold vehicles with defective flywheel systems; in describing settlement the Hon. Alicemarie Stotler held: "the benefit obtained for the class is quite favorable . . . and the claims process has been made strikingly simple.") and *Roy v. Hyundai Motor America*, No. 05-CV-0483-AHS (C.D. Cal. 2006) (serving as co-lead counsel in case alleging passenger side airbag sensors did not recognize smaller adults; court held that the settlement, which included recalibration of the

---

[4] Recent federal appointments include but are not limited to: *In re: Syngenta AG MIR 162 Corn Litig.*, No. 14-md-02591 (D. Kan.), *In re: Pre-Filled Propane Tank Antitrust Litig.*, No. 14-md-0567 (W.D. Mo.); *In re: Target Corp. Customer Data Security Breach Litig.*, MDL No. 2522 (D. Minn.); *In re: The Home Depot, Inc., Customer Data Security Breach Litig.*, 1:14-md-02583-TWT (N.D. Ga.); *In re: Simply Orange Juice Mktg. and Sales Practices Litig.*, MDL No. 2361 (W.D. Mo.); *In re: Bank of America Wage and Hour Employment Practices Litig.*, 2:12-cv-08681 (D. Kan.); *In re: Peregrine Financial Group Customer Litig.*, No. 1:12-cv-5546 (N.D. Ill.); *Leiszler, et al v. Align Technologies,* No. 3:10-CV-2010 (N.D. Cal.); *In re Aftermarket Automotive Lighting Prods. Antitrust Litig.,* No. 2:09-ML-2007 (C.D. Cal.); *Zeismer, et al. v. Linens-N-Things*, No. 06-CV-1194 (S.D. Cal.); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 1:05-MD-1720 (E.D.N.Y.); *Fond du Lac Bumper v. Gordon.*, No. 2:09-CV-0852 (E.D. Wis.); *In Re: H&R Block, Inc., Express IRA Mktg. Litig.*, No. 4:06-MD-01786 RED (W.D. Mo.); *In re: Pre-Filled Propane Tank Mktg. and Sales Practices Litig.*, No. 4:09-MD-02086 (W.D. Mo.); *Khaliki v. Helzberg Diamond Shops*, No. 4:11-CV-00010-NKL (W.D. Mo.); and *In re Urethanes Antitrust Litig.*, No. 2:04-MD-1616-JWL (D. Kan.). *See* Siegel Dec. at ¶ 7.

MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
PLAINTIFFS' LEADERSHIP STRUCTURE
CASE NO. SACV 15-00718 JVS (DFMx)

air bag sensor, was a "win- win" for the parties). *See id.* at ¶ 8. Additionally, Mr. Siegel has extensive experience in property rights and trespass cases including as lead counsel in *Henry, et al. v. The Dow Chemical Co.*, Case No. 03-47775-NZ (Saginaw County, Michigan), where he represents hundreds of property owners related to The Dow Chemical Company's pollution of the Tittabawassee River, and in *Sparks, et al. v. The Premcor Refining Co.*, Case No. 03-L-1053 (Madison County, Illinois) where he recovered $40 Million for residents of the village of Hartford, Illinois in litigation involving an underground gas plume caused by leaking pipelines. *See id.* at ¶ 10.

Proposed Interim Co-Lead Counsel John W. Cowden of BSCR is a former Assistant Attorney General of the state of Missouri, and has been an active trial lawyer for over 35 years. *See* Cowden Dec. at ¶ 3. He is a Fellow of the American College of Trial Lawyers, and has been recognized by the Kansas City Metropolitan Bar Association as a Dean of the Trial Bar. *See id.* Mr. Cowden has represented clients in a variety of consumer class actions in the automotive, pharmaceutical, consumer credit, and telecommunications industries; in an employment class action in the airline industry; in MDL proceedings in the aircraft and medical devices industries; and in other consolidated proceedings in the automobile and airline industries. *See id.* at ¶ 4. He has also represented clients in cases involving land use, including a lawsuit alleging chemical contamination of ground water, and a coverage dispute involving landowners' rights where a telecommunications company had installed fiber optic cable along railroad rights-of-way. *See id.*

Proposed Executive Committee Chair Thomas S. Stewart and the lawyers comprising SWM have handled numerous property rights class actions. *See generally* Siegel Dec. at ¶ 15 & its Ex. B; http://www.swm.legal. They have

1    obtained settlements of over $225 million on behalf of property owners, and

2    personally settled nearly all of the largest "rails-to-trails" cases to date, including

3    the largest such case in history. *See id.* They have successfully represented

4    property owners in California as well as many other states. *See id.* Additionally,

5    SWM's lawyers have represented thousands of private landowners in similar cases

6    as the present lawsuit and are currently handling approximately 50 "rails-to-trails"

7    cases, including handling the vast majority of such cases currently pending in the

8    Court of Federal Claims in Washington, D.C. *See id.* The current lawsuit involves

9    claims relating to railroad property rights, an area of the law SWM is intimately

10   familiar with given its lawyers' primary focus on "rails-to-trails" litigation. *See id.*

11   With their extensive experience in large, complex cases such as this, SWM is well-

12   qualified to represent the putative class members. *See id.*

13       Attorneys Thomas Stewart, Elizabeth McCulley, and Steven Wald of SWM

14   and J. Robert Sears of BSCR are preeminent experts in litigating landowner claims

15   with regard to property rights along railroad rights-of-way, including extensive

16   experience with dozens of "rails-to-trails" cases seeking compensation for

17   landowner classes. *See* Cowden Dec. at ¶ 5. Attorneys for SWM have been

18   designated class counsel in twenty-one "rails-to-trails" cases. *See generally* Siegel

19   Dec. at ¶ 15 & its Ex. B. Both the BSCR and SWM firms maintain a "rails-to-

20   trails" practice group, which litigates the rights of property owners adjacent to

21   railroad rights of way that have been abandoned by the railroads and converted to

22   recreational use without compensation to the adjacent fee owners. *See* Cowden

23   Dec. at ¶¶ 5-6.

24       Proposed Executive Committee Member John T. Cu and attorneys with HB

25   are experienced in litigating complex class action, real property, and land use cases

26   throughout California. *See generally* Cowden Dec. at ¶ 14 & its Ex. B. In addition,

27

28

MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
PLAINTIFFS' LEADERSHIP STRUCTURE
CASE NO. SACV 15-00718 JVS (DFMx)

the firm has unparalleled expertise in the railroad industry, having served as general counsel to the Peninsula Corridor Joint Powers Board ("JPB"), which operates the Caltrain commuter rail service in the San Francisco Bay Area, since its inception more than twenty years ago. *See id.* The firm served as lead counsel for JPB in its acquisition of the railroad right-of-way from Southern Pacific, which at the time was one of the largest real estate transactions in the history of the state of California. *See id.* As General Counsel to JPB and Caltrain, HB has acquired extensive experience with railroad rights-of-way and has been involved in all aspects of the creation and operation of a commuter rail property in Northern California. *See id.*

Mr. Cu is also an experienced trial lawyer with significant jury trial experience. *See* Cowden Dec. at ¶ 14 & its Ex. B. He has extensive complex litigation experience in the areas of contracts, real estate, unfair competition, business torts, trade secrets, and products liability. *See id.* Mr. Cu also has experience litigating environmental, toxic tort, subrogation, and contribution disputes in insurance coverage cases. *See id.* Prior to joining HB, Mr. Cu served as a deputy district attorney for Contra Costa County, where he served as trial supervisor for the municipal trial team for the Western Criminal Division of Contra Costa County. *See id.*

Proposed Liaison Counsel Robert Ahdoot is a highly skilled litigator who has extensive class action experience. *See generally* Siegel Dec. at ¶ 15 & its Ex. C. Mr. Ahdoot and AW have been appointed to the leadership of multi-district proceedings or as lead counsel pursuant to Rule 23(g) in many federal actions in the following actions, including: *Chimeno-Buzzi v. Hollister Co., et al.,* Case No. 1:14-cv-23120-MGC (S.D. Fla.); *Pappas v. Naked Juice Co. of Glendora, Inc.*, Case No. 2:11-cv-8276-JAK-PLA (C.D. Cal.); *Carey v. New Balance Athletic*

*Shoe, Inc.*, Case Nos. 1:11-cv-10632-LTS & 1:11-cv-10001-LTS (D. Mass.); *West v. ExamSoft Worldwide Inc.*, Case No. 14-cv-22950-UU (S.D. Fla.); *In Re: Hain Celestial Seasonings Products Consumer Litig.*, Case No. 13-cv-01757-AG-AN (C.D. Cal.); *In re: Whole Foods Market, Inc., Greek Yogurt Marketing and Sales Practices Litig.*, Case No. 1:14-MC-02588-SS (W.D. Tex.); *In re: Premera Blue Cross Customer Data Sec. Breach Litig.*, Case No. 15-md-02633-SI (D. Or.); *Remijas, et al. v. Neiman Marcus Group, LLC*, Case No. 14-cv-1735 (N.D. Ill.); *The Home Depot, Inc., Customer Data Security Breach Litig.*, Case No. 1:14-md-02583-TWT (N.D. Ga.). *See id.* In addition, Mr. Ahdoot and AW maintain an office in this District, which will assist the Court and parties in managing procedural and logistical activities in this matter. *See id.*

As shown above, Proposed Interim Class Counsel are exceptionally well-qualified to shepherd this litigation.

**C.   Counsel Have Committed and Will Continue to Commit Substantial Resources to Representing the Class**

Proposed Interim Class Counsel's combined extensive experience in bringing and defending complex cases and class actions such as this one demonstrates that Proposed Interim Class Counsel fully understand the substantial investment of time and resources necessary to pursue and lead this litigation, and these firms are committed to making the necessary investment. As noted above, Proposed Interim Class Counsel have already devoted more than 3,000 hours of attorney and paralegal time to investigating and advancing litigation against Defendants. Proposed Interim Class Counsel have assembled a team of experts consisting of the three most experienced appraisers in Trails Act takings cases, one of the most preeminent mapping firms in the country, and a railroad title expert with over 35 years of experience evaluating title issues with respect to railroads.

*See* Siegel Dec. at ¶ 12. Proposed Interim Class Counsel have the resources and the commitment to serve as class counsel.

Proposed Interim Co-Lead Counsel Norman E. Siegel and SSH are willing and able to commit to this litigation, however long it takes to resolve. *See* Siegel Dec. at ¶ 13. Few of SSH's cases resolve quickly, and SSH is accustomed to cases that require multi-year investments and significant labor. *See id.* Although the firm is committed to efficient resolution of all disputes, it is not unusual for SSH to invest thousands of hours in its cases in pursuit of a positive result for its clients. *See id.* Just in the past few years the firm has spent nearly 30,000 hours litigating a complex, multi-party antitrust suit on behalf of grocers and wholesalers against egg producers and industry trade groups; nearly 25,000 hours litigating a consumer class case for economic damages against a pharmaceutical company; and over 15,000 hours litigating a multi-district collective action under 29 U.S.C. § 216(b) against a national bank. *See id.* Regarding the latter case, the MDL court observed that "[t]he number of hours spent on the litigation by plaintiffs' counsel—all of whom are highly skilled and experienced in the subject area—verifies the significant time and labor required by this MDL."[5] *See id.*

Proposed Interim Co-Lead Counsel John W. Cowden is prepared to commit to this case. BSCR is a substantial firm, specializing in litigation, with 29 lawyers, which has already committed substantial resources to this case, and has every intention of continuing to do so. *See* Cowden Dec. at ¶¶ 1, 5-7 & 15. BSCR is no stranger to litigation of this type, and has represented landowner plaintiffs in a multitude of "rails-to-trails" lawsuits spanning a period of 6 years. *See id.* at ¶ 5.

---

[5] *In re: Bank of America Wage And Hour Employment Practices Litig.*, No. 10-MD-2138, Dkt. No. 653, at 7 (D. Kan. Dec. 13, 2013).

MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
PLAINTIFFS' LEADERSHIP STRUCTURE
CASE NO. SACV 15-00718 JVS (DFMx)

The "rails-to-trails" litigation has had BSCR's consistent and robust support, and the current pipeline litigation will receive similar support from BSCR. *See id.*

Proposed Executive Committee Chair Thomas S. Stewart and SWM's proven track record in the "rails-to-trails" arena demonstrates their ability and willingness to commit the necessary resources, including expertise and time, to push this lawsuit forward to conclusion. *See generally* Siegel Dec. at ¶ 15 & its Ex. B; http://www.swm.legal. Similarly, Proposed Executive Committee Member John T. Cu is supported by HB, which is one of the largest firms in Northern California, and has contributed significant resources to this litigation and will continue to do so. *See* Cowden Dec. at ¶ 14. Likewise, Proposed Liaison Counsel Robert Ahdoot and AW have proven time and time again that they will commit the necessary resources and efforts to best represent the interests of the class. *See generally* Siegel Dec. at ¶ 15 & its Ex. C.

Proposed Interim Class Counsel have strong systems and information technology capabilities, and each has a dedicated team of litigation support specialists to assist their clients and attorneys during discovery, pretrial and trial, thus ensuring the necessary technological support for this litigation. *See* Cowden Dec. at ¶ 15; Siegel Dec. at ¶ 11. The firms utilize advanced information technology platforms to manage everything from document storage and retrieval, to electronic discovery and the encryption of personal mobile devices. *See* Cowden Dec. at ¶ 15; Siegel Dec. at ¶ 11. The firms use managed services, lessening the need for extensive computer hardware infrastructures and the staffing hours needed to maintain a traditional office-based system. *See* Cowden Dec. at ¶ 15; Siegel Dec. at ¶ 11. This software delivery model allows the firms' attorneys to securely access and work with information from a computer or mobile device from anywhere. *See* Cowden Dec. at ¶ 15; Siegel Dec. at ¶ 11. The firms also utilize

MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
PLAINTIFFS' LEADERSHIP STRUCTURE
CASE NO. SACV 15-00718 JVS (DFMx)

host-based e-discovery applications offered by a variety of vendors to manage the document review process with efficiency, saving valuable time and money. *See* Cowden Dec. at ¶ 15; Siegel Dec. at ¶ 11.

## V.      CONCLUSION

For all of the foregoing reasons, the Court should grant this Motion pursuant to Rule 23(g) for the appointment of Plaintiffs' leadership structure; and should appoint Norman E. Siegel of Stueve Siegel Hanson LLP and John W. Cowden of Baker Sterchi Cowden & Rice, L.L.C. as Interim Co-Lead Class Counsel, Thomas S. Stewart of Stewart, Wald & McCulley, LLC as the Chairman of the Plaintiffs' Executive Committee, John T. Cu of Hanson Bridgett LLP as a member of the Plaintiffs' Executive Committee, and Robert Ahdoot of Ahdoot & Wolfson, PC as Liaison Counsel. A proposed order, consistent with the guidelines set forth in the Manual for Complex Litigation, has been separately provided for the Court's consideration.

DATED:  September 24, 2015                    Respectfully submitted,

                                             /s/ Norman E. Siegel
                                             Norman E. Siegel
                                             Barrett J. Vahle
                                             Ethan M. Lange
                                             STUEVE SIEGEL HANSON LLP
                                             460 Nichols Road, Suite 200
                                             Kansas City, Missouri 64112
                                             Phone: (816) 714-7100
                                             Fax: (816) 714-7101
                                             *siegel@stuevesiegel.com*
                                             *vahle@stuevesiegel.com*
                                             *lange@stuevesiegel.com*

Jason S. Hartley
STUEVE SIEGEL HANSON LLP
550 West C Street, Suite 1750
San Diego, CA 92101
Phone: (619) 400-5822
Fax: (619) 400-5832
*hartley@stuevesiegel.com*

Thomas S. Stewart
Elizabeth G. McCulley
(*pro hac vice forthcoming*)
STEWART, WALD & MCCULLEY, LLC
9200 Ward Parkway, Suite 550
Kansas City, Missouri 64114
Phone: (816) 303-1500
Fax: (816) 527-8068
*stewart@swm.legal*
*mcculley@swm.legal*

Steven M. Wald
(*pro hac vice forthcoming*)
STEWART, WALD & MCCULLEY, LLC
100 North Broadway, Suite 1580
St. Louis, Missouri 63102
Phone: (314) 720-6190
Fax: (314) 899-2925
*wald@swm.legal*

*Attorneys for Plaintiffs Coachella Self
Storage, LLC, James Pilcher, Susan
Pilcher, Martin Wells and Susan
Wells as trustees of the Martin &
Susan Wells Revocable Trust, and
Charles Serrano and Barbara Sloan
as trustees of the Charles Serrano and
Barbara Sloan 2012 Revocable Trust*

/s/ John T. Cu
Andrew G. Giacomini
John T. Cu
HANSON BRIDGETT LLP
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
*agiacomini@hansonbridgett.com*
*jcu@hansonbridgett.com*

John W. Cowden
Angela M. Higgins
(*pro hac vice forthcoming*)
BAKER STERCHI COWDEN & RICE,
L.L.C.
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288

J. Robert Sears
Caroline M. Tinsley
(*pro hac vice forthcoming*)
BAKER STERCHI COWDEN & RICE,
L.L.C.
1010 Market Street, Suite 950
St. Louis, MO 63101
Telephone: (314) 231-2925

*Attorneys for Plaintiffs Lidia Rivera, Enrique Molina, Alan Willsmore and Shelley Willsmore as Trustees for the Willsmore Trust, Kenneth R. Hansen, as Trustee for the Hansen Family Trust, Connie Sanchez and David Sanchez, as Trustees for the Sanchez Family Trust 11-11-11, Ravinder S. Thiara and Sureena Thiara, and Mary Cruz*

18
MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
PLAINTIFFS' LEADERSHIP STRUCTURE
CASE NO. SACV 15-00718 JVS (DFMx)

1

2

3

4

5

6

7

8

9

10

                                      /s/ Robert Ahdoot

                                        Robert Ahdoot
Tina Wolfson
Theodore W. Maya
Bradley K. King
AHDOOT & WOLFSON, PC
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111
Fax: (310) 474-8585
*rahdoot@ahdootwolfson.com*
*twolfson@ahdootwolfson.com*
*tmaya@ahdootwolfson.com*
*bking@ahdootwolfson.com*

*Attorneys for Plaintiff Richard Bagdasarian Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
PLAINTIFFS' LEADERSHIP STRUCTURE
CASE NO. SACV 15-00718 JVS (DFMx)

## ATTESTATION

I attest that all signatories above, on whose behalf the filing of this document is submitted, concurred regarding this document's contents and have authorized the filing.

/s/ Norman E. Siegel
Norman E. Siegel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of September, 2015, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means pursuant to Local Civil Rule 5-3.2, as more fully reflected on the Notice of Electronic Filing.

/s/ Norman E. Siegel
Norman E. Siegel