Joseph Rebein (Admitted *Pro Hac Vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
jrebein@shb.com

Tammy B. Webb, SBN 227593
John K. Sherk III, SBN 295838
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104
Telephone:   415-544-1900
Facsimile:   415-391-0281
tbwebb@shb.com
jsherk@shb.com

*Attorneys for Defendant*
Union Pacific Railroad Company

COOLEY LLP
STEVEN M. STRAUSS (99153)
(SMS@COOLEY.COM)
M. RAY HARTMAN III (211205)
(RHARTMAN@COOLEY.COM)
SUMMER J. WYNN (240005)
(SWYNN@COOLEY.COM)
CATHERINE J. O'CONNOR (275817)
(COCONNOR@COOLEY.COM)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendants
SFPP, L.P., KINDER MORGAN OPERATING
L.P. "D," and KINDER MORGAN G.P., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SFPP Rights-of-Way Claims | Case No. 8:15-cv-00718-JVS-DFM<br><br>**JOINT STATEMENT IN RESPONSE TO MOTION FOR APPOINTMENT OF PLAINTIFFS' LEADERSHIP STRUCTURE**<br><br>Judge: Hon. James V. Selna<br>Date: November 2, 2015<br>Time: 1:30 p.m.<br>Courtroom: 10C – Santa Ana |

    Defendants SFPP, L.P., Kinder Morgan Operating L.P. "D," and Kinder Morgan G.P., Inc. (collectively, "Kinder Morgan") and Union Pacific Railroad Company do not oppose this motion on substantive grounds, but assert that the motion is premature given the current status of the consolidated cases and does not appear to create a more efficient structure.[1] Defendants do not object to appointment of lead putative class counsel for purposes of efficiency. But Plaintiffs' proposal does not appear to be more efficient at this stage.

    Undoubtedly, there are situations pre-certification where the appointment of interim class counsel is necessary. As Plaintiffs note, the Manual on Multi-District Litigation sets out some of the circumstances that may necessitate the appointment of interim counsel to protect the putative class pre-certification including competition among a number of lawyers for eventual class counsel appointment or "overlapping, duplicative, or competing suits in other federal courts or in state courts." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11. But given that Plaintiffs do not point to any

---

[1] Defendants do not agree with Plaintiffs' factual and legal assertions in the motion, and will dispute Plaintiffs' allegations at the appropriate time.

special circumstances or increased efficiencies that would necessitate this move, Plaintiffs' motion is premature.

Other courts have found similar motions to be premature when consolidated or coordinated actions are still in the pleading and dispositive motion stages. *See In re Nest Labs Litig.*, Case No. 14-cv-01363-BLF, 2014 U.S. Dist. LEXIS 115596 (N.D. Cal. Aug. 18, 2014); *Yaeger v. Subaru of Am., Inc.*, Case No. 14-cv-4490, 2014 U.S. Dist. LEXIS 182090 (D.N.J. Oct. 8, 2014); *Kuzian v. Electrolux Home Prods.*, 937 F. Supp. 2d 599 (D.N.J. 2013); *Sajfr v. BBG Commc'n, Inc.*, 2011 U.S. Dist. LEXIS 18599 (S.D. Cal. Feb. 25, 2011). Just as in *Nest Labs Litig.*, Plaintiffs seek appointment even though there is only one consolidated action with a soon-to-be-filed consolidated complaint. 2014 U.S. Dist. LEXIS 115596, at *3-4. There are also no "special circumstances" currently that would necessitate the appointment of interim class counsel. *Accord Nest Labs Litig.*, 2014 U.S. Dist. LEXIS 115596, at *4 (noting that Plaintiffs did not identify any "special circumstances" that would "warrant[] the appointment of interim class counsel"); *Yaeger*, 2014 U.S. Dist. LEXIS 182090, at *6 (noting that Plaintiffs' counsel did not "identify particular issues/concerns relevant to the orderly and efficient adjudication of this litigation on a putatively class basis"). There does not appear to be "a gaggle of law firms jockeying to be appointed class counsel." *Nest Labs Litig.*, 2014 U.S. Dist. LEXIS 115596, at *4 (internal quotation omitted); *see also Gedalia v. Whole Foods Mkt. Servs.*, 2014 U.S. Dist. LEXIS 137427, at *5 (S.D. Tex. Sept. 29, 2014) (noting that when interim counsel is appointed it is often because multiple lawyers sought designation but that courts have denied these motions "where no competition between law firms exist"). Plaintiffs do mention in a footnote the *Elpidio* action that is currently being transferred for consolidation in this Court. (Pls.' Mot. 3 n.2.) But Plaintiffs do not contend that there have been any problems with coordination. Nor do Plaintiffs illustrate any prejudice faced by the putative class by a lack of interim class counsel. *Accord Gedalia*, 2014

U.S. Dist. LEXIS 137427, at *4 (deciding whether prejudice to the class had been demonstrated as part of determination on the necessity of interim counsel).

Rather than streamline the process, Plaintiffs' proposed leadership structure includes five different law firms—every firm representing Plaintiffs in this matter except Bottini & Bottini, Inc. Involving such a large number of firms in Plaintiffs' leadership could lead to inefficiencies and duplication of effort. Further, Plaintiffs' proposed list of responsibilities includes tasks that appear unnecessary, given the limited number of cases involved, such as "Prepare and distribute to the parties periodic status reports" and "Coordinate with members of the Plaintiffs' Executive Committee and Liaison Counsel." (Dkt. No. 73-1, Proposed Order.) Although these activities may be appropriate for large multidistrict proceedings, with multiple different parties and counsel, this is not such a case.

Due to the lack of uncertainty in roles or rivalry among firms, there would be no efficiencies or benefit to appointing an interim plaintiffs' leadership structure so early in the case. *Accord Nest Labs Litig.*, 2014 U.S. Dist. LEXIS 115596, at *4 (denying the motion, in part, because the court found it unnecessary "to appoint interim class counsel merely to maintain the *status quo*"); *Yaeger*, 2014 U.S. Dist. LEXIS 182090, at *6 (denying the motion for appointment of interim counsel in part because all of the firms that represented the plaintiffs were also requesting appointment as part of the leadership structure); *Kuzian*, 937 F. Supp 2d. at 620 (denying motion to appoint lead counsel because the two firms seeking appointment were the only two firms representing the plaintiffs).

Therefore, any special circumstances outlined by Plaintiffs at this stage are mere conjecture; and, for this reason, the Court should deny the motion without prejudice as premature and not designed to produce efficiencies to the putative class.

Defendants do not take a position as to the adequacy of Plaintiffs' counsel at this time, and reserve the right to do so in the future. Defendants also reserve the right

to oppose any request for attorneys' fees on any basis, including whether the work performed prior to certification was reasonable or necessary.

Dated: October 9, 2015

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:   /s/ *Tammy B. Webb*
         TAMMY B. WEBB

Joseph Rebein, Admitted *Pro Hac Vice*
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
jrebein@shb.com

Tammy B. Webb, SBN 227593
John K. Sherk III, SBN 295838
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104
Telephone:  415-544-1900
Facsimile:   415-391-0281
tbwebb@shb.com
jsherk@shb.com

Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY

COOLEY LLP

*/s/ Summer J. Wynn*
Summer J. Wynn (240005)

Attorneys for Defendants
SFPP, L.P., KINDER MORGAN OPERATING L.P. "D," and KINDER MORGAN G.P., INC.

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), the undersigned attests that all signatories listed have concurred in the filing of this Stipulation.

Dated: October 9, 2015  COOLEY LLP

*/s/ Summer J. Wynn*
Summer J. Wynn (240005)

Attorneys for Defendants
SFPP, L.P., KINDER MORGAN OPERATING L.P. "D," and KINDER MORGAN G.P., INC.