UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986 JVS (DFMx) and SACV 15-01362 JVS (DFMx) | Date | November 9, 2015 |
| Title | In Re SFPP Right-of-Way Claims | | |

Present: The Honorable    James V. Selna

| Nancy Boehme | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Norman Siegel/Thomas Stewart/Tina Wolfson/ John Cowden/Albert Chang/Francis Bottini, Jr. | Joseph Rebein /Summer Wynn Catherine Joseph O'Connor |

**Proceedings:** Plaintiffs Coachella Self Storage LLC, James Pilcher, Susan Pilcher, Charles Serrano, Barbara Sloan, Susan Wells, Martin Wells' Motion for Appointment of Lead Counsel (Fld 9-24-15)

Plaintiff Monica Rodriguez Elpidio's Motion for Appointment of Lead Counsel (Fld 10-26-15)

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel argue. The Court hereby rules in accordances with the tentative ruling as follows:**

Before the Court are two separate but related motions.

The first is a motion for Appointment of Plaintiffs' Leadership Structure filed by Plaintiffs in the consolidated lawsuits Coachella Self Storage, LLC, et al. v. Union Pacific Railroad Co., et al., Case No. SACV 15-0718 JVS (DFMx), Lidia Rivera, et al. v. Union Pacific Railroad Co., et al., Case No. SACV 15-01362 JVS (DFMx), and Richard Bagdasarian Inc. v. SFPP, L.P., et al., Case No. SACV 15-0986 (collectively, "Coachella Plaintiffs"). (Docket Nos. 71-72.) Defendants Union Pacific Railroad Company, SFPP L.P., Kinder Morgan Operating L.P. "D," and Kinder Morgan G.P., Inc. (collectively "Defendants") issued a "Joint Statement in Response." (Docket No. 78.) Coachella Plaintiffs replied. (Docket No. 87.) Plaintiffs Monica Elpidio and Maria J. Barahona

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986 JVS (DFMx) and SACV 15-01362 JVS (DFMx) | Date | November 9, 2015 |
|---|---|---|---|
| Title | In Re SFPP Right-of-Way Claims | | |

(collectively "Elpidio Plaintiffs") later opposed the motion. (Docket No. 91.)[1]

After Coachella Plaintiffs filed their motion, Coachella Plaintiffs, Elpidio Plaintiffs, and Defendants stipulated to consolidate the actions of Elpidio Plaintiffs and Coachella Plaintiffs. (Docket No. 80.) The stipulation was approved and the Court ordered Elpidio v. Union Pacific Railroad Co., consolidated into In re SFPP Right-of-Way Claims, No. SACV 15-0718 JVS (DFMx). (Docket No. 82.)

The second motion is the Elpidio Plaintiffs' Motion to Appoint Interim Class Counsel in the consolidated lawsuit In re SFPP Right-of-Way Claims. (Docket No. 88.) Defendants issued a "Joint Statement in Response." (Docket No. 89.) Coachella Plaintiffs opposed the motion. (Docket No. 90.)

For the following reasons, the Court appoints Norman E. Siegel of Stueve Siegel Hanson LLP ("SSH") and Thomas S. Stewart of Stewart, Wald & McCulley, LLC ("SWM") as Interim Co-Lead Class Counsel. The Court denies the remainder of the Coachella Plaintiffs' Motion for Appointment of Leadership Structure. The Court denies the Elpidio Plaintiffs' Motion to Appoint Interim Class Counsel.

I. BACKGROUND

Much of the relevant background of the underlying dispute and case management is discussed in the Court's September 1, 2015 Order Denying Motions to Transfer. (Docket No. 58.)

On April 23, 2015, the first of the right-of-way cases relevant to the present motions was filed in the Northern District of California by the law firms of Baker Sterchi Cowden & Rice ("BSCR") and Hanson Bridgett LLP ("Hanson Bridgett") on behalf of Lidia Rivera and others. Case No. 4:15-cv-01842-PJH. After voluntarily dismissing that

---

[1] On November 4, 2015 the Coachella Plaintiffs filed a purported motion to strike the Elpidio Plaintiff's opposition on grounds that the Elpidio Plaintiff's opposition was untimely. (Docket 93.) That motion is denied. Both the Court and the parties have had inadequate opportunity to review this motion and the reply submitted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986 JVS (DFMx) and SACV 15-01362 JVS (DFMx) | Date | November 9, 2015 |
| Title | In Re SFPP Right-of-Way Claims | | |

action, BSCR and Hanson Bridget refiled in this district. Case No. SACV 15-01362 JVS (DFMx).

SSH and SWM filed the second case — the first in this district — on behalf of putative class members in six states on May 5, 2015. SSH and SWM amended their complaint on May 13, 2015 and June 30, 2015. The Second Amended Complaint was filed on behalf of Coachella Self Storage, LLC and others. Case No. SACV 15-00718 JVS (DFMx).

Ahdoot & Wolfson, PC filed the third case on behalf of Richard Bagdasarian Inc. on June 18, 2015. Case No. SACV 15-0986 JVS (DFMx).

On July 1, 2015, Bottini & Bottini, Inc. ("Bottini & Bottini") filed the fourth case, in the Northern District of California, on behalf of Monica Rodriguez Elpidio and Maria J. Barahona, alleging a California-only class. Case No. 4:15-cv-03071-PJH. This case was transferred to this district after the Elpidio Plaintiffs filed a statement of non-opposition to a motion to intervene. (Case No. 4:15-cv-03071-PJH, Docket No. 32.)

To date, SSH and SWM collectively represent "dozens of putative California class members." (Seigel Decl. Support ¶ 12, Docket No. 72-1.) BSCR and Hanson Bridgett collectively represent 130 putative class members. (Cowden Decl. Support ¶ 10, Docket No. 72-2.) Bottini & Bottini represents "over 46 clients" spanning class action lawsuits in five states. (Bottini Decl. Support ¶ 25, Docket No. 88-2.)

Counsel for both the Elpidio Plaintiffs and Coachella Plaintiffs have retained at least one expert in this case. (Siegel Decl. Support ¶12; Bottini Decl. Support ¶ 27.)

II.   LEGAL STANDARD

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Where multiple firms seek appointment as class counsel, "the court must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986 JVS (DFMx) and SACV 15-01362 JVS (DFMx) | Date | November 9, 2015 |
|---|---|---|---|
| Title | In Re SFPP Right-of-Way Claims | | |

appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

The Court must consider various factors in appointing class counsel, including: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). In addition the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

III. DISCUSSION AND CONCLUSION

The Court finds at the outset that both motions put forward recommending qualities for all of the counsel and law firms involved in this consolidated action. In particular, the firms of BSCR and Hanson Bridgett appear to have grasped the unique challenges of determining where the pipeline at issue in this case actually crosses into the railroad's right-of-way and they and developed workable solutions to that problem. (Cowden Decl. Support ¶¶ 10-13.) Nevertheless, at this stage the Court perceives no rationale for the formal appointment of more than two lawyers and their respective law firms and therefore declines to approve the five-lawyer, five-firm structure proposed by the Coachella Plaintiffs. The most prominent argument in favor of the proposed five-firm structure appears in the Coachella Plaintiffs' reply brief where the Coachella Plaintiffs argue that "[t]he firms have already divided work to avoid duplication, including tasking firms on engaging Defendants on pretrial matters, retaining Plaintiffs' evaluation and mapping experts, and reviewing the extensive trial transcript from the underlying litigation between the Defendants." (Reply Support App't Pls.' Lead. Struct. 5, Docket 87.) There is no reason such tasks cannot be carried out under a more modest leadership structure.

It is the hope and expectation of the Court that the parties in this consolidated action can continue to task appropriate firms to promote the efficient prosecution of this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986 JVS (DFMx) and SACV 15-01362 JVS (DFMx) | Date | November 9, 2015 |
| Title | In Re SFPP Right-of-Way Claims | | |

case even after the Court has formally appointed just two counsel at two firms as interim class counsel. In fact, even though Mr. Bottini and Bottini & Bottini was not included in the Coachella Plaintiffs' proposed structure, Norman E. Siegel declared that he was "commit[ed] to include Mr. Bottini in the litigation and assign tasks as needed to ensure the efficient prosecution of this matter." (Siegel Decl. Support ¶ 17.) The Court expects such commitment extends as needed to the other counsel that composed the proposed leadership structure.

The Court has reviewed the briefs and supporting documentation of the cross-motions for appointment of interim class counsel and approval of leadership structure. Based on that review, the Court appoints Norman E. Siegel of SSH and Thomas S. Stewart of SWM as Interim Co-Lead Class Counsel.

The two appointed counsel satisfy all of the Fed. R. Civ. P. 23(g)(1)(A) factors. Mr. Siegel has served as co-lead counsel in many federal class action cases, including cases in this district. (Siegel Decl. Support ¶ 8.) He has also represented numerous plaintiffs in state cases involving property rights and trespass. (Id. ¶10.) Mr. Stewart of SWM has extensive experience representing landowners in cases involving the complicated mix of state and federal law of Trails Act litigation. (Siegel Decl. Support, Ex. B.) While the specific laws that will control the outcomes in this particular case are not identical to the laws in Trails Act litigation, it appears at this time to be the most analogous of the experience counsel has thus far identified in both motions. Although neither Mr. Siegel nor Mr. Stewart are members of the California bar, the Court does not doubt both their respective firms' ability to properly research the relevant California property law and litigate meritoriously on behalf of the putative California class. Finally, the combined efforts of Mr. Siegel, Mr. Stewart, and their respective law firms satisfy factors (i) and (iv) of Fed. R. Civ. P. 23(g)(1)(A) at least as well as any other firm or combination of firms involved in these motions.

Consequently, the Court appoints Mr. Siegel and Mr. Stewart as Interim Co-Lead Class Counsel. Mr Siegel and SSH will also have liaison responsibilities. Mr. Siegel and Mr. Stewart may assign particular tasks to lawyers in any of the plaintiffs' firms.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986 JVS (DFMx) and SACV 15-01362 JVS (DFMx) | Date | November 9, 2015 |
|---|---|---|---|
| Title | In Re SFPP Right-of-Way Claims | | |

The Court expects such assignments to reflect the relevant and required skills for the task assigned, and with an eye toward overall efficiency.

Particularly after having considered oral argument, the Court is convinced that individually, through their firms, and through other plaintiffs' counsel involved in the case, Messrs. Siegel and Stewart will have the necessary experience, skills, and skill sets to prosecute their duties as Interim Lead Class Counsel effectively.

IV.  OTHER INTERIM MEASURES

Additionally, to gauge the commitment, level of activity, and efficiency any lawyer who anticipates filing for fees shall submit, in camera and under seal, billing statements sufficient to support a lodestar calculation for each plaintiff's counsel. The Court believes that submissions twice a year would be sufficient and least burdensome. The first submission would be due January 15, 2016 for activities through December 31, 2015, and thereafter on each July 15 and January 15 for the preceding six months.

The Court also makes these appointments personal to the lawyer appointed and subject to annual reappointment. The Court contemplates a brief, focused application covering:

- An expression of interest in continuing.
- Counsel's major contributions.
- The number of hours devoted by Counsel to the proceedings.
- Any other information counsel believes would be helpful to the Court in assessing performance.

Applications for reappointment will be due October 1, 2016, and the Court will act within twenty days to reappoint effective November 1, 2016, or will set a hearing if the Court does not intend to reappoint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986 JVS (DFMx) and SACV 15-01362 JVS (DFMx) | Date | November 9, 2015 |

Title      In Re SFPP Right-of-Way Claims

   Finally this appointment does not prejudice any plaintiff counsel's later application for Class Counsel under Fed. R. Civ. P. 23(g)(2) if the Court certifies a class in this case.

   IT IS SO ORDERED.

| | : | 45 |
|---|---|---|
| | Initials of Preparer | nkb |