1  COOLEY LLP
   STEVEN M. STRAUSS (99153)
2  (SMS@COOLEY.COM)
   M. RAY HARTMAN III (211205)
3  (RHARTMAN@COOLEY.COM)
   SUMMER J. WYNN (240005)
4  (SWYNN@COOLEY.COM)
   CATHERINE J. O'CONNOR (275817)
5  (COCONNOR@COOLEY.COM)
   4401 Eastgate Mall
6  San Diego, CA  92121
   Telephone:  (858) 550-6000
7  Facsimile:   (858) 550-6420

8  Attorneys for Defendants
   SFPP, L.P., KINDER MORGAN OPERATING L.P. "D,"
9  and KINDER MORGAN G.P., INC.

10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12

13 | In re SFPP Right-of-Way Claims | Case No.  8:15-CV-00718-JVS-DFM

14 | | **REPLY IN SUPPORT OF KINDER MORGAN'S MOTION TO DISMISS AND MOTION TO STRIKE**

16 | | **ORAL ARGUMENT REQUESTED**

17 | | Judge:     Hon. James V. Selna
   | | Date:      January 21, 2016
18 | | Time:      8:00 a.m.
   | | Courtroom: 10C – Santa Ana
19
   | | Complaint Filed: May 5, 2015
20 | | Trial Date:      None Set

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM**

**Table of Contents**

Page

I. INTRODUCTION ................................................................................................1
II. ARGUMENT........................................................................................................2
    A. Plaintiffs Do Not Adequately Plead An Ownership Interest In The Subsurface Of The Right-Of-Way. ...........................................................2
        1. Plaintiffs' Conclusory Legal Assertions Regarding Ownership Are Not Factual Allegations. ...................................2
        2. Plaintiffs Misapply The Centerline Presumption, And Fail To Allege Their Chain Of Title. ..................................................5
    B. Plaintiffs Do Not Adequately Plead The Quiet Title Claim, And Cannot Satisfy The Verification Requirement On A Class Basis. ........7
    C. Plaintiffs' Request For Unspecified "Benefits" Under Section 17200 Is Improper. ....................................................................................10
    D. Plaintiffs' Accounting Claim Fails As A Matter Of Law. ...................12
III. CONCLUSION .................................................................................................13

# TABLE OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................................ 4

*BizCloud, Inc. v. Comput. Sci. Corp.*,
 No. C-13-05999 JCS, 2014 WL 1724762 (N.D. Cal. Apr. 29, 2014) ................ 10

*Bunch v. Indian Palms Vacation Club Owners Ass'n, Inc.*,
 No. EDCV 11-01963-VAP, 2013 WL 2155383 (C.D. Cal. May 16, 2013) ...................................................................................................................... 7

*Casault v. Fed. Nat'l Mortgage Ass'n*,
 915 F. Supp. 2d 1113 (C.D. Cal. 2012) ............................................................... 10

*City of Redlands v. Nickerson*,
 188 Cal. App. 2d 118 (1961) .................................................................................. 6

*Computer Econ., Inc. v. Gartner Grp., Inc.*,
 50 F. Supp. 2d 980 (S.D. Cal. 1999) ..................................................................... 9

*Fantasy, Inc. v. Fogerty*,
 984 F.2d 1524 (9th Cir. 1993) ............................................................................. 11

*Freeman v. Affiliated Prop. Craftsmen*,
 266 Cal. App. 2d 723 (1968) .................................................................................. 7

*Frye v. Sibbitt*,
 145 Neb. 600 (1945) .............................................................................................. 12

*Grocers' Fruit Growing Union v. Kern Cnty. Land Co.*,
 150 Cal. 466 (1907) ............................................................................................... 12

*Korea Supply Co. v. Lockheed Martin Corp.*,
 29 Cal. 4th 1134 (2003) .................................................................................. 10, 11

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*,
 No. 15-CV-01257-JST, 2015 WL 4397706 (N.D. Cal. July 17, 2015) ............. 10

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii.

**REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM**

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*McPherson v. Empire Gas & Fuel Co.*,
   122 Cal. App. 466 (1932) ............................................................................... 12

*Medicinova, Inc. v. Genzyme Corp.*,
   No. 14-CV-2513L KSC, 2015 WL 5007827 (S.D. Cal. Aug. 19, 2015) ............. 4

*Neilson v. Union Bank of Cal., N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) .......................................................... 11

*Norcross v. Adams*,
   263 Cal. App. 2d 362 (1968) ............................................................................ 7

*Old Republic Ins. Co. v. Superior Court*,
   66 Cal. App. 4th 128 (1998) ........................................................................... 12

*Peninsula Props., Co. v. Santa Cruz Cnty.*,
   34 Cal. 2d 626 (1950) .................................................................................... 12

*Red Mountain LLC v. Fallbrook Public Utility Dist.*,
   143 Cal. App. 4th 333 (2006) ......................................................................... 12

*Roeder Co. v. Burlington N., Inc.*,
   105 Wash.2d 567 (1986) (en banc) .................................................................. 6

*S. Shore Land Co. v. Peterson*,
   1961.  226 Cal. App. 2d 725 (1964) ................................................................ 7

*Sammamish Homeowners v. Cnty. of King*,
   No. C15-284 MJP, 2015 WL 3561533 (W.D. Wash. June 5, 2015) .................. 6

*Sanders v. Apple, Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) .............................................................. 9

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*,
   559 U.S. 393 (2010) ......................................................................................... 9

*Speer v. Blasker*,
   195 Cal. App. 2d 155 (1961) ............................................................................ 6

*Stearns v. Select Comfort Retail Corp.*,
   No. 08-2746 JF (PVT), 2009 WL 4723366 (N.D. Cal. Dec. 4, 2009) ............... 9

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

iii.

**REPLY ISO KINDER MORGAN'S**
**MOTION TO DISMISS / MOTION TO STRIKE**
**CASE NO. 8:15-CV-00718-JVS-DFM**

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Stubbs v. McDonald's Corp.*,
  224 F.R.D. 668 (D. Kan. 2004) ..................................................................... 9

*Tietsworth v. Sears*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ........................................................ 8

*Twain Harte Homeowners Ass'n v. Patterson*,
  193 Cal. App. 3d 184 (1987) ........................................................................ 8

*United States v. S. Pac. Transp. Co.*,
  543 F.2d 676 (9th Cir. 1976) ........................................................................ 8

*Warden v. S. Pasadena Realty & Imp. Co.*,
  178 Cal. 440 (1918) ...................................................................................... 6

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ................................................................ 10, 11

**Statutes**

Cal. Code Civ. Proc.
  § 761.020 .................................................................................................. 8, 9

California Business & Professions Code
  §17200 ....................................................................................... 2, 10, 11, 13

**Other Authorities**

MILLER & STARR: CALIFORNIA REAL ESTATE § 8:65 (4th ed. 2015) .................... 5, 6

1 PATTON & PALOMAR ON LAND TITLES § 126 (3d ed. 2015) ................................. 5

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

iv.

**REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM**

## I. INTRODUCTION

Plaintiffs' Opposition confirms the fatal flaw in the Consolidated Amended Complaint ("CAC"): Plaintiffs have not pled factual allegations to support their claim to own the subsurface of Union Pacific's right-of-way. Despite Plaintiffs' protestations to the contrary, the CAC's statements that Plaintiffs "are the fee title holders of the land" under the right-of-way are **legal conclusions**, not factual averments, and thus they do not suffice. The CAC is also devoid of facts to render plausible Plaintiffs' assertion that their predecessors-in-interest "intended to and did grant and convey the subsurface to Plaintiffs and to the Class Members."

Plaintiffs contend they are not relying on the "centerline presumption," but this is not consistent with their arguments opposing the prior motions to dismiss, or the allegations in the CAC. In any event, the Opposition's discussion of the "centerline presumption" is misplaced. And although Plaintiffs claim to know the basis for their alleged ownership interests, including their chain of title, they have inexplicably failed to plead it. This raises serious concerns, especially because Plaintiffs have effectively conceded that they dropped **more than twenty-seven** prior named plaintiffs for lack of standing. Each of Plaintiffs' claims, which merely assume ownership of the right-of-way subsurface, should be dismissed.

Plaintiffs' attempt to plead a class claim for Quiet Title fails for the additional reason that it requires **individual verification at the pleading stage**. The California statutory requirement that quiet title claims be verified is substantive and routinely applied in federal court, and Plaintiffs do not dispute that they can "verify" only their individual claims. Further, demonstrating standing to assert quiet title claims in this case is impossibly individualized, as evidenced by Plaintiffs' counsels' admissions, and their decision to drop all but two of the named plaintiffs from the CAC. A court is authorized to strike class allegations prior to discovery where a legal claim involves individualized elements that cannot be pled, let alone adjudicated, on a class basis.

The claim under California Business & Professions Code section 17200 ("Section 17200") should be dismissed to the extent it is an impermissible request for nonrestitutionary disgorgement. The Opposition and CAC suggest that Plaintiffs are seeking restitution of Defendants' profits, but Plaintiffs fail to – and indeed could not – allege an ownership interest in such profits. Plaintiffs cannot seek nonrestitutionary disgorgement under Section 17200 as a matter of law. Further, Plaintiffs' request for vague and unspecified "benefits" should be stricken from the CAC because it could only serve to confuse the issues, cause delay, and prejudice Defendants with burdensome discovery requests into irrelevant matters.

The Accounting claim also fails as a matter of law and should be dismissed. Plaintiffs cite no authority to support their assertion that the relationship between a dominant estate holder and servient estate holder is the type of "special relationship" that warrants an accounting. Nor can Plaintiffs allege any other basis for an accounting, or demonstrate an inadequate remedy at law.

In sum, after nine attempts at the complaint, and allegedly spending more than 4,600 hours on the litigation, Plaintiffs' CAC is still deficient. Kinder Morgan requests that the CAC be dismissed in its entirety.

## II. ARGUMENT

### A. Plaintiffs Do Not Adequately Plead An Ownership Interest In The Subsurface Of The Right-Of-Way.

#### 1. Plaintiffs' Conclusory Legal Assertions Regarding Ownership Are Not Factual Allegations.

Pointing to disparate paragraphs of the CAC, Plaintiffs contend they have pled facts to support their alleged ownership of the subsurface of the right-of-way. (Opp. at 2:26-28.) Plaintiffs are wrong. Instead of pleading facts, Plaintiffs offer only legal conclusions, insufficient to withstand a motion to dismiss.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

Plaintiffs point to the following:

(1) Plaintiffs' recitation of the history of the Congressional Acts and their characterization of the nature of the rights granted under those acts (*id.* at 3:1-14, 20-22 [citing CAC ¶¶ 12-55]);

(2) Plaintiffs' allegation that they "own the land adjoining and underlying the right-of-way, which contains the pipeline" (*id.* at 3:24-26 [citing CAC ¶¶ 68, 69, 73, 111, 121, 126, 131]);

(3) Plaintiffs' allegation that "no one in their chain of title retained or separately conveyed the interest in the right-of-way" (*id.* at 3:26-4:1 [citing CAC ¶ 53]); and

(4) Plaintiffs' allegation that they are the "successors to the ancestors in title" who granted surface easements to Union Pacific (*id.* at 4:1-5 [citing CAC ¶¶ 21, 53]).

**These are not facts**, and they are not sufficient (together or separately) to allege that Plaintiffs have an ownership interest in the subsurface of Union Pacific's right-of-way where pipeline is located. With respect to the first point, the nature of the Congressional Acts, merely asserting that Union Pacific does not own the subsurface under its right-of-way does not mean that Plaintiffs do.

The second point is legal conclusion. A review of the paragraphs of the CAC that Plaintiffs cite proves the point. Paragraph 68 states that Plaintiffs "are seeking…**a declaration that they are the true owners of the property underneath the Railroad's right-of-way**." (CAC ¶ 68 [emphasis added].) Asking the Court to ultimately declare that Plaintiffs "are the true owners of the property underneath the Railroad's right-of-way" is not a factual allegation.

Likewise, Plaintiffs' citation to the proposed class definition is not a factual allegation. (*Id.* ¶ 69 [defining proposed class as: "[A]ll landowners who own or have owned land in fee adjoining and underlying the railroad easement under which the pipeline is located within the State of California."].) Nor is Plaintiffs' citation to their typicality allegation. (*Id.* ¶ 73.) And Plaintiffs' remaining paragraphs offer only the legal assertion that "Plaintiffs and the Class are the fee title holders of the land under the Railroad's right-of-way…." (*Id.* ¶¶ 111, 121, 131; *see also id.*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

¶ 126.) None of these allegations offer **facts** to support a claim that Plaintiffs could own the subsurface under Union Pacific's right-of-way.

The third and fourth points are based on paragraph 53 of the CAC, in which Plaintiffs allege: "Upon information and belief, Plaintiffs' and the Class Members' predecessors in title did not retain rights in the subsurface of the rights-of-way, but intended to and did grant and convey the subsurface to Plaintiffs and to the Class Members." (*Id.* ¶ 53.) This is not a factual allegation; it is one of the ultimate conclusions that Plaintiffs must prove to establish their claims to the subsurface. Despite asserting that they can do so (Opp. at 8:6-10, 10:12), Plaintiffs do not allege their chain of title or submit the deeds necessary to support their chain of title. There is thus no plausible basis for this conclusory allegation in the CAC, and it must be disregarded.[1]

In short, Plaintiffs offer no facts to support a claim that they could own the subsurface under Union Pacific's right-of-way, only legal conclusion.[2] The Court cannot regard such legal conclusion as facts sufficient to plead a viable claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (court must disregard legal conclusions and complaint must allege "plausible" claim to relief; must be more than "unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (court must not accept "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level").

---

[1] Because Plaintiffs claim to know the basis for their alleged ownership interests, they cannot rely on "information and belief" allegation. *See Medicinova, Inc. v. Genzyme Corp.*, No. 14-CV-2513L KSC, 2015 WL 5007827, at *3 (S.D. Cal. Aug. 19, 2015). Further, contentions made on information and belief must still be based on "non-conclusory factual allegation," which is lacking here. (*E.g.*, Opp. at 4 n.1.)

[2] Plaintiffs' additional citations to the CAC (Opp. at 2:28) are also insufficient for the reasons discussed above.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

Further, this is not a mere pleading deficiency. More than **twenty-seven** named plaintiffs have already been dropped from the pleadings for lack of standing – a point the Opposition tellingly does not dispute.

### 2. Plaintiffs Misapply The Centerline Presumption, And Fail To Allege Their Chain Of Title.

In an about-face from their opposition to the prior motions to dismiss (*see* Dkt. No. 47 at 4:8-26), Plaintiffs now argue that the centerline presumption "should not be applied at the pleading stage." (Opp. at 5:9-18.) Plaintiffs' argument amounts to a concession that the Court should not consider the centerline presumption in construing the CAC. Without the centerline presumption, Plaintiffs are left only with their unspecified, conclusory allegations of "fee ownership" in the subsurface, which, as explained, are insufficient.

In any event, Plaintiffs' view of the centerline presumption is incomplete, and overly simplistic. Plaintiffs contend that the deeds to their land "do not contain metes and bounds descriptions, and thus, the centerline presumption applies." (Opp. at 10:6-7.) This is wrong, and Plaintiffs cite no authority for this proposition. A metes and bounds description which excludes an adjacent monument is simply one instance in which the centerline presumption does not apply. *See* MILLER & STARR: CALIFORNIA REAL ESTATE § 8:65 (4th ed. 2015) (listing circumstances where presumption is inapplicable).[3]

The centerline presumption also does not apply where a deed uses the side or edge line of the right-of-way, and not the right-of-way itself, as the point of departure for the land. *See id.* Such a description "shows an intent to give title only

---

[3] Moreover, "metes and bounds" is a general term that can refer to, among other things, descriptions of lands by reference to natural or artificial boundaries. 1 PATTON & PALOMAR ON LAND TITLES § 126 (3d ed. 2015). For example, the deeds for the Wells properties describe the land with reference to their boundary lines, and thus **do** contain "metes and bounds" descriptions. (*See* CAC Exs. A and B.)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

to the side line" of the right of way. *Warden v. S. Pasadena Realty & Imp. Co.*, 178 Cal. 440, 442 (1918) (deed conveying land along "'the southerly line of Foothill street'…does not give the grantee title to the center of that street"); *see also City of Redlands v. Nickerson*, 188 Cal. App. 2d 118, 126-27 (1961) (deed conveying land "along said Northerly line of West State Street" was of the type which "does not include a conveyance to the center of the street")[4]; *Speer v. Blasker*, 195 Cal. App. 2d 155, 159-61 (1961) (deed that described property as bounded by sideline of street did not convey center of street); *Roeder Co. v. Burlington N., Inc.*, 105 Wash.2d 567, 578-79 (1986) (en banc).

The deeds for the Wells' Riverside parcel use the "line" of the railroad right-of-way, and not the right-of-way itself, as the point of departure for the land. (*See* CAC Ex. A [stating that property lies "Northeasterly **of the Northeasterly line** of the 200 foot right of way" (emphasis added)].) Accordingly, regardless of Plaintiffs' argument that the deeds do not contain metes and bounds descriptions, the centerline presumption does not apply. *See Warden*, 178 Cal. at 442; *City of Redlands*, 188 Cal. App. 2d at 126-27, *Speer*, 195 Cal. App. 2d at 159-61.

Moreover, with respect to all properties, Plaintiffs do not allege their chain of title, or facts sufficient to plead that they obtained their interests from the fee owner of the right-of-way. Plaintiffs do not dispute that the centerline presumption is inapplicable "where the adjoining landowner presents no evidence of having received his or her property from the owner of the right of way." *Roeder*, 105 Wash. 2d at 578; *see also Sammamish Homeowners v. Cnty. of King*, No. C15-284 MJP, 2015 WL 3561533, at *2 (W.D. Wash. June 5, 2015); MILLER & STARR, *supra* § 8:65 (centerline presumption inapplicable, *inter alia*, "[w]hen the person

---

[4] Although the deeds in *Warden* and *City of Redlands* contained more lengthy metes and bounds descriptions than those here, that was not the reason why the centerline presumption did not apply in those cases. (*Cf.* Opp. at 9:11-28.)

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

recording a map that dedicates a street is not the owner of the adjacent street or easement") (citing *Norcross v. Adams*, 263 Cal. App. 2d 362, 365-68 (1968)).

This is especially problematic given Plaintiffs' claim that they are "prepared to provide [their] chains of title." (Opp. at 10:12.) Kinder Morgan is entitled to fair notice of the grounds upon which Plaintiffs' claims to title rest. Absent this information, there is nothing in the CAC to explain *how* Plaintiffs purportedly received an ownership interest in the subsurface of the right-of-way. Plaintiffs are concealing the alleged basis for the title, choosing instead to hide behind conclusory allegations. The claims in the CAC are deficient, and the Court should require Plaintiffs to sufficiently allege their chain of title.

### B. Plaintiffs Do Not Adequately Plead The Quiet Title Claim, And Cannot Satisfy The Verification Requirement On A Class Basis.

Plaintiffs' defense of the Quiet Title claim also relies on the CAC's conclusory claims of "fee ownership." (Opp. at 10:25-11:1 [citing CAC ¶¶ 111, 121, 51-53].) As explained above, this is insufficient. To properly assert a claim for quiet title, Plaintiffs must allege a factual basis for their claim to ownership of the property, which they have not done. (*See* Dkt. No. 108-1 at 7:24-8:9.)

The cases Plaintiffs cite further illustrate the deficiencies in their pleading. For example, the quiet title claimant in *Bunch v. Indian Palms Vacation Club Owners Ass'n, Inc.*, traced its title to a source common to both parties. No. EDCV 11-01963-VAP, 2013 WL 2155383, at *5 (C.D. Cal. May 16, 2013). Likewise, the plaintiffs in *Freeman v. Affiliated Prop. Craftsmen* traced their title "to the original owner and subdivider of the property" that was the subject of the quiet title action. 266 Cal. App. 2d 723, 729 (1968). In *S. Shore Land Co. v. Peterson*, the quiet title claimant alleged her full chain of title, beginning with the grant of a tract of land from the King of Spain in 1820, and ending with a quitclaim deed in 1961. 226 Cal. App. 2d 725, 737-38 (1964). Plaintiffs here plead no such chain of title facts.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

**REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM**

Plaintiffs also cannot avoid that the statutory verification requirement dooms their attempt to bring the quiet title claim on a class basis. *See* CAL. CODE CIV. PROC. § 761.020 ("Section 761.020"). Plaintiffs' half-hearted contention that the verification requirement does not apply in federal court is disingenuous. In direct response to Kinder Morgan's prior motion to dismiss, Plaintiffs have verified their individual quiet title claims, essentially conceding that the requirement applies. Further, Plaintiffs are wrong, and their argument ignores the great weight of authority applying the verification requirement in federal court. (*See* Mot. at 8:20-24 [citing cases]; *see also* Dkt No. 51 at 7:21-9:5.)

Plaintiffs argue that Kinder Morgan "fails to cite a single case supporting its [motion to strike]," but they ignore the cases cited by Kinder Morgan, which state that the court "has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1147-48 (N.D. Cal. 2010) (granting motion to strike class allegations where claims involved "elements that are individual to each class member"); (*see also* Mot. at 8:13-19 [citing cases].) Here, there is no possible way that claims to quiet title over more than **1,100** miles of subsurface can be verified on a class-wide basis, and Plaintiffs do not demonstrate the contrary. (*See* CAC ¶ 25 [alleging "more than 1,100 miles [of pipeline] within the State of California"].)

Instead of addressing Kinder Morgan's arguments, Plaintiffs rely on inapposite cases. First, *United States v. S. Pac. Transp. Co.*, 543 F.2d 676 (9th Cir. 1976), originated in Nevada, which unlike California, has no general verification requirement. *Twain Harte Homeowners Ass'n v. Patterson*, 193 Cal. App. 3d 184, 186-87 (1987), did not address the propriety of asserting class claims to quiet title or the verification requirement. Instead, *Twain Harte* addressed whether an association had standing to assert quiet title claims. Moreover, unlike the more than 1,100 miles of California subsurface, in which Plaintiffs seek to quiet title here, Plaintiffs' cited cases each involve a single tract of (non-subsurface) land.

1 Section 761.020's verification requirement is not a "state procedural requirement," as Plaintiffs contend (Opp. at 13:3-4); it is a substantive rule of law. *See Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 990 (S.D. Cal. 1999) (state rules that are substantive, and thus must be applied by federal courts, include those that "define the elements of a cause of action"); (*see also* Dkt No. 51 at 7:21-9:5). For this reason, Plaintiffs' citation to *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398-99 (2010) is misplaced.

Plaintiffs also ignore that this is not a straightforward quiet title action; Plaintiffs are asking to quiet title to the subsurface of railroad right-of-way acquired by Congressional Act in the 1800s on behalf of hundreds, if not thousands, of different alleged landowners. Indeed, Plaintiffs' counsel has admitted that proving title in this case is "challenging" and "fraught with the possibility of error." (Dkt. No. 72 at 7:3-25; Dkt. No. 93-1 at 1:14-17.) Plaintiffs also do not dispute that they have already dropped more than twenty-seven named plaintiffs from the consolidated action for lack of standing. Nor do they explain why they only named two plaintiffs in the CAC, even though Plaintiffs' counsel claims to have identified more than 150 putative class members in California. Plaintiffs should not be able to circumvent the verification requirement by dropping plaintiffs from the pleading, but seemingly still asserting quiet title claims on their behalf.

Finally, although Plaintiffs argue that Kinder Morgan's motion to strike is premature, "it is procedurally proper to strike futile class claims at the outset of litigation to preserve time and resources." *Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF (PVT), 2009 WL 4723366, at *14 (N.D. Cal. Dec. 4, 2009); *see also Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, at 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."); *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004) ("Federal courts have used motions to strike to test the viability of a class at the earliest pleading

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

stage of the litigation.") As such, the Court can and should strike the class allegations from Plaintiffs' quiet title claim.

### C. Plaintiffs' Request For Unspecified "Benefits" Under Section 17200 Is Improper.

Plaintiffs contend they are not seeking nonrestitutionary disgorgement, but are instead seeking to recover "the benefits of their real property from Kinder Morgan, in addition to other restitutionary relief that will likely be ascertained in discovery." (Opp. at 17:24-26.) However, Plaintiffs still do not explain what these purported "benefits" and other "restitutionary relief" are, or under what theory they claim to be entitled to them.

To the extent Plaintiffs are seeking restitution of Kinder Morgan's profits, as the Opposition and the CAC suggest, Plaintiffs *are* seeking nonrestitutionary disgorgement, because their request focuses on Kinder Morgan's gain and "would not replace any money or property that [the] defendant[] took directly from [the] plaintiff." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144-45 (2003). Because Plaintiffs have not – and cannot – allege an ownership interest in Kinder Morgan's profits, such relief is not available to them under Section 17200. *Id*. Plaintiffs' own authority demonstrates that damages allegations may be dismissed under Rule 12(b)(6) where, as here, they are precluded as a matter of law. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

Further, Plaintiffs are wrong that they need not allege an ownership interest in benefits or profits at the pleading stage. *See L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, No. 15-CV-01257-JST, 2015 WL 4397706, at *10 (N.D. Cal. July 17, 2015) (dismissing Section 17200 claim where the plaintiff failed to "allege an ownership interest" in requested profits); *BizCloud, Inc. v. Comput. Sci. Corp.*, No. C-13-05999 JCS, 2014 WL 1724762, at *4 (N.D. Cal. Apr. 29, 2014) (dismissing Section 17200 claim that did not plead facts showing vested interest in profits); *see also Casault v. Fed. Nat'l Mortgage Ass'n*, 915 F. Supp. 2d 1113, 1128-29 (C.D. Cal.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM

2012) ("plaintiffs…must state with reasonable particularity the facts supporting the statutory elements of the violation" of Section 17200).

Additionally, Plaintiffs' request for unspecified "benefits" is subject to a motion to strike under Rule 12(f). Plaintiffs cite *Whittlestone* to argue the motion to strike is procedurally improper, but the court in that case held that a claim for damages was not "immaterial" under Rule 12(f) because the ability of the plaintiff to collect damages had not yet been decided and thus related directly to the claim for relief. 618 F.3d at 974. Here, by contrast, it is undisputed that nonrestitutionary disgorgement is not recoverable under Section 17200 as a matter of law. *See Korea Supply*, 29 Cal. 4th at 1144-45. Thus, to the extent that Plaintiffs' request for "benefits" is in reference to Kinder Morgan's profits, it is immaterial to the underlying claim, and should be stricken.

Plaintiffs' request for "benefits" should also be stricken because it is so vague and uncertain that Kinder Morgan cannot discern what Plaintiffs are requesting. In cases cited by Plaintiffs, courts **granted** a motion to strike where immaterial information created risk of delay and confusion, or was potentially prejudicial. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152-53 (C.D. Cal. 2003). Here, Plaintiffs' request for "benefits" would only serve to confuse the issues and cause delay, as it is not clear what "benefits" Plaintiffs are asking for. Plaintiffs may attempt to use a request for "benefits" to justify a discovery fishing expedition into Defendants' profits and other claimed "benefits," which would cause prejudice and undue burden and expense to Kinder Morgan.

Finally, Kinder Morgan has requested an order from the Court that its profits are not available to Plaintiffs under Section 17200. Plaintiffs do not address this request, and give no reason why it should not be granted.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

**REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM**

### D. Plaintiffs' Accounting Claim Fails As A Matter Of Law.

Plaintiffs contend that "[t]he nature of the relationship between the owner of a dominant estate and the owner of the servient estate is the type of 'special relationship' that merits an accounting." (Opp. at 22:26-28.) Plaintiffs cite no authority supporting this proposition. Indeed, *Red Mountain LLC v. Fallbrook Public Utility Dist.*, 143 Cal. App. 4th 333, 362 (2006) is not an accounting case.

The accounting cases that Plaintiffs do cite for this point involve circumstances where the parties had a written agreement for payment of rent or profits. *See Frye v. Sibbitt*, 145 Neb. 600, 603 (1945) (indenture that provided for annual payments to owner of servient estate); *McPherson v. Empire Gas & Fuel Co.*, 122 Cal. App. 466 (1932) (oil and gas lease providing for payment of royalties); *Old Republic Ins. Co. v. Superior Court*, 66 Cal. App. 4th 128, 135-36 (1998) (written commercial lease agreement). Plaintiffs have alleged no such written agreement. Further, none of these cases contain a substantive discussion of the requirements for an accounting, or explain why an accounting could be appropriate under the particular circumstances. Plaintiffs' authorities are inapposite, and do not change the fact that there is no special relationship between Kinder Morgan and Plaintiffs to warrant an accounting claim.

Nor can Plaintiffs show that their purported damages "would be difficult to ascertain…through ordinary means." (CAC ¶ 176.) Plaintiffs point to their generalized claims of wrongdoing (Opp. at 23:14-27), but none of these allegations explains why an accounting is justified. Plaintiffs can pursue adequate remedies at law, and thus their request for an accounting is inappropriate.

Finally, Plaintiffs' citation to *Peninsula Props., Co. v. Santa Cruz Cnty.*, 34 Cal. 2d 626 (1950) and *Grocers' Fruit Growing Union v. Kern Cnty. Land Co.*, 150 Cal. 466 (1907) does not save the accounting claim. Neither of these cases awarded an accounting. Further, Plaintiffs do not explain why they believe these cases are relevant, or how these cases could apply to the facts and Plaintiffs' accounting

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

**REPLY ISO KINDER MORGAN'S MOTION TO DISMISS / MOTION TO STRIKE**
CASE NO. 8:15-CV-00718-JVS-DFM

claim here. Plaintiffs' accounting claim fails as a matter of law, and should be dismissed with prejudice.

## III. CONCLUSION

For the reasons stated above and in the Opening Memorandum, Kinder Morgan respectfully requests that the Court grant its Motions, and dismiss Plaintiffs' CAC for failing to adequately plead an ownership interest in the subsurface of the right-of-way; dismiss Plaintiffs' Quiet Title, Section 17200, and Accounting claims; strike Plaintiffs' class allegations with respect to the Quiet Title claim; and strike Plaintiffs' improper request for "benefits" under Section 17200.

Dated: January 11, 2016

COOLEY LLP
STEVEN M. STRAUSS (99153)
M. RAY HARTMAN III (211205)
SUMMER J. WYNN (240005)
CATHERINE J. O'CONNOR (275817)

*/s/ Summer J. Wynn*
Summer J. Wynn (240005)

Attorneys for Defendants
SFPP, L.P., KINDER MORGAN OPERATING L.P. "D," and KINDER MORGAN G.P., INC.

125875407

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

REPLY ISO KINDER MORGAN'S
MOTION TO DISMISS / MOTION TO STRIKE
CASE NO. 8:15-CV-00718-JVS-DFM