UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | January 21, 2016 |
| Title | In Re SFPP Right-of-Way Claims | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:**   (IN CHAMBERS)   Order GRANTING IN PART AND DENYING IN PART Both Defendant Union Pacific Railroad Company's Motion to Dismiss Case and Defendant Kinder Morgan G.P., Inc.'s Motion to Dismiss Case

**The Court, having been informed by the parties that they submit on the Court's tentative ruling previously issued, hereby GRANTS IN PART and DENIES IN PART both of Defendants' Motions to Dismiss and rules in accordance with the tentative ruling as follows:**

Defendants SFPP, L.P.; Kinder Morgan Operating L.P. "D;" Kinder Morgan G.P., Inc. (collectively, "Kinder Morgan"); and Union Pacific Railroad Company ("Union Pacific;" all collectively, "Defendants") move to dismiss the Consolidated Class Action Complaint ("Consolidated Complaint"), (Docket ("Dkt.") No. 104), of Plaintiffs Martin Wells and Susan Wells as trustees of the Martin and Susan Wells Revocable Trust ("Wells Trust") and Sandra L. Hinshaw as trustee of the Sandra L. Hinshaw Living Trust ("Hinshaw Trust," and collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(1) and to dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 107–108.) Kinder Morgan also moves to strike certain portions of the complaint pursuant to Federal Rule of Civil Procedure 12(f). (Dkt. No. 108.) Plaintiffs oppose. (Dkt. No. 109.) Defendants have replied. (Dkt. Nos. 110–11.)

As set forth below, the Court grants in part and denies in part the motions.

I.    Background

The following background is based on the Consolidated Complaint and is therefore

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | <u>SACV 15-00718 JVS (DFMx)</u> consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | January 21, 2016 |
| Title | <u>In Re SFPP Right-of-Way Claims</u> | | |

based solely on allegations.

The Wells Trust is a fee owner of land in Riverside County and San Bernardino County. (Consol. Compl. ¶ 5, Exs. A–B.) In Riverside County, the land is "lying Northeasterly of the Northeasterly line of the 200 foot right-of-way of the Southern Pacific Railroad company." (<u>Id</u>. Ex. A.) In San Bernardino County, the land is "lying Northeasterly of the right of way of the Southern Pacific Railroad." (<u>Id.</u> Ex. B.)

The Hinshaw Trust is a fee owner of land in San Bernardino County. (Consol. Compl. ¶ 6.) That land adjoins Union Pacific's right-of-way. (<u>Id.</u>) Additionally, the Hinshaw Trust is a former fee owner of land in San Bernardino adjoining Union Pacific's right-of-way. (<u>Id.</u>)

Plaintiffs are successors in title to land that was once public land through which Union Pacific's rights-of-way now pass. (<u>Id.</u> ¶ 21.)

Union Pacific operates a railroad running tens of thousands of miles. (<u>Id.</u> ¶ 22.) Union Pacific's predecessor acquired its right-of-way easement to operate this railroad by 19th century Congressional acts and by private grants. (<u>Id.</u> ¶¶ 15–23.)

Beginning in the 1950s, Union Pacific's predecessor constructed a pipeline system (including in California), and over half of that pipeline runs beneath Union Pacific's right-of-way. (<u>Id.</u> ¶¶ 24, 26.) Union Pacific and its predecessor purported to lease easements to this pipeline system and related real property interests to Kinder Morgan and its predecessors. (<u>Id.</u> ¶¶ 28, 37–39.)

Beginning in August 1994, Union Pacific leased access to this pipeline system to Kinder Morgan based on court judgments determining the fair market value for the purported easements. (<u>Id.</u> ¶¶ 40–43.) But on Kinder Morgan's appeal from one such judgment, the California Court of Appeals allegedly found that Union Pacific lacked sufficient property interests to collect rent for Kinder Morgan's continued use of the subsurface of Union Pacific's right-of-way and allegedly held that fee owners of the right of way had the exclusive right to grant the rights Kinder Morgan needed to operate the pipeline. (<u>Id.</u> ¶¶ 44–46.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00718 JVS (DFMx) consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | January 21, 2016 |
|---|---|---|---|
| Title | In Re SFPP Right-of-Way Claims | | |

Plaintiffs allege they are among those fee owners and represent a class of similarly situated fee owners. (Id. ¶¶ 51–53, 69.)

II. Legal Standard

   A. Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1))

Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011).

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. Id.; Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011) quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) ("Each element of standing 'must be supported with the manner and degree of evidence required at the successive stages of the litigation'").

If the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations. Safe Air, 373 F.3d at 1039. The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

   B. Adequacy of Allegations (Fed. R. Civ. P. 12(b)(6))

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | January 21, 2016 |
|---|---|---|---|
| Title | In Re SFPP Right-of-Way Claims | | |

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009).
In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the Court "accept as true a legal conclusion couched as a factual allegation." Id. at 678–80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

      C.      Strike Class Allegations (Fed. R. Civ. P. 12(f))

Under Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Immaterial matters have "no essential or important relationship to the claim for relief." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 534 (1994).

Class allegations are generally not tested at the pleadings stage and instead are usually tested after one party has filed a motion for class certification. See, e.g., Thorpe v. Abbott Labs., Inc., 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); In re Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). However, as the Supreme Court has explained, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982). Thus, a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained. See, e.g., Sanders v. Apple, Inc., 672 F. Supp. 2d 978, 990–91 (N.D. Cal. 2009).

The granting of such motions is rare before class certification. See Cholakyan v. Mercedes-Benz USA, LLC, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). More often, courts conclude that preemptive motions to strike class allegations "are more properly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | <u>**SACV 15-00718 JVS (DFMx)**</u> consolidated with <u>SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492</u> | Date | January 21, 2016 |
| Title | <u>In Re SFPP Right-of-Way Claims</u> | | |

decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record." <u>Id.</u> (internal quotation marks and citation omitted).

III. Discussion

    A.    Article III Standing and Subject Matter Jurisdiction

    Defendants argue that Plaintiffs have no standing because they fail to show or allege an ownership interest in the subsurface of Union Pacific's right-of-way. (Union Pacific's Brief Supp. Mot. Dismiss ("Union Pacific's Mot.") 4–7, Dkt. No. 107; Kinder Morgan's Mem. Supp. Mot. Dismiss & Mot. Strike ("Kinder Morgan's Mot.") 4–7, Dkt. No. 108.) Specifically, although Plaintiffs allege that they, and members of the class they represent, are fee owners of property adjacent to the railroad and own the subsurface beneath Union Pacific's right-of-way to the center line of the right-of-way, (Consol. Compl. ¶ 51), Defendants argue that such allegation is a legal conclusion insufficient at this stage in proceedings to properly plead standing.

    Defendants cite cases that they argue demonstrate certain additional facts must be plead in order to survive a motion to dismiss on standing grounds. Plaintiffs characterize this argument as Defendants' suggestion that Plaintiffs must "plead their chains of title." (Consolidated Opp'n 5.)

    The case most pertinent to Defendants' suggestion that Plaintiffs should be required to plead their chain of title is <u>Sammamish Homeowners v. County of King</u>, C15-284, 2015 WL 3561533 (W.D. Wash. June 5, 2015). There, the district court interpreted a Washington supreme court case discussing the center line presumption. <u>Id.</u>, at *2 (citing <u>Roeder Cty. v. Burlington N.</u>, 105 Wash. 2d 567 (1986)). The <u>Sammamish</u> court held that the plaintiffs had not alleged a chain of title back to the owner of the right of way. <u>Id.</u>

    Here, assuming *arguendo* that the Washington supreme court's discussion of the centerline presumption has any bearing on the proper interpretation of law in this case, the plaintiffs have in fact alleged requisite facts to establish a proper chain of title. Paragraphs 51–53 of the Consolidated Complaint allege three facts that, when read together, allege the factual basis to conclude that there exists a case or controversy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | January 21, 2016 |
|---|---|---|---|
| Title | In Re SFPP Right-of-Way Claims | | |

between Plaintiffs and Defendants. Specifically, Plaintiffs allege that they own real estate adjoining Union Pacific's right-of-way. (Consol. Compl. ¶ 51.) Plaintiffs further allege that by virtue of this ownership, they are either successors in title to land in which the Railroad occupies its rights-of-way or fee owners of property burdened by a surface easement for railroad purposes. (Id. ¶ 52.) Lastly, Plaintiffs allege that Plaintiffs' predecessors in title never retained rights in the subsurface of the rights-of-way. (Id. ¶ 53.) This allegation is sufficient. The Court does not believe Plaintiffs are required under the Federal Rules of Civil Procedure to attach the entire chain of title to their complaint in order to allege standing or allege that no holder in the chain of title retained the rights that Plaintiffs assert are the basis for their standing. Fed. R. Civ. P. 8(a)(1) (a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction").

The Sammamish court also suggested that certain deed language can rebut the centerline presumption because, pursuant to Washington law, "a metes and bounds description in a deed to property that abuts a right of way is evidence of the grantor's intent to withhold any interest in the abutting right of way." 2015 WL 3561533, at *2–3 (quoting Roeder Cty., 105 Wash. at 577). Cf. Sutton v. U.S., 107 Fed. Cl. 436, 441 (citing Warden v. S. Pasadena Realty & Improvement Co., 178 Cal. 440 (1918)) ("where a deed contains a description of property extending a boundary to the edge of a road or railroad corridor, the center line presumption is rebutted.").

However, even assuming the centerline presumption is rebutted by particular language in the deeds attached to the Complaint (an issue the Court does not resolve at this time), the result of rebutting that presumption is the creation of a factual issue: who, the adjoining landowner or some predecessor in title, is the owner of the strip of land? Cf. Besneatte v. Gourdin, 16 Cal. App. 4th 1277, 1281 (1993) (evaluating trial court's ruling—on summary judgment—regarding chain of title evidence). At this stage in litigation, where reasonable inferences are to be made in favor of the plaintiff, the allegations in the complaint, the centerline presumption, and a reasonable inference made from California's policy against the creation of strips and gores are sufficient to resolve the standing issue in favor of the Plaintiffs. See id. at 1281–82; Safwenberg v. Marquez, 50 Cal. App. 3d 301, 306 (1975) (citing the policy).

The Court concludes that Plaintiffs have alleged Article III standing sufficient to invoke the Court's subject matter jurisdiction. Consequently, the Court denies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | <u>SACV 15-00718 JVS (DFMx)</u> consolidated with<br>SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | January 21, 2016 |
| Title | <u>In Re SFPP Right-of-Way Claims</u> | | |

Defendants' motions to dismiss the complaint. Neither Union Pacific nor Kinder Morgan otherwise moved to dismiss the counts for declaratory judgment, trespass, or quasi contract. (Consol. Compl. ¶¶ 79–109, 140–159.)

      B.      Motion to Dismiss Claims for Quiet Title & Ejectment

Quiet title actions determine, between the parties, conflicting claims to property in controversy. <u>Jensen v. Quality Loan Serv. Corp.</u>, 702 F. Supp. 2d 1183 (E.D. Cal. 2010) <u>citing</u> <u>Newman v. Cornelius</u>, 3 Cal. App. 3d 279, 284 (1970). A complaint for quiet title must include:

> "(a) A description of the property that is the subject of the action . . . . In the case of real property, the description shall include both its legal description and its street address or common designation, if any. (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title . . . . (c) The adverse claims to the title of the plaintiff against which a determination is sought. (d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought. (e) A prayer for the determination of the title of the plaintiff against the adverse claims."

<u>Id.</u> (<u>quoting</u> Cal. Civ. Proc. Code § 761.020).

Having resolved, above, that Plaintiffs have adequately alleged their title to real property and purported title to the subsurface underneath the railroad right-of-way, the Plaintiffs therefore rely on the strength of their own title and not solely on the purported weakness of the Defendants' title.

The mortgage-related cases cited by Kinder Morgan[1] stand for the correct legal rule, that the complaint must state more than conclusory allegations, but they have little

---

[1] (<u>See</u> Kinder Morgan's Mot. 7–8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | <u>SACV 15-00718 JVS (DFMx)</u> consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | January 21, 2016 |
|---|---|---|---|
| Title | <u>In Re SFPP Right-of-Way Claims</u> | | |

bearing on the present case. As discussed above, Plaintiffs have adequately alleged title to adjoining property and their purported ownership in the subsurface of Union Pacific's right of way.

     Consequently, the Court denies the Defendants' motions to dismiss the claim for quiet title. Similarly, Union Pacific's motion to dismiss the claims for ejectment derives from the same argument and is denied on the same grounds.

     Kinder Morgan also moved to strike allegations purporting to bring a quiet title claim on a class basis. Kinder Morgan argues that "verification of the complaint" is an element of a quiet title claim in California and verification cannot be satisfied on a class-wide basis. Kinder Morgan cites cases that discuss the legal standard that state substantive rules must be followed in federal court, <u>i.e.</u>, <u>Computer Econ., Inc. v. Gartner Grp., Inc.</u>, 50 F. Supp. 2d 980, 990 (S.D. Cal. 1999), and asserts that submitting a verified complaint is an element of the cause of action for quiet title.

     At this point, the Court does not agree with Kinder Morgan's theory that verification of the complaint is an element of the cause of action, rather than a state procedural rule. In federal practice, "a verified complaint . . . functions as an affidavit." <u>Johnson v. Meltzer</u>, 134 F.3d 1393, 1400 (9th Cir. 1998). A requirement that a claim be proven by affidavit appears to the Court to be a procedural rule rather than a state substantive rule. <u>See, e.g.</u>, Fed. R. Civ. P. 11(a) ("Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit"); Fed. R. Civ. P. 23.1(b) (verified complaint required in federal shareholder suits); Fed. R. Civ. P. 65(b) (a verified complaint or affidavit is required for the court to issue a temporary restraining order). <u>See</u> also Wright & Miller, <u>Federal Practice and Procedure</u> § 1204 (3d ed. 2004) ("Since the Supreme Court's decision in <u>Hanna v. Plumer</u>, [380 U.S. 460 (1965)]. . . it no longer can be doubted that the rules regarding . . . the special requirements for pleading certain matters . . . are governed by the federal rules and not by the practices of the courts in the state in which the federal court happens to be sitting.").

     The cases cited by Kinder Morgan for the proposition that verification is an element of a quiet title action discuss the California's pleading formalities, but do not necessarily stand for the proposition that those formalities must be followed in federal court. Tellingly, even Kinder Morgan's best case—cited in an earlier motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | January 21, 2016 |
|---|---|---|---|
| Title | In Re SFPP Right-of-Way Claims | | |

dismiss—fails to engage in any analysis of whether the rule is substantive or procedural. In Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018 (N.D. Cal. 2010), the court held that plaintiff's quiet title claim should be dismissed because it is a "threshold requirement that the claim be asserted in a verified complaint." Id. at 1031–32.[2] But neither Briosos nor the other cases cited by Kinder Morgan engage in an analysis of whether the verified complaint requirement is an element of a quiet claim title (as Kinder Morgan asserts) or a state procedural rule. Because whether a complaint is verified or not is an evidentiary standard, the Court holds that this is a procedural rule rather than a state substantive rule. See Vargas v. HSBC Bank USA, N.A., 2012 WL 3957994, at *10 (S.D. Cal. Sept. 10, 2012) ("Under Erie [v. Tompkins, 304 U.S. 64 (1938)], Plaintiffs' [sic] need not satisfy the pleading requirements of California's state courts.").

Consequently, the Court denies Kinder Morgan's motion to strike the class allegations as to the claim for quiet title.

C. Motion to Dismiss Claim for Inverse Condemnation

Only Union Pacific moves to dismiss the claim for inverse condemnation. The elements of a cause of action for inverse condemnation are (1) a taking or damaging by the public entity of a valuable property right that the property owner possesses; (2) the taking or damaging was for a public use; and (3) the invasion or appropriation directly or specially affected the property owner to his or her injury. City of L.A. v. Superior Court, 194 Cal. App. 4th 210, 221 (2011). Here, Union Pacific attacks the sufficiency of the allegations relating to the first and second elements because Union Pacific contends that elements one and two are only satisfied where there is a nexus between the taker's power of eminent domain and the public use the taking was for. (Union Pacific's Mot. 8–11.) Distilled further, Union Pacific is essentially arguing that to state a claim for inverse condemnation against a private actor, the complaint must state some state action involved in the taking—likely at the point that the private actor is imbued with its specific power of eminent domain. See Barham v. S. Cal. Edison Co., 74 Cal. App. 4th 744 (1999) (private electric utility company "may be liable" in inverse condemnation under particular factual situation where electric company had statutory grant of authority);

---

[2] (See also Kinder Morgan's Previous Reply Mem. Supp. Mot. Dismiss 8–9, Dkt. No. 51 (citing cases).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | <u>**SACV 15-00718 JVS (DFMx)**</u> consolidated with <br> <u>SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492</u> | Date | January 21, 2016 |
| Title | <u>In Re SFPP Right-of-Way Claims</u> | | |

<u>Oliver</u> v. <u>AT&T Wireless Servs.</u>, 76 Cal. App. 4th 521, 530 (1999) (private individuals not alleged to posses power of eminent domain may not be found liable for inverse condemnation).

Both parties extensively cite <u>Patel</u> v. <u>Southern California Water Co.</u>, 97 Cal. App. 4th 841 (2002). In that case, the California court of appeal held that the trial court did not err in holding that there was no inverse condemnation—only a trespass—when a water company exceeded the scope of an easement by engaging in non-water-related purposes that also exceeded the water company's power of eminent domain. <u>Id.</u> at 843–44.

Union Pacific's point in referring to this case is that the Consolidated Complaint fails to allege any facts to indicate that Union Pacific's use of Plaintiffs' purported property was within Union Pacific's grant of eminent domain. The Court agrees. The Consolidated Complaint is devoid of any non-conclusory allegation that Union Pacific acted pursuant to any power of eminent domain to harm the interests of the Plaintiffs. (<u>See</u> also Consol. Compl. ¶¶ 29, 63 ("[Union Pacific] had no legal rights whatsoever to occupy the subsurface or to grant subsurface easements for purposes of constructing or operating the pipeline" and the "pipeline was not being used for legitimate railroad purposes."))

However, the Plaintiffs maintain that Union Pacific may be liable as a joint actor with Kinder Morgan because they allege Union Pacific acted in concert with Kinder Morgan—whose authority to condemn has not been questioned. (Consolidated Opp'n 15.) Union Pacific's response is that the theory of liability for joint action only applies if one actor is a government entity.

Union Pacific does not cite a case that expressly holds that this is the rule. Instead, Union Pacific relies on the fact that whenever California courts have found a defendant liable under this theory, it has been on the basis of joint action with a public entity. <u>Breidert</u> v. <u>S. Pac. Co.</u>, 61 Cal. 2d 659 (1964) (private railroad in joint action with the Public Utilities Commission and City of Los Angeles). <u>Cf.</u> <u>Oliver</u>, 76 Cal. App. 4th at 529–30 (affirming summary judgment denying a claim for inverse condemnation solely because certain defendants did not possess power of eminent domain).

But the most recent California court of appeal decision cited by the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | January 21, 2016 |
| Title | In Re SFPP Right-of-Way Claims | | |

provides reason to doubt the viability of Union Pacific's proposed rule. Although Pacific Bell Telephone. Co. v. Southern California Edison Co., 208 Cal. App. 4th 1400 (2012), does not discuss joint liability theory in any way particularly relevant to this case, it does express the California court's doubt that in the context of inverse condemnation cases there is "any significant difference" between governmental entities and privately owned entities with eminent domain powers. Id. at 1408 (citing Barham, 74 Cal. App. 4th at 753). Such reasoning should apply to the joint action theory as well.[3] The key point is that one party, either private or governmental, has the power of eminent domain. Whether there is joint action is an issue for another day.

Consequently, the Court denies Union Pacific's motion to dismiss the inverse condemnation claim so far as Plaintiffs may proceed against Union Pacific on a joint action theory.

D.   Motion to Dismiss Claim for California Unfair Competition Law

Both Defendants move to dismiss the Plaintiffs' claim under the California unfair competition law ("UCL"). Cal. Bus. & Prof. Code § 17200.

It is a well-settled point of law that recovery by a plaintiff for a UCL claim is "limited to injunctive relief and restitution." Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 179 (1999); Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1148–49 (2003) ("nonrestitutionary disgorgement is not an available remedy in an individual action under the UCL"). The dispute between the Plaintiffs and the Defendants on this point regards whether Plaintiffs have made a claim for restitution.

The Court concludes that Plaintiffs have not properly plead a claim for restitution

---

[3] Union Pacific attempts to attach further meaning to the Patel case to argue that the fact that Kinder Morgan may have eminent-domain power cannot form any basis for Union Pacific's liability for inverse condemnation. (Union Pacific's Reply 8–9.) However, the Patel case does not seem to consider the joint action theory at all. Additionally, the Patel court's apparent holding, that whether the wireless company defendants possessed eminent domain authority for wireless activities was irrelevant to the disposition of the case, Patel, 97 Cal. App. 4th 845–46, appears to the Court to conflict with the weight of California authority. See, e.g., Pac. Bell Tel. Co., 208 Cal. App. 4th at 1404–1408 (a private entities' exercise of authorized eminent domain authority would lead to an action for inverse condemnation).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | January 21, 2016 |
|---|---|---|---|
| Title | In Re SFPP Right-of-Way Claims | | |

under the UCL. Plaintiffs do not claim to have lost any funds in which they had "an ownership interest," and although they plead a vested, fee interest in the subsurface of the railroad right-of-way, they have not plead a vested interest in any rent payments or profits of either Defendant. The case Plaintiffs cite for the proposition that they have a vested interest in rent payments, People ex rel. Kennedy v. Beaumont Inv., Ltd., 111 Cal. App. 4th 102 (2003), is inapposite because in that case the government was suing on behalf of tenants who had overpaid their own rents. Id. at 135. The trial court's order demanding a disgorgement of unauthorized rents only intended to "restore that money to the affected tenants . . . to compensate tenants who paid above-[o]rdinance rents." Id. Other cases cited by Plaintiffs similarly pertain to overpayment. E.g., In re Ditropan XL Antitrust Litig., 529 F. Supp. 2d 1098, 1105 (N.D. Cal. 2007) (plaintiffs seeking to recover funds overpaid by plaintiffs to pharmaceutical company for a drug); Trew v. Volvo Cars of N. Am., LLC, No. 05-1379, 2006 WL 306904, at *2–3 (E.D. Cal. Feb. 8, 2006) (plaintiffs seeking to recover money paid by plaintiffs, indirectly, to car manufacturer for profits from class members who paid to clean or replace a defective part).

Plaintiffs' unsupported reliance on Kennedy is telling. The rents Plaintiffs seek constitute damages, not restitution for overpayment. (Compare Consol. Opp'n 20 ("Plaintiffs' UCL claim is seeking restitution of benefits and property traceable from Union Pacific's unauthorized collection of rent from the use of Plaintiffs' property") with Consol. Compl. ¶ 148 ("Plaintiffs and the Class are entitled to damages for the value of all rents and monetary benefits received by [Union Pacific] for all . . . easements granted to [Kinder Morgan] since the 1950s").)

Because Plaintiffs have not alleged that they have lost any money or property recoverable under the UCL, this claim must be dismissed. Plaintiffs request leave to amend the Consolidated Complaint. As discussed at the Scheduling Conference that took place on January 21, 2016, Plaintiffs shall either replead this claim, or serve notice of intent not to replead, within 14 days. Defendants shall file their responses within 30 days of service of the amended complaint or the notice of intent not to replead.

E.      Motion to Dismiss Claim for Accounting

Finally, both Defendants move to dismiss Plaintiffs' claims for an accounting. "A cause of action for an accounting requires a showing that a relationship exists between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | <u>**SACV 15-00718 JVS (DFMx)**</u> consolidated with<br>SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | January 21, 2016 |

Title      <u>In Re SFPP Right-of-Way Claims</u>

the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." <u>Tamburri</u> <u>v.</u> <u>Suntrust</u> <u>Mortgage,</u> <u>Inc.</u>, C-11-2899 EMC, 2011 WL 6294472 (N.D. Cal. Dec. 15, 2011) (<u>quoting</u> <u>Teselle</u> <u>v.</u> <u>McLoughlin</u>, 173 Cal. App. 4th 156, 179 (2009)).

      Here, the relationships between the parties are allegedly (1) between the owners of a dominant estate and an owners of a servient estate, and (2) between fee owners and a party who has allegedly surreptitiously condemned portions of those fee owners's property rights, without compensation, for decades. Should the Plaintiffs prove that they are fee owners in the property they allege to own, and prove other equitable factors at a later point in this case, an accounting may be merited.

IV.     Conclusion

      For the foregoing reasons, the Court grants the Defendants' motions to dismiss the Plaintiffs' UCL claim. The Court denies the Defendants' motions to dismiss in all other respects.

      IT IS SO ORDERED.

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |