Joseph Rebein (Admitted *Pro Hac Vice*)
Andrew Carpenter (Admitted *Pro Hac Vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
jrebein@shb.com
acarpenter@shb.com

Tammy B. Webb, SBN 227593
John K. Sherk, SBN 295838
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104
Telephone: 415-544-1900
Facsimile: 415-391-0281
tbwebb@shb.com
jsherk@shb.com

*Attorneys for Defendant*
Union Pacific Railroad Company

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

In re SFPP Rights-of-Way Claims

CASE NO. 8:15-cv-00718-JVS-DFM

**DEFENDANT UNION PACIFIC'S REPLY TO PLAINTIFFS' BRIEF ON DISCOVERY DISPUTE**

Defendant Union Pacific Railroad Company's objections to Plaintiffs' Requests for Production Nos. 9 and 28 should be upheld. The enormous burden presented by these discovery requests vastly outweighs any possible benefits, and Plaintiffs' arguments do not suggest otherwise. Alternatively, if this Court requires that Union Pacific respond to these requests, Union Pacific requests that this Court shift the costs of the discovery to Plaintiffs.

## **ARGUMENT**

Plaintiffs' analysis of the Rule 26 proportionality factors misses the mark. To begin with, Plaintiffs spend pages discussing the "amount in controversy" and the

"importance of the issues" components of the rule.  These factors are not seriously in contention.

Next, Plaintiffs suggest that because Union Pacific is a "multi-billion dollar Fortune 200 company," it can "comply with Plaintiffs' discovery requests, if it chooses (or is compelled) to do so." (Doc. # 189 at 9).  But Union Pacific's financial wherewithal does not give Plaintiffs a free pass to seek any kind of discovery they want, regardless of the burden or expense imposed.  *See* FED. R. CIV. P. 26 advisory committee's note to 2015 amendment ("So too, consideration of the parties' resources does not foreclose discovery requests addressed to an impecunious party, nor justify unlimited discovery requests addressed to a wealthy party.").  Impermissibly broad and burdensome discovery cannot be rendered acceptable just because the defendant happens to be a profitable business.

Much of Plaintiffs' argument is devoted to explaining why Request No. 9 should survive this Court's Rule 26 proportionality analysis.  Plaintiffs concede that the discovery sought is a needle in the haystack.  They hope to locate documents like the "three letters from the railroad's in-house counsel," *i.e.*, a handful of documents created decades ago, which Plaintiffs contend cast doubt on Union Pacific's subsurface property rights.  (Doc. # 189 at 6).  Plaintiffs' posit that those "letters provide a reasonable basis to expect that there are additional documents" of a similar nature in Union Pacific's files, but Plaintiffs do not supply anything more than guesswork for this position.  *Id.*  *See Gilead Scis., Inc. v. Merck & Co, Inc.*, No. 5:13-CV-04057-BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016) ("No longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence.").

Whether similar Southern Pacific railroad documents even exist (for whatever they may be worth) is unknown.  But the burden of the proposed discovery is real, as Union Pacific demonstrated in its opening brief and accompanying affidavit.  The sworn deposition testimony of John Hawkins, Director of Real Estate Operations at

1  Union Pacific, supports what Union Pacific's opening brief established.  Mr. Hawkins
2  testified about whether Union Pacific even could locate the 1956 in-house letter,
3  which Plaintiffs already have, in its system:
4      Q. Mr. Hawkins, let me hand you what's been marked Exhibit 21 and ask you if
5      you've ever seen that document before.
6      A. I have not.
7      Q. It's dated at the top March 28, 1956.  Do you see that?
8      A. Yes, sir.
9  Hawkins Dep. at 101:25-102:06 (Ex. A).
10                                       ***
11     Q. If this document [the March 28, 1956 letter] was part of the transitional
12     documents that were taken from Southern Pacific's records and incorporated
13     into Union Pacific's records, okay, would you be able to find this document?
14     A. *I would not know how to find this document.*
15 Hawkins Dep. at 103:25-104:06 (emphasis added).
16       Union Pacific remains deeply skeptical about the relevance and importance of
17 this proposed discovery.  Contrary to Plaintiffs' assertions, the property rights of
18 California class members will not turn on Plaintiffs' interpretation of the language of
19 50-year old memos—which by necessity will be based purely on Plaintiffs' hindsight
20 view and without the support of any contemporaneous witness testimony.  Rather,
21 these rights will be decided by evaluating the operative title evidence for *and* against
22 each class member.
23       In an attempt to justify Request No. 28, Plaintiffs argue, among other things,
24 that they need information about "communications" because their "inverse
25 condemnation claim requires evidence of the value of the property taken without just
26 compensation."  (Doc. # 189 at 7).  But communications between Union Pacific and
27 Kinder Morgan (and their respective predecessors) concerning value would have been
28 related to the "Across the Fence" valuation method.  Inverse condemnation does not

measure value on that basis. *See Housley v. City of Poway*, 20 Cal. App. 4th (1993) (explaining that "just compensation" in inverse condemnation actions is normally based on the fair market value).

Additionally, in connection with Request No. 28, Plaintiffs seek "communications" between the companies that might say things like, "these pipeline easements are worth more than what you are paying." (Doc. # 189 at 7). No examples of such documents have been identified, however, and it is anyone's guess as to whether such communications even exist. This is a thin argument upon which to base a discovery demand that would cost Union Pacific more than a million dollars. *See*, *MP Nexlevel, of California, Inc. v. CVIN, LLC*, No. 114CV00288LJOEPG, 2016 WL 1408459, at *4 (E.D. Cal. Apr. 11, 2016) (denying motion to compel production where there was no evidence that production would uncover relevant evidence and where responding would have required an expensive "blanket review" of documents).[1]

Finally, Plaintiffs argue that, because Union Pacific was able to locate and produce some documents concerning diesel fuel, it must have the ability to track down any other documents plaintiffs want. (Doc. #189 at 9). Plaintiffs are wrong. These fuel documents differ from the documents Plaintiffs seek here. First, they are kept in a specific location at Union Pacific's headquarters by a small team that manages the railroad's fuel usage. Second, Union Pacific already had compiled these fuel documents in connection with other litigation, so they were readily accessible in this case. (Affidavit of Colleen Graham, attached as Ex. B).

Plaintiffs tacitly acknowledge the objectionable nature of requests 9 and 28 by offering to "shoulder Union Pacific's purported burden by searching the boxes that may have responsive materials." (Doc. #189 at 10). Union Pacific believes that its objections to Requests Nos. 9 and 28 should be sustained and that this discovery

---

[1] *See also Harte v. Johnson Cty.*, No. CIV.A. 13-2586-JWL, 2015 WL 3514657, at *8 (D. Kan. June 4, 2015) ("Although ordering this production, the Court believes it is more speculative and doubtful than likely to provide additional information that Plaintiffs have not obtained or will not otherwise obtain by their other requests. Consequently, it will order them to pay the reasonable costs of its production.").

1  dispute should conclude.  But if this Court is inclined to permit Plaintiffs to search in
2  Union Pacific's document storage facilities in Omaha or elsewhere, appropriate
3  measures must be put into place to protect Union Pacific's privileged, confidential and
4  proprietary information.  Moreover, the review process would need to be supervised
5  by Union Pacific personnel and neutral reviewers would need to be retained.
6  Plaintiffs should be responsible to pay the costs supervising and conducting the
7  review process.

## CONCLUSION

Because Plaintiffs' Requests Nos. 9 and 28 are not proportional to the needs of this case, Union Pacific asks this Court to sustain its objections.  Alternatively, if this Court orders Union Pacific to respond to the Requests, Union Pacific requests that this Court order Plaintiffs to pay the costs of production.

Dated: July 19, 2016                       Respectfully submitted,

/s/ John Sherk
Joseph Rebein (Admitted *Pro Hac Vice*)
Andrew Carpenter (Admitted *Pro Hac Vice*)
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
jrebein@shb.com
acarpenter@shb.com

Tammy B. Webb, SBN 227593
John K. Sherk III, SBN 295838
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104
Telephone: 415-544-1900
Facsimile: 415-391-0281
jsherk@shb.com
tbwebb@shb.com

Attorneys for Defendant
Union Pacific Railroad Company