UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 15-00718-JVS (DFMx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | In re SFPP Right-of-Way Claims | | |

| Present: The Honorable | Douglas F. McCormick | |
|---|---|---|
| Terri Steele | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:**     (In Chambers) Order re: RFP Nos. 9 and 28

On June 23, 2016, the Court held an informal telephonic discovery conference. During this conference, the parties and the Court discussed the objections of Defendant Union Pacific Railroad Company ("Union Pacific") to Plaintiffs' RFP Nos. 9 and 28. Following this discussion, the Court asked the parties to submit briefs about the relevance of those RFPs and Union Pacific's argument that those requests were not proportional to the needs of the case. The parties submitted briefs as directed by the Court (see Dkt. 189, 190, 192 and 193) and the Court held a further telephonic conference with the parties on July 21, 2016.

RFP No. 9 seeks "[a]ll documents showing or referencing negotiations between the Pipeline Defendants and the Railroad Defendant concerning the title records, agreements, contracts, easement agreements, documents, and court decrees requested in the preceding Request." RFP No. 28 seeks "[a]ll communications between the Pipeline Defendants and the Railroad Defendant concerning the value of the Pipeline or the value of the Line."

The records implicated by RFP Nos. 9 and 28 date back to the mid-1950s. To locate responsive documents, Union Pacific would have to search a repository of documents consisting of nearly 100,000 boxes of documents. Union Pacific estimates that there are over 200,000 files spread across those boxes that contain documents relating to negotiations or communications about value. In light of these facts, Union Pacific estimates that it would be necessary to spend more than $1.7 million to hire outside contractors to search its document repository for documents responsive to RFP Nos. 9 and 28.

Federal Rule of Civil Procedure 26(b)(1) provides:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 15-00718-JVS (DFMx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | In re SFPP Right-of-Way Claims | | |

the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Union Pacific argues that the marginal relevance of the information sought by Plaintiffs' request is not sufficient to warrant the extraordinary burden. Even taking Union Pacific's cost estimates with a grain of salt, it appears clear that Union Pacific would have to engage in a burdensome and expensive effort to search its document repositories for documents responsive to RFP Nos. 9 and 28.

As the Court indicated at the hearing, requiring a search of Union Pacific's document repository for documents responsive to RFP No. 28 is not proportional to the needs of this case. Union Pacific argues that its production of documents responsive to RFP Nos. 20, 21, 22, 23, 27, 29, and 30 will provide Plaintiffs with documents about the value of the Pipeline. The Court agrees. In response, Plaintiffs argue that RFP No. 28 is tailored to uncover evidence that the railroad undercharged the pipeline companies for subsurface rights, speculating that such evidence "is likely to be found" in communications rather than formal agreements. This type of speculation is not adequate, the Court's view, to justify a costly search of more than 60 years' worth of documents. The Court accordingly declines to order any relief with respect to RFP No. 28.

RFP No. 9 seeks documents of greater importance than RFP No. 28 and it furthermore appears unlikely that other requests will lead to the production of similar evidence. The parties' knowledge of whether the railroad had sufficient property rights to lease easements to the pipeline system beneath the railroad's right-of-way appears to be relevant to several of the parties' claims and defenses. Moreover, the parties' negotiations will provide evidence about the value of the pipeline.

While RFP No. 9 presents the same burden issues as RFP No. 28, the parties at the July 21st hearing discussed limiting the timeframe of RFP No. 9 to focus on the periods of time surrounding the four underlying agreements: the 1955, 1956, and 1983 "master" agreements and the 1994 AREA agreement. If so limited, it appears clear that the burden and expense of locating and retrieving responsive documents would be diminished. The parties also discussed the possibility of developing search terms to be used to search the indices that exist for at least a portion of Union Pacific's document repository. Again, it appears clear that the use of such searches would diminish the burden and expense of locating and retrieving responsive documents.

The Court thus concludes that Rule 1 and Rule 26(b)(1) require the parties and the Court to continue discussing, at a minimum, how to: (1) limit the time frame of RFP No. 9 to focus on the four agreements and (2) use search terms or keywords on Union Pacific's indices. The Court accordingly ORDERS the parties to meet-and-confer in the next seven (7) calendar days to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 15-00718-JVS (DFMx) | Date | July 25, 2016 |
|---|---|---|---|
| Title | In re SFPP Right-of-Way Claims | | |

formulate a protocol for both (1) and (2). At the same time, the Court also ORDERS the parties to meet-and-confer about a process to allow Plaintiffs to inspect either a portion or all of any unindexed portion of Union Pacific's document repository. As the Court indicated at the hearing, it is prepared to order Union Pacific to allow such inspection for a limited period after which the parties would report back to the Court about the outcome of such a limited review.

     Following the meet-and-confer period, the Court will hold a further telephonic discovery conference on August 1, 2016, at 3:00 p.m. The parties should be prepared to discuss the outcome of their discussions at that time.

                                                                                                                                  :

Initials of Clerk     nkb