# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with<br>SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | July 25, 2016 |

| | |
|---|---|
| Title | In Re SFPP Right-of-Way Claims |

Present: The
Honorable          James V. Selna

| Ivette Gomez | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Norman Siegel | Tammy Webb / Summer Wynn /<br>Steven Strauss / Catherine O'Connor |

**Proceedings:**   **Defendant Union Pacific Railroad Company's Motion to Certify Issues for Interlocutory Appeal, Grant Leave to Amend and Invite the Views of the United States**

Cause called and counsel make their appearances.   The Court and counsel confer.

On June 7, 2016, the Court granted a motion brought by Plaintiffs and Counterclaim Defendants Martin Wells and Susan Wells, as trustees of the Martin and Susan Wells Revocable Trust, and Sandra L. Hinshaw, as trustee of the Sandra L. Hinshaw Living Trust (collectively, "Plaintiffs") to, *inter alia*, dismiss certain counterclaims of Defendant Union Pacific Railroad Company ("Union Pacific"). (Order Granting in Part Pls.' Mot. Dismiss Def. Union Pacific's Counterclaim and Mot. More Definite Statement (the "June 7 Order"), Docket No. 175.)

Pursuant to 28 U.S.C. § 1292(b), Union Pacific now moves to certify an interlocutory appeal from the June 7 Order. (Request to Certify, Docket No. 181.) Union Pacific also requests that the Court grant leave to amend the counterclaims and to invite the views of the United States. (Id.) Plaintiffs and SFPP, L.P., Kinder Morgan Operating L.P. "D," and Kinder Morgan G.P., Inc. (collectively, "Kinder Morgan") oppose. (Pls.' Opp'n, Docket No. 184; Kinder Morgan's Opp'n, Docket No. 185.) Union Pacific has replied. (Reply, Docket No. 187.)

For the following reasons, the Court grants Union Pacific's motion to certify. The Court denies Union Pacific's request for leave to amend its counterclaims. The Court denies Union Pacific's request that the Court solicit the views of the United States.

## I.   Background

The facts and circumstances in this matter are familiar to the parties and the Court. In March 2016, Union Pacific answered the Plaintiffs' Consolidated Class Action Complaint and asserted counterclaims for declaratory judgment and quiet title based on certain 19th century congressional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with<br>SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | July 25, 2016 |

| | |
|---|---|
| Title | **In Re SFPP Right-of-Way Claims** |

grants. (Union Pacific's Answer and Counterclaims, Docket No. 135.) In April, Plaintiffs moved to dismiss those certain counterclaims on grounds that (1) those counterclaims failed as a matter of law; and (2) those counterclaims were barred by collateral estoppel. (Pls.' Mot. Partial Dismissal, Docket No. 139.) After full briefing and a hearing on the motion, the Court granted Plaintiffs' motion on the grounds that the counterclaims failed as a matter of law. (See June 7 Order.)

The Court relied on the United States Supreme Court cases of Great Northern Railway Co. v. United States, 315 U.S. 262, 274 (1942) ("Great Northern"), and United States v. Union Pacific Railroad Co., 353 U.S. 112 (1957) ("Union Pacific Railroad") to conclude that under either the pre-1871 Acts or the General Railroad Right-of-Way Act of 1875, Union Pacific had to show that its lease of the subsurface underneath its railroad right of way furthered a "railroad purpose." (June 7 Order at pp. 3–12.) The Court then relied on Great Northern, Union Pacific Railroad, Chicago & N.W. Ry. Co. v. Continental Oil Co., 253 F.2d 468 (10th Cir. 1958), and Union Pacific R.R. Co. v. Santa Fe Pac. Pipelines Inc., 231 Cal. App. 4th 134 (2014) ("Santa Fe Pacific Pipelines") to conclude that, as a matter of law, Union Pacific could not show a railroad purpose based on the allegations in the counterclaims. (Id. at pp. 12–14.)

Union Pacific now moves to certify an interlocutory appeal.

II.   **Legal Standard - § 1292(b) Certification**

Under 28 U.S.C. § 1292(b), the party seeking certification must establish that: (1) there is a controlling question of law, (2) as to which there are substantial grounds for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation. Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 687–88 (9th Cir. 2011); In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). Only if all three elements are met may the Court certify an order for appeal. In re Cement Antitrust Litig., 673 F.2d at 1026; see also Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met."). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, 283 F.3d 1064, 1067 n.2 (9th Cir. 2002). Such a departure is "to be applied sparingly and only in exceptional cases." United States v. Woodbury, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Thus, the party seeking certification "has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" Fukuda v. Cty. of L.A., 630 F. Supp. 228, 229 (C.D. Cal. 1986) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

III.   **Discussion - § 1292 Certification**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with | Date | July 25, 2016 |
| | SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | | |

| | |
|---|---|
| Title | In Re SFPP Right-of-Way Claims |

A.      Controlling Question of Law

A controlling question of law exists where "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d at 1026. In the context of § 1292(b), a "'question of law' means a 'pure question of law,' not a mixed question of law and fact or an application of law to a particular set of facts." Barrer v. Chase Bank, USA, N.A., 2011 WL 1979718, *4 (D. Or. May 18, 2011).

The Court finds that there are two pure questions of law at issue that were decided in the June 7 Order. First, the Court found that Union Pacific cannot authorize a use of the subsurface underneath the railroad right of way unless the use serves a "railroad purpose." The Court made this finding as a matter of statutory interpretation of 19th century congressional grants by relying on Supreme Court precedent interpreting those grants. This presents the first pure question of law at issue in this litigation. Second, the Court found that Union Pacific, as a matter of law, could not demonstrate a "railroad purpose" in granting a subsurface easement to a third party to operate a commercial petroleum pipeline through the subsurface of the rights of way. This presents the second pure question of law at issue in this case.

A resolution by the Ninth Circuit of either of these issues by either confirming or correcting the Court's ruling would materially affect the outcome of litigation. If this Court were reversed as to the first question of law, that would almost certainly defeat most of the Plaintiffs' case because their case is based on the theory expressed in Santa Fe Pacific Pipelines that Union Pacific did not have sufficient rights under the 19th century congressional grants to grant subsurface pipeline easements underneath the rights of way. (See, e.g., Consol. Class Action Compl. ¶¶ 17–19, 44–46, 50, 81–85, 87–89, 94, 111, 121–22, 126, 131, 141–42.)

Additionally, if the Court were reversed on the second question of law, it would certainly have the impact of materially affecting the outcome of litigation. Union Pacific would then be permitted to attempt to develop the record regarding the alleged "railroad purpose" of leasing the subsurface to a third party to operate a commercial subsurface petroleum pipeline. If the Ninth Circuit determines that in some circumstances leasing the subsurface of a railroad right of way to a third party for the operation of a commercial subsurface petroleum pipeline can constitute a "railroad purpose," then the litigation would encompass a disputable question of fact as to whether Union Pacific's lease in this case might be permitted. Cf. Ketab Corp. v. Mesriani Law Grp., No. 14-cv-07241, 2015 WL 2409351, at *3 (C.D. Cal. May 20, 2015) (finding that it could be a controlling question of law for purposes of § 1292(b) whether a determination can be made as a matter of law because the issue "question[s] the basis of the court's decision to dismiss with prejudice some of the Plaintiff's claims").

B.      Substantial Grounds for Difference of Opinion

There are "substantial grounds for differences of opinion" when "reasonable judges might differ" on the correct outcome of an issue and such "uncertainty provides a credible basis for a difference of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with<br>SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | July 25, 2016 |

| | |
|---|---|
| Title | In Re SFPP Right-of-Way Claims |

opinion." Reese v. BP Exploration, 643 F.3d 681, 687 (9th Cir. 2011) (quoting In re Cement Antitrust

Litig., 673 F.2d at 1028 (Boochever, J., dissenting on other grounds)). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point . . . or if novel and difficult questions of first impression are presented." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (internal quotations and citations omitted). The Ninth Circuit has held that "[a] substantial ground for difference of opinion exists were reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." Reese, 643 F.3d at 688. See also Environmental World Watch, Inc. v. Walt Disney Corporation, No. 09-cv-4045, 2014 WL 10979864, at *3 (C.D. Cal. Apr. 2, 2014) (reciting standard).

It is at least arguable that there are substantial grounds for difference of opinion as to whether the Court correctly decided that Union Pacific cannot authorize a use of the subsurface underneath the railroad right of way granted under the pre-1871 congressional acts unless the authorization serves a "railroad purpose." The principle cases relevant to the June 7 Order on this point were Union Pacific Railroad, Energy Transp. Systems, Inc. v. Union Pac. R.R. Co., 619 F.2d 696, 697 (8th Cir. 1980); Energy Transp. Systems, Inc. v. Union Pac. R.R. Co., 606 F.2d 934, 936 (10th Cir. 1979); and Wyoming v. Udall, 379 F.2d 635, 640 (10th Cir. 1967).

Union Pacific contends that Marvin M. Brandt Revocable Trust v. U.S., 134 S.Ct. 1257 (2014), is contrary authority on this point. In ruling on the June 7 Order this Court obviously reviewed Brandt and concluded that it did not overrule Union Pacific Railroad or the Eighth Circuit and Tenth Circuit cases on this point. In this Court's view, Brandt contained no holdings regarding the scope of property rights conferred by the pre-1871 acts. Instead, Brandt was solely a case about grants under the 1875 act and the narrow question of whether the U.S. Government retained any reversion interest in certain property if the railroad abandoned its right of way granted under the 1875 act. Any description of the differences between grants under the 1875 act and the pre-1871 acts related solely to the difference regarding whether the U.S. Government retained a reversionary interest in the land grant. In the June 7 Order, the Court concluded that even Brandt's language reiterating that the land granted under the pre-1871 acts were "limited fees" did not meaningfully articulate what was meant by "limited fee" or whether a "limited fee" was limited to only those uses that serve a "railroad purpose." (See June 7 Order at p. 8.) Brandt does not purport to overrule or disapprove of Union Pacific Railroad.

This Court stands by its conclusion because there are several instances of express language in Union Pacific Railroad finding there was a requirement in section 2 of the Pacific Railway Act of 1862 that the right of way be used for a "railroad purpose." Union Pacific Railroad, 353 U.S. at 114; see also id. at 119 ("The most that the 'limited fee' cases decided was that the railroads received all surface rights to the right of way and all rights incident to a use for railroad purposes."). Essentially, the Court in Union Pacific Railroad was stating that the railroad right of way was something other than a common-law fee. Nevertheless, the Court acknowledges that an alternative conclusion could be drawn about what

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date   July 25, 2016 |

| | |
|---|---|
| Title | **In Re SFPP Right-of-Way Claims** |

a "limited fee" means in the railroad right of way context. A reasonable judge could conclude that

 Brandt's dicta calling the grants under the pre-1871 acts and grants under the 1875 act "fundamentally different interests" means that the grants under the pre-1871 acts are "fundamentally different" from an easement and are not constrained by any requirement in how the railroad uses the right of way so long as it operates a railroad on the right of way. Essentially, a reasonable judge could conclude that use of the common law label of "fee" in the railroad right of way context means something akin to a fee simple determinable. If the Ninth Circuit issued a clear holding regarding the scope of the pre-1871 acts would resolve a "novel and difficult question[] of first impression" in this circuit.[1]

The Court also finds it at least arguable that there are substantial grounds for difference of opinion as to whether the Court correctly decided that Union Pacific cannot, as a matter of law, show that its lease of the subsurface to a third party to operate a subsurface commercial petroleum pipeline fulfills a "railroad purpose." Union Pacific now argues that it could allege that the pipeline has "always served railroad operations" and could allege that Union Pacific uses capacity on the pipeline "to transport millions of gallons of fuel a year." (Request to Certify p. 12.)

The Court rests on its conclusion that Great Northern and Chicago & N.W. Ry. Co. v. Continental Oil Co., 253 F.2d 468 (10th Circ. 1958), provide the most apt analogous situations. As explained in Santa Fe Pacific Pipelines:

> "In Great Northern, the United States sought to enjoin a railroad from drilling for or removing gas, oil and other minerals from beneath its right-of-way. As in this case, the railroad countered that it was using some of the oil residue on its locomotives and some as fuel for its trains. [] Nevertheless, the Supreme Court concluded that it should be enjoined. In Chicago & North Western Railway Co. v. Continental Oil Co. (10th Cir.1958) 253 F.2d 468, a railroad claimed to be entitled to extract oil from beneath its right-of-way, in part because it used the oil itself. The court disagreed that this was a railroad purpose, stating 'we do not regard the production of oil on the right-of-way an appropriate incident to the operation of a railroad, even though the refined product thereof might eventually be used for diesel fuel or other related uses.' []"

Santa Fe Pacific Pipelines, 231 Cal. App. 4th at 199 (citations omitted). Leasing the subsurface to a third party to operate a pipeline for private gain is not a "railroad purpose" even if the pipeline, in part, supplies fuel for the railroad. (See June 7 Order pp. 13–14.)

---

[1] There are pending cases in other jurisdictions in the Ninth Circuit that would also benefit from the Ninth Circuit's definitive ruling on this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     **SACV 15-00718 JVS (DFMx)** consolidated with          Date     July 25, 2016
                 SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492

Title          In Re SFPP Right-of-Way Claims

Nevertheless, the Court recognizes that are reasons why reasonable judges may differ with this Court's conclusion.

*First*, interpreting other land grants (not the congressional land grants applicable here), the Supreme Court has already permitted a railroad to lease its right of way to a commercial facility that served both a railroad and non-railroad purpose. See Grand Trunk Railroad Co. v. Richardson, 91 U.S. 454, 468-469 (1876) (right of way under Vermont law).

*Second*, other federal district courts, applying the laws of particular states, have come to similar conclusions regarding telecommunications cables. See Int'l Paper v. MCI Worldcom Network, 202 F. Supp. 2d 895, 902–03 (W.D. Ark. 2002) (applying Arkansas law and holding that "so long as the railroad is occupying any portion of the right of way, the railroad is entitled to grant licenses or easements to third parties provided the additional use may reasonably be considered to be of benefit to the railroad" and "laying of [] fiber optic cable was for railroad purposes"); Mellon v. S. Pac. Transp. Co., 750 F. Supp. 226, 231 (W.D. Tex. 1990) ("the right-of-way surface includes the non-mineral topsoil that would be occupied by a buried fiber optic line, and the fiber optic cable is an authorized incidental use which is not inconsistent with railroad uses"). A reasonable judge could look to these decisions as persuasive authority as to what uses constitute a "railroad purpose" under the congressional acts, and conclude that "railroad purpose" is broader than this Court has construed the concept.[2]

The Court therefore concludes that its June 7 Order addressed novel questions of first impression upon which a substantial ground for difference of opinion exists.

C.     Materially Advance the Ultimate Termination of Litigation

The Court may certify an order for appeal only if the moving party shows an immediate appeal may materially advance the ultimate termination of the litigation. In re Cement Antitrust Litig., 673 F.2d at 1026. Often this determination "turns on the procedural facts of the individual case, such as the stage of the litigation at the time the appeal is sought." Hoffman v. Citibank, N.A., No. 06-cv-0571, 2007 WL 5659406, at *4 (C.D. Cal. Feb. 15, 2007) (citing Shurance v. Planning Control Int'l., Inc., 839 F.2d 1347, 1348 (9th Cir. 1988)). Additionally, the determination may turn on practical considerations. Id. (quoting SCM Corp. v. Xerox Corp., 474 F. Supp. 589, 594 (D. Conn. 1979).

Here, the case is at an early stage of litigation and resolution of the issues on which Union Pacific seeks appeal would largely resolve the case. A Ninth Circuit determination of whether reversible legal error has been committed will advance the ultimate termination of this litigation. Compare Shurance, 839 F.2d 1347 at 1348 (interlocutory appeal of motion to disqualify counsel did not present a

---

[2] But see Kansas City Southern Railway Co. v. Arkansas Louisiana Gas Co., 473 F.2d 829, 834–835 (10th Cir. 1973) (articulating a list of rights that fulfill a railroad purpose); see also Santa Fe Pacific Pipelines, 231 Cal. App. 4th at 163.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | July 25, 2016 |

| | |
|---|---|
| Title | In Re SFPP Right-of-Way Claims |

controlling question of law and so interlocutory appeal would not materially advance the ultimate termination of litigation.)

IV.     **Discussion - Leave to Amend**

        Union Pacific seeks leave to amend to supplement its allegations regarding the "railroad purpose" of the pipeline. However, as stated in the June 7 Order, the Court concluded that Union Pacific's efforts to establish a railroad purpose "fail[ed] as a matter of law." (See June 7 Order p. 13 ("[E]ven if Union Pacific had plead these facts, the Court would still conclude that its first and second counterclaims, to the extent Union Pacific relies on the 19th century congressional grants, fail as a matter of law.").)

        The Court did not base its decision on a pleading failure (although there was also a pleading failure), but rather on the substance of Union Pacific's arguments about substantiating a "railroad purpose." The Court concluded that those substantive arguments failed as a matter of law. Consequently, permitting leave to amend the counterclaims to plead facts concerning how the lease of the subsurface to a commercial third-party pipeline operator would satisfy a "railroad purpose" would be a futile exercise. "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

V.      **Discussion - Invite the Views of the United States**

        The Court denies Union Pacific's request that the Court invite the United States to express an opinion. This case and the related cases have garnered sufficient publicity, at least in the railroad industry, to bring them to the attention of the Secretary of the Interior. The Court declines to impinge on the Secretary's independent and discretionary decision to seek to appear in this case.

VI.     **Request to Stay Entry of this Order Pending Resolution of the Issue of Collateral Estoppel**

        The Court is evaluating the further submissions made concerning the issue of collateral estoppel, including the July 11, 2016 order of the Honorable Judge David G. Campbell holding that Union Pacific is not collaterally estopped from asserting its counterclaims. However, the Court declines to delay entering an order invoking 1292(b) until after issuing a ruling on collateral estoppel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with<br>SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | July 25, 2016 |
|---|---|---|---|

| Title | In Re SFPP Right-of-Way Claims |
|---|---|

VII.   **Conclusion**

        For the foregoing reasons the Court grants in part, and denies in part Union Pacific's motion.
The Court **grants** Union Pacific's motion to certify. The Court **denies** Union Pacific's request to amend
its  counterclaims. The Court **denies** Union Pacific's request that the Court solicit the views of the
United States.

        IT IS SO ORDERED.

                                                                                    :        26

                                                Initials of Preparer        ig for kjt