UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | December 5, 2016 |
| Title | In Re SFPP Right-of-Way Claims | | |

Present: The Honorable        James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present        Not Present

**Proceedings:    (IN CHAMBERS )  Defendant Union Pacific Railroad Company's Motion to Stay Case Pending Appeal (Fld 10-28-16)**

**The Court, having been informed that the parties in this action submit on the Court's tentative ruling, previously issued, hereby GRANTS IN PART the defendant's motion to stay the action pending appeal and rules in accordance with the tentative ruling as follows:**

Defendant Union Pacific Railroad Company ("Union Pacific") moved to stay the proceedings pending its appeal to the Ninth Circuit. (Mot., Docket No. 216.) Plaintiffs Martin Wells and Susan Wells, trustees of the Martin and Susan Wells Revocable Trust, and Sandra L. Hinshaw, trustee of the Sandra L. Hinshaw Living Trust, (together, "Plaintiffs") opposed. (Opp'n, Docket No. 220.) Defendants SFPP, L.P., Kinder Morgan Operating L.P. "D," and Kinder Morgan G.P., Inc. (together "Kinder Morgan") responded. (Resp., Docket No. 221.) Union Pacific replied. (Reply, Docket No. 223.) Union Pacific filed a supplemental authority. (Suppl. Auth., Docket No. 224.) Plaintiffs submitted a response to Union Pacific's supplemental authority. (Resp. Suppl. Auth., Docket No. 225.)

For the following reasons, the Court **stays** the action in part pending the appeal in the Ninth Circuit.

**I. BACKGROUND**

The facts and circumstances in this matter are familiar to the parties and the Court. In March 2016, Union Pacific answered the Plaintiffs' Consolidated Class Action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | <u>SACV 15-00718 JVS (DFMx)</u> consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | December 5, 2016 |
|---|---|---|---|
| Title | <u>In Re SFPP Right-of-Way Claims</u> | | |

Complaint and asserted counterclaims for declaratory judgment and quiet title based on certain 19th century congressional grants. (Answer and Counterclaims, Docket No. 135.) In April, Plaintiffs moved for dismissal of those certain counterclaims on grounds that (1) those counterclaims failed as a matter of law and (2) those counterclaims were barred by collateral estoppel. (Pls.' Mot. Partial Dismis., Docket No. 139.) After full briefing and a hearing on the motion, the Court granted Plaintiffs' motion on the grounds that the counterclaims failed as a matter of law. (<u>See</u> June 7 Order.)

The Court relied on the United States Supreme Court cases of <u>Great Northern Railway Co. v. United States</u>, 315 U.S. 262, 274 (1942) ("<u>Great Northern</u>"), and <u>United States v. Union Pacific Railroad Co.</u>, 353 U.S. 112 (1957) ("<u>Union Pacific Railroad</u>") to conclude that under either the pre-1871 Acts or the General Railroad Right-of-Way Act of 1875, Union Pacific had to show that its lease of the subsurface underneath its railroad right of way furthered a "railroad purpose." (Counterclaim Order at pp. 3–12.) The Court then relied on <u>Great Northern</u>, <u>Union Pacific Railroad</u>, <u>Chicago & N.W. Ry. Co. v. Continental Oil Co.</u>, 253 F.2d 468 (10th Cir. 1958), and <u>Union Pacific R.R. Co. v. Santa Fe Pac. Pipelines Inc.</u>, 231 Cal. App. 4th 134 (2014) ("<u>Santa Fe Pacific Pipelines</u>") to conclude that, as a matter of law, Union Pacific could not show a railroad purpose based on the allegations in the counterclaims. (<u>Id.</u> at pp. 12–14.)

Union Pacific moved to certify an interlocutory appeal under 28 U.S.C. § 1292(b), which the Court granted. (Order, Docket No. 198.) Union Pacific now moves to stay the action pending the appeal.

## II. LEGAL STANDARD

A court has "broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" <u>Ass'n of Irritated Residents v. Fred Schakel Dairy</u>, No. 1:05–CV–00707 OWW SMS, 2008 WL 2899912, at *11 (E.D. Cal. July 22, 2008) (quoting <u>Filtrol Corp. v. Kelleher</u>, 467 F.2d 242, 244 (9th Cir. 1972)).

When determining whether to stay an action under 28 U.S.C. § 1292(b), a court considers whether (1) "resolution by the Ninth Circuit of the issue addressed in [the appealed order] could materially affect this case and advance the ultimate termination of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00718 JVS (DFMx) consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | December 5, 2016 |
|---|---|---|---|
| Title | In Re SFPP Right-of-Way Claims | | |

litigation" and (2) whether a stay will "promote [ ] economy of time and effort for the Court and the parties." Cal. Dep't of Toxic Substances Control v. Hearthside Residential Corp., No. SA CV 06–987, 2008 WL 8050005, at *9 (C.D. Cal. Dec. 8, 2008) (citing Kelleher, 467 F.2d at 244).

### III. DISCUSSION

The Court finds that (1) a resolution by the Ninth Circuit could materially affect this case and (2) a stay will economize the time and effort of the Court and the parties.

**A.   Resolution by Ninth Circuit Could Materially Affect This Case**

This Court has previously found that a resolution by the Ninth Circuit would materially affect the outcome of litigation:

> A resolution by the Ninth Circuit of either of these issues by either confirming or correcting the Court's ruling would materially affect the outcome of litigation. If this Court were reversed as to the first question of law, that would almost certainly defeat most of the Plaintiffs' case because such case is based on the theory expressed in Santa Fe Pacific Pipelines that Union Pacific did not have sufficient rights under the 19th century congressional grants to grant subsurface pipeline easements underneath the rights of way. (See, e.g., Consol. Class Action Compl. ¶¶ 17–19, 44–46, 50, 81–85, 87–89, 94, 111, 121–22, 126, 131, 141–42.)

> Additionally, if the Court were reversed on the second question of law, it would certainly have the impact of materially affecting the outcome of litigation. Union Pacific would then be permitted to attempt to develop the record regarding the alleged "railroad purpose" of leasing the subsurface to a third party to operate a commercial subsurface petroleum pipeline. If the Ninth Circuit determines that in some circumstances leasing the subsurface of a railroad right of way to a third party for the operation of a commercial subsurface petroleum pipeline can constitute a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 15-00718 JVS (DFMx)** consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | December 5, 2016 |
|---|---|---|---|
| Title | In Re SFPP Right-of-Way Claims | | |

"railroad purpose," then the litigation would encompass a disputable question of fact as to whether Union Pacific's lease in this case might be permitted. Cf. Ketab Corp. v. Mesriani Law Grp., No. 14-cv-07241, 2015 WL 2409351, at *3 (C.D. Cal. May 20, 2015) (finding that it could be a controlling question of law for purposes of § 1292(b) whether a determination can be made as a matter of law because the issue "question[s] the basis of the court's decision to dismiss with prejudice some of the Plaintiff's claims").

(Order, Docket No. 198 p. 3.) Therefore, this factor weighs towards staying the action.

**B.    Economy of Time and Effort**

In part, this factor favors a stay. The Ninth Circuit's decision would have obvious and far-reaching consequences on any trial on the merits as discussed above, and the Court finds that it would be imprudent to proceed to trial.

However, the same cannot be said of the class certification issue. Some form of putative class will remain even if the Ninth Circuit affirms this Court's decision. Thus, the Court limits its stay to all activities other than the class certification issues. The parties would be free to continue to pursue discovery related to the certification issues, and the Plaintiffs would be free to bring on a certification motion.

Practical considerations also dictate that class certification issues be exempt from a stay. In the parallel case in Arizona, Judge David G. Campbell denied a similar motion to stay and specifically allowed class certification issues to proceed. (See Docket No. 220-2, pp. 5–6; pagination per docket.) Whether this Court enters a complete stay or not, common class certification issues will be litigated in Arizona. Given common counsel in these cases, there will likely to efficiencies by allowing the class certification issues to proceed. Moreover, allowing the class certification issues to proceed will speed the ultimate disposition of the case regardless of the result in the Ninth Circuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-00718 JVS (DFMx) consolidated with SACV 15-00986; SACV 15-01362 JVS; and CV 15-7492 | Date | December 5, 2016 |
| Title | In Re SFPP Right-of-Way Claims | | |

### IV. Conclusion

For the aforementioned reasons, the Court **stays** the action in part pending the Ninth Circuit's decision. Class certification issues may proceed.

**IT IS SO ORDERED.**

|  |  | 0 | : | 0 |
|---|---|---|---|---|
|  | Initials of Preparer | kjt |  |  |